

**FILED**

MAR 28 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF COLUMBIA

Civil Case Number

Case: 1:07-cv-00599
Assigned To : Sullivan, Emmet G.
Assign. Date : 3/28/2007
Description: PEASE v. O...

JURY ACTION

## ORIGINAL COMPLAINT

**Rhett W. Pease** *in propria persona*
c/o 1032 PR 7039
Lexington, Texas 78947
Phone: (512) 253-0218

vs.

**OFFICE OF CHILD SUPPORT ENFORCEMENT OF THE UNITED STATES
OFFICE OF THE DIRECTOR, CECELIA BURKE, in her individual and official
Capacity**
370 L'Enfant Promenade, SW
Washington, DC 20447

and

**Office of the Attorney General
by serving GREG ABBOTT, TEXAS ATTORNEY GENERAL at:**
300 West 15th Street
Austin, Texas 78701

and

**COUNTY OF LEE
by serving the COUNTY JUDGE, EVAN GONZALES**
200 South Main
Giddings, Texas 78942

and

**RIQUE BOBBITT, who is being sued in his individual capacity as an attorney at**
105 East Main

Cameron, Texas 76520

and

JANELL PEASE, who is being sued in her individual capacity at:
530 A Cutty Trail
Lakeway, Texas 78734

and

TERRELL FLENNIKEN, aka, TERRY FLENNIKEN, who is being sued in his
individual and official capacity at:
100 East Main, Suite 305
Brenham, Texas 77803

and

ROBERT ORAZCO, who is being sued in his individual and official capacity as
an ASSISTANT ATTORNEY GENERAL at:
103 North Main
Bryan, Texas 77803

and

LISA TEINERT, who is being sued in her individual and official capacity as the
LEE COUNTY DISTRICT CLERK at:
289 South Main
Giddings, Texas 78942

and

LISA ANN HUBACEK, who is being sued in her individual and official capacity
as a Bar card attorney working for the ATTORNEY GENERAL at:
300 East 26th Street, Suite 116A
Bryan, Texas 77803

and

OFFICE OF THE SHERIFF, LEE COUNTY, TEXAS by serving JOE GOODSON at
424 South Main
Giddings, Texas 78942

## ORIGINAL COMPLAINT

This is a suit for injunctive, declaratory relief, and a request for damages against Defendants, as well as a criminal complaint against said Defendants for continuing acts, under color of law, which deprived and continue to deprive Plaintiff of rights secured under the Constitution and laws of the United States, for conspiring for the purpose of personal gain and impeding and hindering the due course of justice, with intent to deny Plaintiff equal protection of laws; and for refusing or neglecting to prevent such deprivations and denials to Plaintiff. The Court has jurisdiction of this action under 42 U.S.C. § 1983 and 28 U.S.C. § 1343 and 28 U.S.C. §§ 1331, 1332. The Court has further jurisdiction under 18 U.S.C. § 241 and 242 as well as Title 18, Chapter 25, §§ 513, 514.

Plaintiff, Rhett Webster Pease, is a white male inhabitant over the age of 21 who is a domiciled natural person in Texas, one of the several States. A diversity of citizenship is presented to this court in excess of $75,000, pursuant to 28 USC 1332. Defendant Office of Child Support Enforcement of the United States can be served by serving the Office of the Director, CECILIA BURKE, 370 L'Enfant Promenade, S.W. Washington, D.C. 20447.

Defendant Office of Attorney General of Texas, (hereinafter "OAG") may be served by serving GREG ABBOTT, at 300 W. 15th St., Austin, Texas 78701. At all times mentioned, Defendant OOCCSE and OAG conspired with the other defendants to deprive Plaintiff of rights.

Defendant, COUNTY OF LEE, has contracted with Defendants OOCSE and OAG for the enforcement of child support payments. Said Defendant can be served by

serving EVAN GONZALES, Lee County Judge at 200 South Main, Giddings, Texas 78942 . Said Defendant conspired with the other Defendants, by way of an inter-agency agreement with those Defendants, to deprive Plaintiff of rights. Defendant has a pecuniary interest in the underlying deprivations.

