IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RHETT W. PEASE, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. 1:07-cv-00599-EGS |
| § | |
| OFFICE OF CHILD SUPPORT § | |
| ENFORCEMENT, LEE COUNTY § | |
| TEXAS, OFFICE OF THE ATTORNEY § | |
| GENERAL OF TEXAS, JANELL § | |
| PEASE, RIQUE BOBBITT, LISA § | |
| TEINERT, TERRELL FLENNIKEN, § | |
| ROBERT ORAZCO, OFFICE OF THE § | |
| SHERIFF, LEE COUNTY, TEXAS, LISA § | |
| ANN KUBACEK. § | |
| § | |
| Defendants. § | |

**MOTION TO ENLARGE TIME AND MEMORANDUM IN SUPPORT
FOR LEE COUNTY DEFENDANTS TO ANSWER OR
<u>OTHERWISE RESPOND TO COMPLAINT</u>**

Defendants Lee County, Texas ("Lee County"), Lisa Teinert ("Tienert"), and Office of the Sheriff, Lee County, Texas ("Lee County Sheriff") (Lee County, Tienert and Lee County Sheriff hereinafter collectively referred to as "Lee County Defendants") file this Motion to Enlarge Time and Memorandum in Support for Lee County Defendants to Answer or Otherwise Respond to the Complaint, as authorized by Federal Rule of Civil Procedure 6(b).

<u>Introduction</u>

1.  Plaintiff is Rhett Webster Pease ("Plaintiff" or "Pease"); Defendants are Office of Child Support Enforcement, Lee County, Texas, Office of the Attorney General of Texas, Janell Pease, Rique Bobbitt, Lisa Teinert, Terrell Flenniken, Robert Orazco, Office of the Sheriff, Lee County, Texas, and Lisa Ann Kubacek (collectively "Defendants").

2.      Plaintiff has sued Defendants for injunctive and declaratory relief, as well as damages for alleged violations of various constitutional rights, including denial of access to courts, denial of due process, false arrest and imprisonment, cruel and unusual punishment, and equal protection violations.

3.      Lisa Tienert was served with a copy of the complaint by Plaintiff's mother on June 8, 2007 at approximately 11:40 a.m. On June 12, 2007, a "corrected" complaint was served on Tienert by Plaintiff's nephew. The County Judge of Lee County, Evan Gonzales, was served with a copy of the complaint on or about June 12, 2007. The exact time of service of the complaint on the Lee County Sheriff is unknown and a return of service has not yet been filed for any of the Defendants. For purposes of this motion it is assumed that the Lee County Sherriff was served at the same time as Tienert. Therefore, the Lee County Defendants must file a response to the complaint by June 28, 2007.

4.      The present suit already has a history. The docket report shows that the complaint was originally filed on or about March 28, 2007. Plaintiffs have subsequently filed and/or served the Lee County Defendants with: a Notification of Supplemental Authority, an application for an emergency Writ of Certiorari directed to Tienart, a Notice of Probable Contempt of Federal Jurisdiction, as well as a motion for removal and joinder of various state claims, which includes a Motion for Enforcement of Child Support Order (*In re Webster C. Pease and Brennan C. Pease*, in the 21st District Court of Lee County, Texas, Cause No. 12380). In addition, Defendants are aware of a Texas State Court Order, dated January 2, 2004 in which Plaintiff was declared a vexatious litigant. *See* Order in Cause No. 12527, attached hereto as Exhibit "A." In light of the numerous documents already on file with the Court, as well as the multiple alleged constitutional violations contained within the complaint, the Lee County Defendants are currently studying the

legitimacy of service, important jurisdictional issues, and anticipate filing a comprehensive motion to dismiss.

5. The Lee County Defendants filed this motion to enlarge time as soon as they became aware of the need for additional time and before the deadline.

### Argument

6. The court may grant a request for an extension for time for "cause shown." FED. R. CIV. P. 6(b).

7. The Lee County Defendants request an extension of time to ensure receipt of all documents on file with the Court, assess the status of each motion currently on file with the Court, study the legitimacy of service on Defendants, research important jurisdictional issues, and to draft a comprehensive motion to dismiss or answer to the complaint.

