RECEIVED
JUL 0 2 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Rhett Webster Pease, | } |
| | } |
| v. | } CIVIL ACTION NO. 1:07-CV-00599-EGS |
| | } |
| OFFICE OF CHILD SUPPORT ENFORCEMENT, LEE COUNTY TEXAS, OFFICE OF THE ATTORNEY GENERAL OF TEXAS, JANELL PEASE, RIQUE BOBBITT, LISA TEINERT, TERRELL FLENNIKEN, ROBERT ORAZCO, OFFICE OF THE SHERIFF LEE COUNTY, TEXAS, LISA ANN HUBACEK | } } } } } } } } } |

**PLAINTIFF OBJECTION TO DEFENDANT LEE COUNTY MOTION TO ENLARGE TIME FOR LISA TEINERT WITH SUPPORTING MEMORANDUM AND AFFIDAVIT**

**BACKGROUND**

This is a suit intended to show that Lee County and its courts engage in commerce in the form of contracts and interagency agreements. Said County and the court officers have a pecuniary interest in the outcome of the Master court. Pease has never been afforded a hearing on the matter of child support. Pease, in the last deprivation, was served with Citation by Teinert and then refused the right to file an answer into the contempt case. No lawful orders to appear were in place, yet Lee County and the court officers continued to arrest Pease, hold him beyond the limits of any statute and threaten an additional 2 months in jail without any evidence. This is a wide departure from any statute and was intended to place, and has placed Pease in a position of peonage.

Lee County and the court officers receive federal funding through the Department of Health and Human Services, said funding is contingent on meeting federal guidelines. It is clear that not only do the officers of the court blatantly ignore legislative mandate, they

obviously claim that federal jurisdiction is subservient to them.

## FACTS

Pease can show that Lisa Teinert received notice of this instant suit with a complaint and a waiver of summons on April 4, 2007. See attached waiver of summons and postal certification.

Teinert refused to do her duty, waive the summons, and in fact proceeded ahead in the ongoing child support case. Teinert was served with Notice of Removal to Federal Court, Plaintiff Notice of Removal and Joinder and refused to honor said documents.

Pease, after ten days of incarceration, was taken before the associate judge, Hubacek, and ordered by her to prove federal jurisdiction. The Notice of Removal and Plaintiff Notice of Removal and Joinder were shown as evidence to the associate judge, the pertinent Federal Rules of Civil Procedure were read to her and Hubacek refused to recognize the removal and was ordered to jail until July 27, 2007, to report for a hearing on the proof of federal jurisdiction.

Teinert, knowingly, willingly and with zeal, proceeded ahead with the incarceration of Pease, in complete contempt for federal jurisdiction.

Teinert has refused to recognize this federal suit and has refused to remove the underlying suit in violation of her ministerial duty.

Pease has incurred a $10,000.00 charge, plus other costs, in order to prosecute this case because the defendant Teinert refused to recognize federal jurisdiction.

The original divorce decree was signed by a judge who had been disqualified and refused to allow a hearing on the disqualification. Pease can rely on the fact that, by operation of law, said order is void.

At no time has Pease ever agreed to said contract and the Attorney General cannot show

that Pease has at any time during this divorce ever used a Social Security number. Janell Pease claimed that the number used in this case was community property and that is why she had the right to use it. It was a no time used with Pease permission or understanding. Said number has been used numerous times by the Lee County defendant, without Pease acquiescence or permission or understanding.

The defendants in this case of child support, cannot show any valid child support order. Defendants in this case have, at all times, ignored the guidelines of family law and refused to acknowledge or enforce a voluntary agreement and contract between the two parties.

## ARGUMENT AND MEMORANDUM

Teinert has at all times, shown contempt for Pease and this court, by refusing to recognize federal jurisdiction. By refusing to file the answer (an apology amounting to inability to purge contempt) of Pease after issuing citation, Teinert and her deputies completely denied Pease any defense or presence in the court. Pease claims the affirmative defenses of void judgment, diversity of citizenship and inability to pay as well as official oppression, yet he cannot exercise these defenses without the ability to file into the court. If one cannot sue, can one be sued? The answer is no. Teinert along with Flenniken, Hubacek and Orazco issued an order for capias in violation of Texas Family Code 157.062, by holding a hearing (16) sixteen days after the service of citation. The citation and the statute claim that a defendant is afforded until the Monday after 20 days of personal service. Said hearing also violated the TRCP, and the motion itself states the fact that discovery was served with the citation and gave Pease 50 days to respond. Citation was served on January 17, 2007. Hearing was held on February 2, 2007.

