IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| RHETT W. PEASE, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 1:07-cv-00599-EGS |
| OFFICE OF CHILD SUPPORT ENFORCEMENT, LEE COUNTY TEXAS, OFFICE OF THE ATTORNEY GENERAL OF TEXAS, JANELL PEASE, RIQUE BOBBITT, LISA TEINERT, TERRELL FLENNIKEN, ROBERT ORAZCO, OFFICE OF THE SHERIFF, LEE COUNTY, TEXAS, LISA ANN KUBACEK. | § § § § § § § § § § § § | |
| Defendants. | § | |

## LEE COUNTY DEFENDANTS' MOTION TO DISMISS
## AND MEMORANDUM IN SUPPORT

Pursuant to Federal Rule of Civil Procedure 12(b)(2), 12(b)(3), and 28 U.S.C. § 1406(a), Defendants Lee County, Texas ("Lee County"), Lisa Teinert ("Tienert"), and the Office of the Sheriff, Lee County, Texas ("Lee County Sheriff") (collectively the "Lee County Defendants"), by and through their undersigned counsel, file this Motion to Dismiss and respectfully request that this case be dismissed against each of them for the reasons stated herein, and respectfully show the Court as follows:

## I.
## INTRODUCTION

Plaintiff, Rhett W. Pease ("Plaintiff" or "Pease"), a Texas resident,[1] filed his Petition in the United States District Court for the District of Columbia on or about March 28, 2007 against

---

[1] Plaintiff admits in his First Amended Petition, ¶ 8, that he is a "Citizen of Texas," an "inhabitant of Texas," and is "domiciled in Lee County Texas."

Lee County, Texas and a number of other County officials and individuals as well as the Attorney General of Texas. Plaintiff alleges that Defendants have violated his constitutional rights, including a denial of access to courts, denial of due process, false arrest and imprisonment, cruel and unusual punishment, and denial of equal protection. For such violations, Plaintiff seeks actual and punitive damages.

Apparently, Plaintiff seeks the District of Columbia Court's involvement because of problems Plaintiff has had with state court proceedings that occurred in Texas.[2] Specifically, Plaintiff's claims arose out of divorce and child support proceedings between Plaintiff and his former spouse, Janell Pease, and Plaintiff's dealings with state court officials in Texas during the course of those proceedings. However, because this court lacks personal jurisdiction over the Lee County Defendants, and because venue in this Court is improper, the Lee County Defendants now move for dismissal.

## II.
## ARGUMENTS AND AUTHORITIES

Under Rule 12(b)(2), a court may dismiss a case if the Plaintiff fails to establish personal jurisdiction over each individual defendant. *See* FED. R. CIV. P. 12(b)(2). In order to meet this burden, the Plaintiff must allege specific facts on which personal jurisdiction may be based; he cannot rely on conclusory allegations. *See GTE New Media Services, Inc. v. Ameritech Corp.*, 21 F. Supp.2d 27, 36 (D.D.C. 1998), remanded on other grounds sub nom., *GTE New Media Services, Inc., v. BellSouth Corp.*, 199 F.3d 1343 (D.C. Cir. 2000); *Comsat Corp. v. Finshipyards*

---

[2] This is not the first time Plaintiff or his family members, despite being Texas residents, have sought relief in District of Columbia courts. Plaintiff's mother, Dessie Maria Webster previously sought relief for similar causes of actions arising from Texas state court matters in the District of Columbia, and Plaintiff also previously brought a claim against the United States and other defendants in the District of Columbia district court. *See Andrews v. County of Burnet*, Case No. 1:04-CV-01163 (D.D.C. 2004); *Pease v. United States v. America*, Cause No. 06-0539 (D.D.C. 2006). Both cases were dismissed on jurisdictional grounds.