Defendant, RIQUE BOBBITT, is a citizen of the United States and uses a Social Security Number. Defendant can be served at 105 E. Main, Cameron, Texas 76520. Defendant (is certified by the Texas Supreme Court to practice law in the STATE OF TEXAS) holds a license from the State of Texas as an attorney. Defendant has a pecuniary interest in the underlying deprivations.

Defendant, JANELL PEASE, is a citizen of the United States, uses a Social Security Number and applies for benefits using same. Defendant has a pecuniary interest in the underlying deprivations. Defendant can be served at 530A Cutty Trail, Lakeway, Texas 78734.

Defendant, TERRELL FLENNIKEN, is a District Court Judge for the State of Texas and is a citizen of the United States and uses a Social Security number, and was at all times mentioned, operating under "Color of Law". Defendant can be served at 100 E. Main, Suite, 305, Brenham, Texas 77803. Flenniken is being sued in his official and individual capacity. Defendant has a pecuniary interest in the underlying deprivations. Plaintiff is not seeking financial damages against Flenniken in his official capacity.

Defendant, ROBERT ORAZCO, is an agent for the OAG, and is being sued in his individual and official capacity. Defendant can be served at 103 North Main St., Bryan, Texas 77803. Orozco has a pecuniary interest in the underlying deprivations

and has continually committed fraud against the Plaintiff in order to secure a judgment for his employer.

Defendant, LISA TEINERT, is the LEE COUNTY DISTRICT CLERK and is being sued in her individual and official capacity. At all times mentioned, Teinert acted under color of law to deprive Plaintiff of rights. Teinert at all times refused to list Plaintiff on the Docket Sheet and refuses, on her own and apparently without an order, to allow Plaintiff to file into the underlying State case, depriving Plaintiff of property and parenthood, and subjecting said Plaintiff to harassment and imprisonment. Defendant can be served at 289 South Main, Giddings, Texas 78942.

Defendant, LISA ANN HUBACEK, is an administrator hired and paid by the OAG to render judgments in his favor in exchange for employment. Hubacek has a pecuniary interest in the underlying deprivations and at all times acted under color of law. Defendant can be served at 300 E. 26th St., Suite 116A, Bryan Texas 77803.

Defendant, Office of Sheriff Lee County, Texas can be served by serving JOE GOODSON, Sheriff. At all times mentioned, all agents from the Office of Sheriff, acted under color of law. Defendant Goodson has a pecuniary interest in the underlying deprivations. Defendant can be served at the Sheriff's Office at 424 South Main, Giddings, Texas 78942.

### REQUEST FOR TEMPORARY INJUNCTION
### AND FEDERAL INVESTIGATION OF CRIMINAL COMPLAINT

Plaintiff requests that the Court issue an injunction preventing Defendants, County, and OAG from receiving any Title IV-D funds from OOCCSE while this case is pending, or until they can comply with federal regulations. Plaintiff alleges and can

show through discovery that the Defendants have conspired to make Plaintiff stand under a debt that does not exist, (hereinafter, "fictitious debt"). Further, Defendants have previously subjected Plaintiff to abuse, false arrest and imprisonment, as well as having filed numerous fraudulent securities against Plaintiff in violation of 18 U.S.C. § 241, and/or 18 U.S.C. § 242, and numerous violations of 18 U.S.C., Chapter 25 §§ 513, 514, all pursuant to collecting the fictitious debt. Defendants have used the mails and electronic means to attempt to collect on the fictitious debt using a fraudulent security.

If an immediate injunction is not issued against said County, OOCCSE and OAG, Plaintiff will be made to suffer what could be life imprisonment for the fictitious debt. Due to actions of Defendants, Plaintiff has no remedy at law.

## COUNT 1
## DENIED ACCESS TO THE LAW DUE TO CONFLICT OF INTEREST

At all times complained of, OOCCSE has promulgated the rules and regulations concerning Title IV-D payments, including the guidelines and safeguards that give rise to the payments, the rules and regulations of which are nationwide. The headquarters for said Defendant, OOCCSE, is Washington, D.C. In addition, to collect on court ordered child support, all payments into OOCCSE are made by Defendants, County, and OAG, either through the mails or electronically, in exchange for benefits, in the form of payments from OOCCSE.