8. Therefore, the Lee County Defendants ask the court to extend the deadline until July 20, 2007.

9. The Lee County Defendants request for an extension of time is for cause shown, is filed in good faith, and is not intended to delay these proceedings. *See* FED. R. CIV. P. 6(b).

10. The Lee County Defendants have attempted, but have been unable to contact Plaintiff at the number given by Plaintiff in his original complaint in order to request additional time to respond. The Lee County Defendants have no other contact information or information as to Plaintiffs whereabouts in order to facilitate a joint conference on this motion.

### Conclusion

3. For these reasons, the parties ask the Court to extend the time for Defendants to Answer or otherwise respond to Plaintiffs' Complaint until July 20, 2007.

**MOTION TO ENLARGE TIME FOR LEE COUNTY DEFENDANTS**
**TO ANSWER OR OTHERWISE RESPOND TO COMPLAINT**                                  Page 3
402916

Respectfully submitted,

By: _____
S. Cass Weiland
Texas State Bar No. 21081300
Admitted to Practice in D.D.C. 1975

PATTON BOGGS, LLP
2001 Ross Avenue, Suite 3000
Dallas, Texas 75201
Telephone: (214) 758-1500
Facsimile: (214) 758-1550

**ATTORNEY FOR LISA TIENERT, LEE COUNTY, TEXAS, AND OFFICE OF THE SHERIFF, LEE COUNTY, TEXAS**

## CERTIFICATE OF CONFERENCE

This is to certify that we attempted to confer with Plaintiff prior to submitting this motion but received no response.

_____
S. Cass Weiland

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing document has been forwarded to Plaintiff at the following known address via certified mail, return receipt requested on this the 21st day of June, 2007.

Rhett W. Pease
1032 PR 7039
Lexington, Texas 78947

_____
S. Cass Weiland.

CAUSE NO. 12,527

| | | |
|---|---|---|
| RHETT WEBSTER PEASE<br>Plaintiff, | § § § | IN THE DISTRICT COURT |
| V. | § § | LEE COUNTY, TEXAS |
| JAMES R. NICKELATTI, and BRANTLEY ROSS PRINGLE, JR.<br>Defendants. | § § § § | 335ST JUDICIAL DISTRICT |

### ORDER

Came on this date to be heard Plaintiff Rhett Webster Pease's Application for Temporary Restraining Order, Defendants' Motion to Transfer Venue and Motion to Deem Plaintiff a Vexatious Litigant, subject to Defendants' Motion to Transfer Venue. All parties to the suit appeared in person or through counsel of record. The Court, having considered the above application and motions, the evidence offered and introduced at the hearing and the argument of counsel, makes the following findings and issues the following orders.

The Court notes that, with respect to Defendants' Motion to Transfer Venue, the parties waived the requirement of Texas Rule of Civil Procedure 87.1 requiring 45 days notice of a hearing on the Motion to Transfer Venue. Based on the parties' agreement in open court, the Court granted leave to hear the Motion to Transfer Venue on December 12, 2003. In light of the other findings and orders herein, the Court DENIES Defendants' Motion to Transfer Venue as moot.

Plaintiff's Application for a Temporary Restraining Order is DENIED.

Defendants' Motion to Deem Plaintiff Rhett Webster Pease a vexatious litigant is GRANTED.

On the Motion of Defendants, the Court enters an Order pursuant to Section 11.101 of the Texas Civil Practice and Remedies Code. Accordingly, the Court hereby PROHIBITS Rhett Webster Pease from filing, in propria persona, any further litigation in a court in this state

FILED JAN 5 2004 9:30AM
DISTRICT CLERK
LEE COUNTY, TEXAS

EXHIBIT A

VOLUME 71 PAGE 898

unless the local administrative judge of the court in which Rhett Webster Pease intends to file further litigation has granted permission to Rhett Webster Pease under Texas Civil Practice and Remedies Code Section 11.102 to file future litigation.