Pease was denied the right to present evidence by the violations of the defendants of the Texas Family Code 57.006, by denying evidence to support an affirmative defense by Pease to be filed. Did this not also deny the court in personam jurisdiction? The answer is yes.

Pease can show that the appellate court in this matter, while refusing to allow the family to reconcile as per the agreed contract between the two parties, declared Pease indigent. Although, the decision was in direct contradiction of the mandate of the family code, the alleged divorce decree, and the stated intentions of the STATE OF TEXAS, the uncontested appeal was denied. The appellate court argued, without the benefit of any appellee brief, that the disqualified judge, Towslee, should only be held to the standard of recusal without any hearing.

The original judge, Towslee, retracted the first capias issued by this court after receiving the affidavit by Pease that is filed into the record that Pease did not stand under any Social Security number. Said number belongs to the United States Government and Pease in no way claims any benefit from said government.

At the most recent hearing on June 8, 2007, Pease was again declared indigent, this time by Hubacek. In the hearing the previous year, Hubacek stood under a Social Security number for Pease against the evidence presented in the court and outside the scope of her authority. After having determined Pease to be indigent, Hubacek ordered Pease to remain incarcerated until July 27, 2007, at which time she was going to find him in contempt, and charge and him an additional six months in jail. All this without any default judgment or evidence that Pease had the ability to pay and/or refused to pay. Again, this is evidence of the extreme prejudice against and lack of due process concerning Pease. Pease is suffering the pains and penalties of guilt without any evidence supporting said claim of the Lee County

defendants.   All the Lee County defendants are in violation of Texas Family Code 157.101, 157.101, 157.114, and any and all due process mandated by the Texas Legislature.

## CONCLUSION

Because Teinert has refused to comply with the waiver of summons and has refused to remove the underlying suit to federal jurisdiction, as required by law, and continues to deprive Pease of due process guaranteed to him by the Constitution of the United States and the Texas Constitution, and the egregious manner in which Teinert defies the written laws of Texas and the Texas Rules of Court, the court should deny Teinert an extension of time,

Respectively,

_____
Rhett Webster Pease
1032 PR7039
Lexington, Texas [78947]
(512) 253-0218

Certificate of Service

A True and correct copy of this motion has been mailed to the following, on this the 28th day of 2007, by first class mail.

PATTON BOGGS
2001 Ross Avenue, Suite 3000
Dallas, Texas 75201

_____
Rhett Webster Pease

Rhett Webster Pease
1032 PR 7039
Lexington, Texas 78947

7006 0100 0003 6681 9188

April 4, 2007

TO: Lisa Teinert, 289 South Main, Giddings, Texas, 78942

I acknowledge receipt of your request that I waive service of summons in the action of Rhett W. Pease v. Cecilia Burke, et al, cause number 1:07-cv-00599-EGS in the United States District Court for the District of Columbia. I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I be served with judicial process in the manner provided by Rule 4.

I will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based upon a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me if an answer or motion under Rule 12 is not served upon you within 60 days after April 4, 2007, or within 90 days after that date if the request was sent outside of the United States.

_____    _____
Date                          Signature

                              Lisa Teinert, District Clerk
                              Lee County Texas



Home | Help

Track & Confirm

# Track & Confirm

## Search Results

Label/Receipt Number: **7006 0100 0003 6681 9188**
Status: **Delivered**

Your item was delivered at 9:54 AM on April 5, 2007 in GIDDINGS, TX 78942.

( Additional Details > )  ( Return to USPS.com Home > )

**Track & Confirm**
Enter Label/Receipt Number.

## Notification Options

**Track & Confirm by email**
Get current event information or updates for your item sent to you or others by email. ( Go > )

---



POSTAL INSPECTORS       site map   contact us   government services   jobs   **National & Premier Accounts**
Preserving the Trust              Copyright © 1999-2004 USPS. All Rights Reserved. Terms of Use   Privacy Policy

http://trkcnfrm1.smi.usps.com/PTSInternetWeb/InterLabelInquiry.do        4/9/2007