*S.A.M.*, 900 F.Supp. 515, 520 (D.D.C. 1985). Moreover, a plaintiff cannot aggregate factual allegations concerning multiple defendants in order to demonstrate personal jurisdiction over any individual defendant. *See Rush v. Savchuk*, 444 U.S. 320, 331-32 (1980) (rejecting aggregation of co-defendants' forum contacts in determining personal jurisdiction because "the requirement of International Shoe must be met as to each defendant over whom a state court exercises jurisdiction").

A.   **The Lee County Defendants Are Not Subject to This Court's Exercise of *In Personam* Jurisdiction.**

Generally speaking, this Court's jurisdictional reach over nonresident defendants is coextensive with a state court of general jurisdiction in the District of Columbia. *See Crane v. Carr*, 814 F.2d 758, 762 (D.C. Cir. 1987). Whether *in personam* jurisdiction may be exercised by this Court involves a two-part inquiry. First, the Court must determine whether personal jurisdiction is proper under the District of Columbia long-arm statute. *GTE New Media Servs. Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1347 (D.C. Cir. 2000). Second, if jurisdiction may be exercised under the long-arm statute, the Court must then decide whether maintaining jurisdiction over the nonresident defendant comports with Constitutional due process requirements. *Id.* That is, due process is satisfied when a defendant has certain "minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

Under the minimum contacts prong set out in *International Shoe*, personal jurisdiction may be general or specific in nature. *International Shoe*, 326 U.S. at 317. General jurisdiction rests on contacts between a defendant and the forum state that have been so "continuous" and

"systematic" as to confer jurisdiction over the defendant, even though none of the contacts directly relates to the instant case. *Id.* "Specific jurisdiction" arises from contacts by a "defendant" within the forum state that are "specifically related" to the suit at hand. *Id.* at 318. Ultimately, "minimum contacts" are established with the forum when the defendant has "purposefully directed [his] activities at residents of the forum, and the litigation results form alleged injuries that arise out of or relate to those activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-43 (1985).

In addition to the general-specific dichotomy, the major case law has attempted to define the quality of a contact that could support jurisdiction. In *World-Wide Volkswagen Corp. v. Woodson*, the Supreme Court required that a defendant have "purposefully availed" himself of the privilege and protection of the forum for personal jurisdiction to exist. 444 U.S. 286, 297 (1980). Specifically, the contacts have to be more than "isolated occurrences," in that a defendant must have made efforts to "serve directly or indirectly" the forum state. *Id.*

It is the Plaintiff who bears the burden of proof to establish that personal jurisdiction is proper. *Jacobsen v. Oliver*, 201 F. Supp.2d 93, 104 (D.D.C. 2000). He must make a *prima facie* showing of personal jurisdiction by alleging specific facts of purposeful activity by the Lee County Defendants in the District of Columbia which invoke the benefits and protections of its laws. *First Chicago Int'l v. United Exch. Co.*, 836 F.2d 1375, 1378-79 (D.C. Cir. 1988).

### 1. Personal Jurisdiction Over the Lee County Defendants Is Not Authorized by the District of Columbia Long-Arm Statute.

The District of Columbia long-arm statute provides for the exercise of both "specific" and "general" jurisdiction. The statute reads, in pertinent part:

> (a) A District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's-

    (1)    transacting any business in the District of Columbia;

    (2)    contracting to supply services in the District of Columbia;

    (3)    causing tortious injury in the District of Columbia by an act or omission in the District of Columbia;

    (4)    causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent court of conduct, or derives substantial revenue from goods used or consumed, or services rendered in the District of Columbia....

D.C. Code Ann. § 13-423(a). When personal jurisdiction over a nonresident defendant is premised on this section, "only a claim for relief arising from acts enumerated in this section may be asserted against him." D.C. Code Ann. § 13-423(b). Thus, a claim for specific jurisdiction under this section must be based specifically on acts set forth in § 13-423(a).