At all times complained of, all of the judges and prosecutors are Bar card members and are licensed to practice private law. At no time mentioned has Plaintiff hired an attorney to represent him, nor does he hold a Bar card. As such he has been

excluded from the Court (even though the Court did not exclude **ANY** of the Plaintiff's property).

At all times complained of, Defendant Teinert has refused to issue subpoenas, refused to file motions for protection and refused to allow Plaintiff to file any papers into Cause Number 12360 -- a divorce action -- in the Lee County District Court, subsequent to an alleged verbal order from Flenniken.

On or about August 1, 2003, Plaintiff filed a motion to recuse Judge Harold Towslee for gender bias, a constitutional ground. Despite the fact that under Texas law, Towslee had to either 1) remove himself voluntarily, or 2) schedule an administrative hearing to contest the recusal, Towslee refused to recognize said motion and on August 4, 2003, without notice to Plaintiff, Towslee over-ruled said motion "sua sponte", and proceeded to issue numerous orders including a "Final Decree of Divorce". Evidence of the need to remove Towslee from this case is the "Final Decree of Divorce". Said decree was at all times the creation of Defendants Bobbitt and Janell Pease. Bobbitt created a scenario of Janell Pease being the "victim" of domestic abuse. Janell Pease had called and continues to call "law enforcement" and allege spousal abuse. Defendant Janell Pease has called said law enforcement over 60 times, yet not one time has Plaintiff ever been arrested nor charged with domestic violence. Defendant Janell Pease continues to promote this fraud.

The divorce order also states that Plaintiff must have a psychological evaluation for domestic violence. The standard of evidence which would allow the court to order Plaintiff to said evaluation is a protective order. No protective order ever issued against Plaintiff and no evidence of domestic violence exists. Plaintiff has had to

endure this defamation for three years. Bobbitt has not allowed Plaintiff to have access to his children in three years due to this fraud he perpetrated. Said actions are criminal and Bobbitt should be sanctioned accordingly. Bobbitt's actions are tantamount to abusive use of a Bar card.

In another case, Bobbitt was instrumental in having Plaintiff declared a vexatious litigant, the result of which has disabled Plaintiff in his efforts to exercise his right of access to a court of law. None of these actions could have been taken without Flenniken issuing orders to Teinert and, then Teinert engaging in these actions. Subsequent to Flenniken having declared Plaintiff a vexatious litigant, Plaintiff has been arrested multiple times and beaten – with no legal means of defending himself due to Flenniken's unlawful order and the unlawful interpretation of vexatious litigant. At all times all Defendants were aware of their duty to the Constitution and their duty to protect rights enumerated therein. Defendants have acted with premeditation, and under color of law, to deny Plaintiff access to any court. Said actions have resulted in Plaintiff being denied right and equal access to the law and his rights. The aforementioned actions were taken by or under the Texas Bar Association, and under color of law, with the intent to seize any or all of Plaintiffs rights, thereby, forcing Plaintiff into peonage.

As a result of their concerted unlawful and malicious abuse of Plaintiff, above mentioned Defendants intentionally, or with deliberate indifference and callous disregard of Plaintiff's rights, deprived Plaintiff of his right to equal protection of the laws and have impeded the due course of justice, in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States and 42 USC

Section 1983, 18 USC Sections 241 and/or 242.

WHEREFORE, Plaintiff, Rhett Webster Pease, demands judgment against Defendants -- Janell Pease, Teinert, Bobbitt and County, jointly and severally, for compensatory damages in an amount determined by a jury, and Plaintiff further demands judgment against each of said Defendants (except County), jointly and severally, for punitive damages in the amount of $500,000.00. Plaintiff additionally demands declaratory and protective relief from the vexatious litigant order (either allow Plaintiff to file and engage in his own defense, or do not issue any more process against Plaintiff), plus costs of this action and such other relief as the Court deems just and equitable.

## COUNT 2
## PERMANENTLY DENIED ALL PARENTAL RIGHTS
## WITHOUT DUE PROCESS

Plaintiff re-alleges the previous count, with the same force and effect as if fully stated herein.