The Court further warns and advises Rhett Webster Pease that disobedience of this pre-filing Order under Chapter 11 of the Texas Civil Practice and Remedies Code shall be punishable as a contempt of Court.

The Court, on its own initiative and after notice and hearing, finds that the above captioned lawsuit is groundless and brought in bad faith or groundless and brought for purposes of harassment in violation of Texas Rule of Civil Procedure 13.

The Court, pursuant to Texas Rules of Civil Procedure 13 and 215.2(b) ORDERS and imposes the following sanctions to be imposed on Plaintiff Rhett Webster Pease:

  a. The Court dismisses with prejudice this lawsuit.

  b. All court costs are hereby taxed against Rhett Webster Pease, for which let execution issue if not timely paid;

  c. Plaintiff Rhett Webster Pease shall pay reasonable attorneys' fees to Defendant Jim Nickelatti in the amount of One Thousand Five Hundred Dollars and NO/100 ($1,500.00) incurred in this suit, which the Court finds are reasonable and necessary as a result of Plaintiff's filing this lawsuit in violation of Rule 13. Said attorneys' fees shall be paid on or before _March 31, 2004_.

The Court finds that good cause exists for imposition of the above referenced sanctions against Plaintiff Rhett Webster Pease. The Court finds that this is the fourth lawsuit Plaintiff has brought against Defendant Nickelatti, Defendant Pringle or some combination of said Defendants and that all four lawsuits arise out of the same set of operative facts. Further, the

Court finds that this lawsuit is groundless and barred by the doctrine of res judicata and/or collateral estoppel. The Court finds that Plaintiff's selection of Lee County to file this lawsuit and the allegations in Plaintiff's original action and application for temporary restraining order and temporary injunction that "venue is proper and that all acts complained of took place in Lee County, Texas" is false, fraudulent and contradicted by Plaintiff's allegations in the prior lawsuits arising out of this dispute that the acts complained of took place in Travis County, Texas. The Court finds that Plaintiff Rhett Webster Pease's repeated attempts to relitigate this dispute in multiple counties is an attempt to harass Defendants.

SIGNED this 2 day of _____, 2004.

TERRY FLENNIKEN, JUDGE PRESIDING

APPROVED AS TO FORM:

Rhett Webster Pease
P. O. Box 255
Lexington, Texas 78947

_____
Rhett Webster Pease

_____
Brantley Ross Pringle, Pro Se
and as Attorney for Jim Nickelatti
WRIGHT & GREENHILL, P.C.
221 West 6th Street, Suite 1800
Austin, Texas 78701
(512) 476-4600
(512) 476-5382 fax

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| RHETT W. PEASE, | § | |
| Plaintiff, | § § § | |
| v. | § § | CIVIL ACTION NO. 1:07-cv-0059-EGS |
| OFFICE OF CHILD SUPPORT ENFORCEMENT, LEE COUNTY TEXAS, OFFICE OF THE ATTORNEY GENERAL OF TEXAS, JANELL PEASE, RIQUE BOBBITT, LISA TEINERT, TERRELL FLENNIKEN, ROBERT ORAZCO, OFFICE OF THE SHERIFF, LEE COUNTY, TEXAS, LISA ANN KUBACEK. | § § § § § § § § § § | |
| Defendants. | § § | |

## ORDER ON LEE COUNTY DEFENDANT'S MOTION TO ENLARGE TIME

After considering Defendants Lee County, Texas, Lisa Tienert, and Office of the Sheriff, Lee County, Texas's (collectively "Lee County Defendants") Motion to Enlarge Time and Memorandum in Support to answer or otherwise respond to the complaint filed by Plaintiff, Rhett W. Pease ("Plaintiff"), the Court finds there is cause to enlarge the time to answer or otherwise respond to Plaintiff's complaint. Therefore, the Court GRANTS the request to enlarge time until July 20, 2007.

SIGNED on _____, 2007.

_____
U.S. DISTRICT JUDGE