Plaintiff cannot obtain specific jurisdiction over any of the Lee County Defendants because his First Amended Petition ("Petition") fails to allege any activities by them under § 13-423(a) of the District of Columbia long-arm statute. As stated above, and as apparent by the District of Columbia long-arm statute, when specific jurisdiction is asserted, the minimum contacts analysis focuses on the relationship among the defendant, the forum, and the litigation. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 413 (1984). There are no allegations in the Petition that any of the Lee County Defendants have transacted any business in the District of Columbia, have contracted to supply services in the District of Columbia, have caused tortious injury by an act or omission in the District of Columbia, or caused tortious injury within the District of Columbia by an act or omission outside the District of Columbia. Rather, the face of the Petition plainly discloses that all critical events underlying the Plaintiff's claims in

this case occurred within the State of Texas and have no connection to the District of Columbia. Therefore, there is no specific personal jurisdiction over the Lee County Defendants.

Moreover, this Court may not exercise general jurisdiction over the Lee County Defendants. Section 13-334(a) of the D.C. Code provides for general jurisdiction over a nonresident defendant even if the claim at issue does not arise from the defendant's activities in the District of Columbia, but when the defendant is "doing business" in the District by maintaining "continuous and systematic" contacts with the forum. D.C. Code Ann. § 13-334(a); *Gorman v. Ameritrade Holding Corp.*, 293 F.3d 506, 509 (D.C. Cir. 2002). Again, however, a nonresident defendant's minimum contacts with the forum will suffice for personal jurisdiction only when the defendant "should reasonably anticipate being haled into court" in the forum. *World-wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). Thus, contacts that are too sporadic and limited cannot service as a basis for the assertion of general jurisdiction. *Helicopteros*, 466 U.S. at 415. In the instant case, general jurisdiction cannot be asserted over the Lee County Defendants because Plaintiff cannot establish any systematic and continuing contacts between the Lee County Defendants and the District of Columbia. The Lee County Defendants simply do not have *any* contact with the District of Columbia that would avail them to suit here. Consequently, general jurisdiction over the Defendants is improper.

2. **Personal Jurisdiction Over the Lee County Defendants Would Offend Traditional Notions of Fair Play and Substantial Justice.**

The final prong of the personal jurisdiction analysis is whether the Court's assertion of jurisdiction comports with "traditional notions of fair play and substantial justice." *International Shoe*, 326 U.S. at 316. The five factors for analysis are (1) the defendant's burden; (2) the forum state's interests; (3) the plaintiff's interest in convenient and effective relief; (4) the judicial

system's interest in efficient resolution of controversies; and (5) the states' shared interest in furthering fundamental policies. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985).

The Court's jurisdiction over this case does not comport with traditional notions of fair play and substantial justice. First, the Court's assumption of jurisdiction over the Lee County Defendants will place an extraordinary burden on them because neither they nor their representatives reside in the District of Columbia. Second, if the Court denies this motion, it will assume jurisdiction in a dispute in which the forum has no interest. All of Plainitff's allegations against the Lee County Defendants concern Texas state court proceedings and involve matters that occurred, if not entirely, substantially in the State of Texas. Third, the Court's assumption of jurisdiction over the Lee County Defendants will allow Plaintiff to prosecute his suit in the forum state even though he can obtain the same or similar relief in Texas. Finally, the Court's assumption of jurisdiction over the Lee County Defendants will prevent the parties from resolving this dispute more efficiently in Texas, because that is where all the witnesses reside and where all the records are located.

Simply put, there is no nexus between the events giving rise to this suit and the District of Columbia, a complete lack of any contacts between the Lee County Defendants and the District of Columbia, and exercising jurisdiction over the Lee County Defendants would violate traditional notions of fair play and substantial justice. Under no circumstances did any of the Lee County Defendants engage in activities such that they should reasonably anticipate being haled into this Court, nor has Plaintiff alleged specific facts showing purposeful activity by the Lee County Defendants to invoke the benefits and protections of the laws of the District of Columbia; therefore, the claims against them should be dismissed.