By Teinert following Flenniken's unwritten order, Teinert, in violation of her duty, thereby denied Plaintiff the right to file into the alleged divorce action. Said process permanently precluded Plaintiff from ever seeing his children again. Yet the trial court was more than eager to continue to impress upon Plaintiff the duty to pay for children he will not ever see again. Without assistance from this Court, the Defendants will continue to deprive Plaintiff of his liberty until he pays the fictitious obligation. Plaintiff has no ability to pay said obligation and no evidence of any income to Plaintiff was presented at trial. Plaintiff was arrested without warrant for attending a school function at his child's school. Said actions have permanently and

irrevocably damaged both the Plaintiff and his children. Plaintiff is being held to the crime of family violence on the unverified motion by Bobbitt. Owing to the aforementioned actions, combined with the vexatious litigant title, Plaintiff has been permanently barred from exercising his parental rights. These actions smack of a conspiracy by the Defendants.

As a result of their concerted unlawful and malicious abuse of Plaintiff and his children, above mentioned Defendants intentionally, or with deliberate indifference and callous disregard of Plaintiff's rights, deprived Plaintiff of his right to equal protection of the laws and impeded the due course of justice, in violation of the Sixth and Fourteenth Amendments of the Constitution of the United States and 42 USC Section 1983, 18 USC Sections 241 and/or 242.

WHEREFORE, Plaintiff, Rhett Webster Pease, demands judgment against Defendants -- Janell Pease, Teinert, Bobbitt, Flenniken jointly and severally, for compensatory damages in an amount determined by a jury, and Plaintiff further demands judgment against each of said Defendants (except Flenniken), jointly and severally, for punitive damages in the amount of $1,500,000.00. Plaintiff additionally demands the return of his children and declaratory and protective relief from the vexatious litigant order (either allow Plaintiff to file, or do not issue any more process against Plaintiff), plus costs of this action and such other relief as the Court deems just and equitable.

### COUNT 3
### DENIED PROPERTY WITHOUT DUE PROCESS

Plaintiff re-alleges the previous counts, with the same force and effect as if fully

stated herein.

Owing to the denial of due process, including a hearing to Plaintiff, Plaintiff has been subjected to the forfeiture of all of his property including any means of transportation (a van) by order of the trial court in the alleged vexatious litigant suit, Plaintiff requested the use of his property -- property to which Plaintiff held clear title -- and Plaintiff requested that Flenniken return the property to Plaintiff.

Plaintiff could show that the person in possession for more than two years, did not ever file a lien and did not have a judgment as required to remain in possession. Plaintiff pleaded with Flenniken to be allowed transportation in order to support his children. Although Plaintiff was entitled to possession, Flenniken not only refused to allow Plaintiff the right to transportation, he ordered that Plaintiff not be allowed to ever file another lawsuit in the State of Texas, rewarded the grand theft by refusing to return Plaintiff's rightful property, and ordered Plaintiff to pay $1500 to the thief for stealing the property.

Plaintiff paid more than $35,000.00 for the van and in the stroke of a pen, said investment was taken, Plaintiff was penalized for asking for it's return, and Plaintiff was disabled from making a living.

As a result of the concerted, unlawful, and malicious abuse of Plaintiff, the above mentioned Defendants did intentionally, or with deliberate indifference and callous disregard of Plaintiff's rights, deprive Plaintiff of his right to eqal protection of the laws and his right to property; further, Defendants impeded the ue course of justice, in violation of the Fifth and Fourteenth Amendments of the Consution of the United States and 42 USC Section 1983, 18 USC Sections 241 and/or 2.

WHEREFORE, Plaintiff, Rhett Webster Pease, demands judgment against Defendants -- Janell Pease, Teinert, Bobbitt and County, jointly and severally, for compensatory damages in an amount determined by a jury, and Plaintiff further demands judgment against each of said Defendants (except County), jointly and severally, for punitive damages in the amount of $500,000.00. Plaintiff additionally demands declaratory and protective relief from the vexatious litigant order (either allow Plaintiff to file, or do not issue any more process against Plaintiff), plus costs of this action and such other relief as the Court deems just and equitable.