**B.     Plaintiff's Claims Should Also Be Dismissed Because Venue Is Improper in This Court.**

Alternatively, under Rule 12(b)(3) and 28 U.S.C. § 1406(a), this Court may dismiss a case when venue is improper. FED. R. CIV. P. 12(b)(3); 28 U.S.C. § 1406(a) (West 1993). The applicable venue statute, 28 U.S.C. § 1391(b), which applies for suits not based solely on diversity of citizenship, provides in relevant part:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same state; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

18 U.S.C. § 1391(b) (West 1993).

According to the Petition, none of the Lee County Defendants reside in the District of Columbia; rather they all reside in the State of Texas. Only one defendant, the Office of Child Support Enforcement, resides in the District of Columbia. Since all of the defendants do *not* reside in the same state, subpart (1) of the provision cannot be used to bring a claim in a forum where only one defendant resides. Additionally, none of the events or omissions giving rise to the Plaintiff's claims occurred in the District of Columbia. As noted above, the Petition reveals that all of the operative events occurred within the State of Texas. Plaintiff's claims are premised upon his involvement with proceedings in Texas state courts. Nothing related to this case occurred in the District of Columbia. Accordingly, venue is improper in this court and the claims against the Lee County Defendants should be dismissed.

# IV.
# CONCLUSION & PRAYER

The grounds for dismissal are readily apparent on the face of the First Amended Petition filed by Plaintiff which meets none of the requirements necessary to establish personal jurisdiction or proper venue in this Court. Therefore, for the reasons discussed herein, the Lee County Defendants respectfully urge the Court to dismiss the claims against them in this case.

Respectfully submitted,

By: ___/s/ S. Cass Weiland_____
    S. Cass Weiland
    Texas State Bar No. 21081300
    Admitted to Practice in D.D.C. 1975

PATTON BOGGS, LLP
2001 Ross Avenue, Suite 3000
Dallas, Texas 75201
Telephone: (214) 758-1500
Facsimile: (214) 758-1550

**ATTORNEY FOR LISA TIENERT, LEE COUNTY, TEXAS, AND OFFICE OF THE SHERIFF, LEE COUNTY, TEXAS**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing document has been forwarded to Plaintiff at the following known address via certified mail, return receipt requested on this the 20th day of July, 2007.

Rhett W. Pease
1032 PR 7039
Lexington, Texas  78947

/s/ S. Cass Weiland
S. Cass Weiland.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| RHETT W. PEASE,<br><br>　　　　Plaintiff,<br><br>v.<br><br>OFFICE OF CHILD SUPPORT ENFORCEMENT, LEE COUNTY TEXAS, OFFICE OF THE ATTORNEY GENERAL OF TEXAS, JANELL PEASE, RIQUE BOBBITT, LISA TEINERT, TERRELL FLENNIKEN, ROBERT ORAZCO, OFFICE OF THE SHERIFF, LEE COUNTY, TEXAS, LISA ANN KUBACEK.<br><br>　　　　Defendants. | § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 1:07-cv-00599-EGS |

## **ORDER GRANTING LEE COUNTY DEFENDANTS' MOTION TO DISMISS**

CAME TO BE CONSIDERED on this the _____ day of _____, 2007, Lee County Defendants' Motion to Dismiss. The Court, having considered the Motion to Dismiss, finds the Motion is meritorious and should be GRANTED.

IT IS THEREFORE ORDERED that the Lee County Defendants' Motion to Dismiss be GRANTED.

IT IS FURTHER ORDERED that Plaintiff take nothing by his suit, and that all costs be taxed against Plaintiff and all relief not specifically granted herein is hereby denied.

SIGNED this the _____ day of _____ 2007.

_____
PRESIDING JUDGE

**RDER GRANTING LEE COUNTY DEFENDANTS' MOTION TO DISMISS**
432240