### COUNT 4
### FALSELY ARRESTED AND IMPRISONED FOR FICTITIOUS DEBT

Plaintiff re-alleges the previous counts, with the same force and effect as if fully stated herein.

As a result of their concerted, unlawful, and malicious abuse of Plaintiff, the above mentioned Defendants did intentionally, or with deliberate indifference and callous disregard of Plaintiff's rights, falsely imprison Plaintiff for 5 days based on the fictitious debt, in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States and 42 USC Section 1983, 18 USC Sections 241 and/or 242.

WHEREFORE, Plaintiff, Rhett Webster Pease, demands judgment against Defendants -- Janell Pease, Teinert, Bobbitt, Orozco, OAG, Hubacek and County, jointly and severally, for compensatory damages in an amount determined by a jury, and Plaintiff further demands judgment against each of said Defendants (except County), jointly and severally, for punitive damages in the amount of $1,500,000.00.

Plaintiff additionally demands declaratory and protective relief from the fictitious obligation. Plaintiff further requests this court to allow Plaintiff a passport, plus costs of this action and such other relief as the Court deems just and equitable.

## COUNT 5
### SUBJECTED TO CRUEL AND UNUSUAL PUNISHMENT

Plaintiff re-alleges the previous counts, with the same force and effect as if fully stated herein.

As a result of their concerted, unlawful, and malicious abuse of Plaintiff, above mentioned Defendants intentionally, or with deliberate indifference and callous disregard of Plaintiff's rights, deprived Plaintiff of his right to equal protection of the laws and impeded the due course of justice, in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States and 42 USC Section 1983, 18 USC Sections 241 and/or 242.

WHEREFORE, Plaintiff, Rhett Webster Pease, demands judgment against Defendants -- Janell Pease, Teinert, Bobbitt and County, jointly and severally, for compensatory damages in an amount determined by a jury, and Plaintiff further demands judgment against each of said Defendants (except County), jointly and severally, for punitive damages in the amount of $500,000.00. Plaintiff additionally demands declaratory and protective relief from the vexatious litigant order (either allow Plaintiff to file, or do not issue any more process against Plaintiff), plus costs of this action and such other relief as the Court deems just and equitable.

## COUNT 6
### DENIED THE RIGHT TO PARTICIPATE IN COMMERCE AND TO CONTRACT

Plaintiff re-alleges the previous counts, with the same force and effect as if fully stated herein.

At all times mentioned, Janell Pease, Bobbitt, Flenniken and Teinert operating for the County, did then and there subject Plaintiff to an abrogation of his right to contract. Said order holds Plaintiff to a crime that was never alleged and for which no evidence exists, that of family violence. Defendants have refused to admit or rectify said situation due to the vexatious litigant label and are holding Plaintiff to a non existent crime. Said actions are cruel and unusual.

As a result of their concerted, unlawful, and malicious abuse of Plaintiff, above mentioned Defendants did intentionally, or with deliberate indifference and callous disregard of Plaintiff's rights, deprive Plaintiff of his right to equal protection of the laws and impeded the due course of justice, in violation of the Eight and Fourteenth Amendments of the Constitution of the United States and 42 USC Section 1983, 18 USC Sections 241 and/or 242.

WHEREFORE, Plaintiff, Rhett Webster Pease, demands judgment against Defendants -- Janell Pease, Teinert, Bobbitt, Flenniken and County, jointly and severally, for compensatory damages in an amount determined by a jury, and Plaintiff further demands judgment against each of said Defendants (except County), jointly and severally, for punitive damages in the amount of $500,000.00. Plaintiff additionally demands the return of his children and complete custody of same pursuant to the agreed parenting agreement, plus costs of this action and such other relief as the Court deems just and equitable.

### Count 7 FRAUDULENT FILING BY HUBACEK

On or about December 4th, 2006, LISA ANN HUBACEK did then and there execute an order that stated that, "RHETT WEBSTER PEASE has been requested to produce, at or prior to said hearing:....", when the record reflects that service of the underlying motion was made on January 17, 2007. HUBACEK knew that she was executing a fraudulent document and later issued a Capias for a $5,000.00 all cash bond without a hearing without notice. The underlying motion gives 50 days from service to produce the requested items. At no time did Plaintiff have any items responsive to their request and HUBACEK has committed extortion in order to force Plaintiff into peonage.

WHEREFORE, Plaintiff, Rhett Webster Pease, demands judgment against Defendants -- HUBACEK, ORAZCO, FLENNIKEN, TEINERT, AND OAG, jointly and severally, for compensatory damages in an amount determined by a jury, and Plaintiff further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $375,000.00. Plaintiff additionally demands the return of the property that one certain $5,000.00, to it's rightful owner, plus costs of this action and such other relief as the Court deems just and equitable.

## CONCLUSION

At all times mentioned the Defendants have refused to allow Plaintiff the right to see his children and have held him to a non-existent protective order. Plaintiff is paying the ultimate penalty for a crime for which he has not been accused. In addition Plaintiff is being denied any and all access to the Courts without any legal justification, merely political will. Said actions have deprived him of his unalienable rights and are in violation of his religious beliefs. Said religious beliefs override any

and all agency code.

Plaintiff demands his parental rights be restored and he be made whole.

Executed under the pains and penalties of perjury,

_____
Rhett W. Pease, *in propria persona*
1032 PR 7039
Lexington, Texas 78947
(512) 253-0218

STATE OF TEXAS § 
§ s.s.
COUNTY OF LEE §

### CONTRACT FOR CUSTODY

ON THIS THE 25TH DAY OF NOVEMBER, 2003, Rhett Webster Pease and Janell Pease (hereinafter "parents"), hereby enter into this contract for custody of the children herein described as Zacharee Clinton Larsen, Webster Cameron Pease, and Brennan Cutler Pease (hereinafter "children") and both Rhett Webster Pease and Janell Pease do hereby contract with each party that:

Each party will have a 50%/50% interest in the children of the marriage listed above. This contract is entered into willingly by both parents of the children.

In exchange for the participation in this contract, both parents agree to do their best in order to support said children and agree to determine what is in the interest of the three children exclusive of the State of Texas. It is declared that none of the children are wards of the state and that the parents of the children are to determine the fate of said children.

In exchange for the participation of the parents in this contract, it is hereby decreed that the parties of Janell Pease and Jane Moon will be held harmless for any criminal or civil violation of State Statute.

Further, in exchange for participation in this contract Rhett Webster Pease will not be subject to any further interference by police, sheriff's or any other law enforcement agency of the State of Texas concerning the custody of his children.

This contract is a Common Law contract and is not subject to any statute or code of the State of Texas.

Any legitimate act of violence, including the threat of arrest by either parent will subject this contract to be void and any parent initiating said act of violence hereby waives his or her right to custody of the children.

Should any law enforcement official be called wherein no violence occurred, the violating party waives their right to enforce this contract.

In exchange for an equal share of the custody of the children, each parent, but in particular the father of the children will provide whatever means necessary for the support of the children and in particular will provide for the mother of the children the ability to educate and employ herself for the good of the children.

Along with the signing of this document, the father in good faith provides to the mother, $200.00 as evidence of consideration of the contract.

This contract is valid only so long as both parents keep all of the children in Texas.

_____
Rhett Webster Pease, parent

_____
Janell Pease, parent

SWORN TO and SUBSCRIBED before me by the undersigned authority on the 25th day of November, 2003.

(SEAL)


JERRI L. LAMB
Notary Public, State of Texas
My Commission Expires
October 14, 2007

NOTARY IN AND FOR THE STATE OF TEXAS

JUN 07 2006


LISA TEINERT
DISTRICT CLERK
LEE COUNTY, TEXAS

NCP Name: *RHETT WEBSTER PEASE*
CP Name: *JANELL PEASE*
OAG Number: **0010460611**

CAUSE NUMBER <i>12380</i>

| | | |
|---|---|---|
| IN THE INTEREST OF | § | IN THE *21ST DISTRICT COURT* |
| *WEBSTER C PEASE* | § | |
| *BRENNAN C PEASE* | § | OF |
| CHILDREN | § | *LEE* COUNTY, TEXAS |

<b>ORDER TO APPEAR AND SHOW CAUSE</b>

On this date the application for hearing on the matters presented in the pleading on file in this cause was presented to the Court.

This matter has been referred to the Associate Judge appointed pursuant to Texas Family Code Chapter 201, Subchapter B.

The Court ORDERS *RHETT WEBSTER PEASE* to appear, before this Court *LEE COUNTY DISTRICT COURT BUILDING, 289 MAIN, GIDDINGS, TX* on the 2nd day of February, 2007, at 9:00 o'clock A.M., and to respond to the pleading served with this order. **Failure to appear as ordered may result in issuance of a Capias for the arrest of *RHETT WEBSTER PEASE*, entry of a default order, or both.** The Court ORDERS the clerk of this court to cause a copy of this order and the pleading to be served on *RHETT WEBSTER PEASE*.

*RHETT WEBSTER PEASE* has been requested to produce, at or prior to said hearing: (a) his IRS federal tax returns for the past two years with all schedules included with the returns and all W-2s and 1099s attached to such returns, (b) any and all W-2 statements, all 1099s, and all documents showing income received by Respondent from any source for the two tax years preceding the date of filing of this action, (c) all payroll stubs, vouchers, records of commissions and all other written records or evidence of income received by him within the last six months, (d) the most recent Social Security Administration Form SSA-7005, showing his income history, sent to him three months before his last birthday, (e) statements of accounts for all checking or saving accounts in which he has held an interest within the last six months, (f) all evidence (policies, premium schedules, records of premiums paid, etc.) of health insurance available at his place of employment that may provide coverage for dependent children, (g) copies of loan applications made within the last six months, (h) current statement of benefits and account balances for all retirement, pension, or profit-sharing plans in which the respondent has accrued or may accrue benefits, regardless if such benefits have vested, including but not limited to employer- or union-sponsored defined benefit or defined contribution plans and individual retirement accounts (IRAs), and (i) summary plan description of all retirement, pension, or profit-sharing plans in which the respondent has accrued or may accrue benefits, regardless if such benefits have vested.

Signed this 4th day of December, 2006

_____
ASSOCIATE JUDGE PRESIDING

07-599
EGS

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Rhett Webster Pease | Office of Child Support Enforcement, ET AL |
| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  LEE (EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  11001 (IN U.S. PLAINTIFF CASES ONLY) NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) RW Pease Attorney in Law 1032 PR 7039 Lexington, TX 78947 | ATTORNEYS (IF KNOWN) Case: 1:07-cv-00599 Assigned To : Sullivan, Emmet G. Assign. Date : 3/28/2007 Description: PEASE v. OCSE |

**II. BASIS OF JURISDICTION** (PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ○ 3 Federal Question (U.S. Government Not a Party)
- ○ 2 U.S. Government Defendant
- ● 4 Diversity (Indicate Citizenship of Parties in item III)

**III CITIZENS FOR PLAINTIFF AND ONE BOX FOR DEFENDANT (FOR DIVERSITY CASES ONLY)**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ● 4 |
| Citizen of Another State | ● 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

| ○ **A.** *Antitrust* | ○ **B.** *Personal Injury/ Malpractice* | ○ **C.** *Administrative Agency Review* | ○ **D.** *Temporary Restraining Order/Preliminary Injunction* |
|---|---|---|---|
| ☐ 410 Antitrust | ☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Medical Malpractice<br>☐ 365 Product Liability<br>☐ 368 Asbestos Product Liability | ☐ 151 Medicare Act<br>**Social Security:**<br>☐ 861 HIA ((1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g)<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)<br>**Other Statutes**<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 890 Other Statutory Actions (If Administrative Agency is Involved) | Any nature of suit from any category may be selected for this category of case assignment.<br><br>*(If Antitrust, then A governs)* |

○ **E.** *General Civil (Other)*   OR   ○ **F.** *Pro Se General Civil*

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☒ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
◉ 1 Original Proceeding   ○ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
42 USC 1983 AND ABROGATION OF CONTRACT SUIT.

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   DEMAND $ _____   JURY DEMAND:   Check YES only if demanded in complaint   YES ☒   NO ☐

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE 3/23/07   SIGNATURE OF ATTORNEY OF RECORD   *Attorney in Law*

3/28/07

INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.