# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

Rhett Webster Pease,        }
                              }

v.                          }    CIVIL ACTION NO. 1:07-CV-00599-EGS
                              }

OFFICE OF CHILD SUPPORT    }
ENFORCEMENT, LEE COUNTY   }    PLAINTIFF OBJECTION
TEXAS, OFFICE OF THE ATTORNEY }    TO DEFENDANT LEE COUNTY
GENERAL OF TEXAS, JANELL PEAS }    MOTION TO DISMISS
RIQUE BOBBITT, LISA TEINERT,    }
TERRELL FLENNIKEN, ROBERT    }
ORAZCO, OFFICE OF THE SHERIFF }
LEE COUNTY, TEXAS, LISA ANN   }
HUBACEK                       }

## PEASE' OBJECTION TO DEFENDANT MOTION TO DISMISS

In response to Lee County Defendants Motion to Dismiss, Plaintiff, Rhett Webster Pease would show that venue is mandatory in Washington, D.C. and would show this Court the following:

## INTRODUCTION

I, Rhett Webster Pease have no legal memory of making application for a Social Security number and I do not use a Social Security number, yet the Defendants continue, after notice, to hold me to an adhesion contract that originates in Washington, DC which is directly tied to a Social Security number and can not be operated without a valid Social Security number.   Plaintiff has no legal memory of every executing any request for any Social benefits offered by the United States.

In addition, the Lee County Defendants have applied for and have been issued a Federal Tax Identification Number 74-6000986 from Washington, D.C. and operate as

**RECEIVED**

Page 1 of 9

AUG - 2 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

an administrative agency of Washington D.C. under said number.    Each and every individual named as a Defendant in Lee County has applied for and operates under a Social Security number, giving each individual a direct nexus to Washington DC as a U.S. citizen and a federal employee.

Defendants continue to use a SS number and assign said number to me without authority when said number belongs to the Social Security Administration, a federal entity, agency or organization. There exists a question of diversity and a federal question. Can the Defendants, by using force of arms and a number which they attach to me, mandate that I assume a political status which is not my choice, thus denying me direct access to unalienable and Constitutionally protected rights?   NO.

I object to being called pro-se or resident or any other adhesive term without strict proof of signature attached to a Social Security number with proof of execution of application for same. I am standing in Texas, one of the several States. I am not a legal fiction in the federal plane, nor am I a beneficiary or trustee of a foreign private unincorporated implied charitable trust.

The Federal questions in this case arise out of numerous abuses by various governmental officials who are operating in commerce and under contract with the U.S. Department of Health and Human Services in Washington, D.C.. Said operating partner is a defendant in this case, the Office of Child Support Enforcement.

The Lee County Defendants have entered into an agreement with the Federal Office of Child Support Enforcement to collect child support pursuant to its Title 42, Title IV program and under the Social Security Act. The Social Security Act can *only* be adjudicated in the District of Columbia. The Lee County Defendants claim that this

Court lacks personal jurisdiction are not supported by the facts and this violation of the

Social Security Act by the Defendants should be adjudicated in Washington, D.C. .

The Lee County Defendants are rewarded by following federal guidelines and proving to

Washington, D.C., that they have complied with the federal guidelines in order to get

more block grants.  The Lee County Defendants would have no source of income or

pay checks without the block grants from Washington DC.  I should be allowed to serve

discovery on the Lee County Defendants in order to prove to this Court that the STATE

OF TEXAS is operating as an administrative agency of the UNITED STATES. LEE

COUNTY is an administrative agency of the STATE OF TEXAS.  All of the Defendants

are United States citizens.    Lee County operates a commercial business with

Washington, D.C., and in particular with the U.S. Department of Health and Human

Services, Office of Child Support Enforcement by running a federal Title IV-D Master

Court in Giddings, Texas.

### JURISDICTION AND VENUE COMPORT WITH
### CONSTITUTIONAL DUE PROCESS AND ARE IN FACT MANDATORY
### PEASE HAS BEEN DENIED ALL OTHER FORUMS

The Lee County Defendants must be joking when they submit an argument of air

play and substantial justice.  The Lee County Defendants are lawless.  They have

arrested me without warrant so many times I have lost count.  An employee of the

Office of the Lee County Sheriff witnessed me being assaulted and then covered up the

assault. None of the arrests have lead to any convictions and constitute harassment

and constitutional violations.  Even after being sued, the Office of the Lee County

Sheriff arrested me without warrant, the employees of the Lee County Sheriff  think the

Federal Court in Washington DC is a joke. See attached affidavits by the Lee County

Page 3 of 9

District Attorney and the Lee County Justice of the Peace. The Lee County Defendants should not be afforded any fair play or justice. They have afforded me none.

Venue is mandatory because Plaintiff has no other forum in which he can be protected from the abuses of ouge Texas judges, both state and federal  Plaintiff has attempted relief in all other forums and would attach to this rebuttal evidence that Plaintiff had and has no other forum in which to seek relief. *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297 (1980). I cannot file into either a State of Texas court nor a federal court in the Western district of Texas. See attached letter from William G. Putnicki and the order of Terrell Flenniken, both of which are attached to this rebuttal as evidence that I do not have any other forum in which to file in order to protect myself. One of the problems is that all of the agency employees know that I cannot protect myself, no Texas court will afford me protection and that they can do anything that they want at will without repercussion.

This is the second time that the Lee County Defendants have claimed that I was in contempt of court for not paying an amount of money that was more than I made. The record reflects no evidence of any income whatsoever for the Social Security number that Defendants claim belongs to me. The record reflects that I do not use a Social Security number and I have no legal memory of using said number. The record does not reflect that any family violence has occurred and no protective order exists. Lisa Teinert and Terrell Flenniken barred me access to the court keeping me from filing into the record to correct any of the falsehoods. These actions were done so that Lee County would receive more funding from the Department of Health and Human Services which forced me to file this suit.

As a bar to access to the State of Texas courts, Flenniken labeled me a vexatious litigant in a case where I requested possession of a van to which I held title. In order to issue the vexacious litigant order, Flenniken ruled that four times previous to the suit, four different writs of possession had issued against me. I am unaware of even one suit for possession of the property which was adversely awarded against me. Yet Flenniken continued to use his power and prestige as a Texas District Court Judge to prevent me from ever seeing my children again and subjecting me to annual jail time for a non-existent debt. This latest time around, Flenniken and Teinert refused to allow me to answer a citation which was served upon me. I have been completely and totally shut out of the court process by Flenniken. I can be sued by anybody and served with process of service, yet I cannot defend myself in any court in the State of Texas according to Flenniken  orders.

I filed a motion for the extraordinary writ of Habeas Corpus the last time I was imprisoned by the Lee County Defendants with the Federal Court in Austin and was told that I could not file into the Federal Court in Austin without paying $2500.00.   I had no notice or previous knowledge of a sanction placed against me in the District Court of the United States, Western District of Texas at Austin. I had no notice and have never been afforded a hearing on the matter. I do not have $2,500 to pay in order to make the Lee County defendants follow the law or have a voice in a court.

## LEE COUNTY DEFENDANTS DO BUSINESS WITH THE DISTRICT OF COLUMBIA BY ADMINISTERING TITLE IV-D COURTS

The Lee County Defendants have invoked the benefits and protection of the laws of the District Columbia by applying for and receiving tax identification and social

security numbers and entering into contracts to hold administrative federal Title 42, Title IV-D courts in Lee County, Texas. The Lee County Defendants further have contracted with others including the Office of Child Support Enforcement in Washington, D.C., to operate these Title IV-D Master Courts for the benefit of payment of federal funds from Washington, D.C.. The entire child support program is regulated by the Office of Child Support Enforcement from Washington, D.C.. The proper venue to bring violations of the Constitution for the United States of America and federal law is in a federal court. The Lee County Defendants transact business in the District of Columbia and they are causing tortious injury outside the District of Columbia while deriving a substantial amount of revenue therefrom, for the administration of Title IV-D Master  Courts in Lee County, Texas. D.C. Code Ann. 13-423(a). This court has long arm jurisdiction over the Lee County actors.

## PEASE WILL BE DAMAGED BY DISMISSAL

I was forced to use this venue because I was previously issued a writ of eviction by Justice of the Peace for the Western District, Austin Division, Sam Sparks. Sparks sent out the U.S. Constables a.k.a. Marshals and evicted me from my property without compensation or hearing. I then wondered why an eviction was a federal issue and sued to find out. I was told by Sparks that my lawsuits had been dismissed within two hours of filing by Judge Nowlin, and I never received another document or piece of paper concerning the two cases. It appears from the records that the cases were prosecuted by U.S.Attorneys, who then asked for sanctions because of my non response or lack of prosecution. I was never served with an answer to either of the two suits, was never sent a single document to either of the suits, and have no knowledge

how or in what manner the record shows I was. When I did not answer documents I never received, the U.S.Attorneys asked for sanctions and I was then barred from federal court in Austin without a hearing or notice.

Said actions eventually led to the breakup of my family and this alleged underlying alleged child support obligation. I am in possession of a transcript wherein I was told by Sam Sparks on the record that he would not protect me and then he threw me and my family on the street with no hearing. This was transmitted over to Terrell Flenniken who took it upon himself to be judge, jury and executioner and who has severely damaged my children. To what end? I do not know. In any event, it is clear that I cannot get any kind of a fair trial in the STATE OF TEXAS due to diversity of citizenship. If this Court were to dismiss this case, I would be forever subject to permanent civil liberty violations and abuses and said dismissal would in fact be the end of any form of life, if you can call what I do, living.

### PRAYER

I, Rhett Webster Pease do hereby request that this Court not dismiss this suit and order Defendants Lee County Texas to answer for the civil liberty violations performed under contract to the US Department of Health and Human Services, Office of Child Support Division for the collection of child support.

I shown evidence that this court is the proper jurisdiction, as all the Lee County actors are government officers or employees subject to this State, receiving compensation as a direct result of doing business with the United States, operate under the U.S. Code and are subject to 4 U.S.C. 72.

The alternative, if this court believes it has no jurisdiction would be to ask that the case be transferred to what could be construed the proper district. However, given the standing order and my previous treatment by the District Court of the United States, Western District of Texas, I do not believe that I could get a fair trial in the Western District, Austin, Division and again request this Court to order the Defendants Lee County to answer.

THIS MOTION IS PRESENTED RESPECTFULLY TO THIS COURT UNDER PENALTY OF PERJURY AND THE FACTS RECITED, THEREIN ARE TRUE AND CORRECT. From Texas, one of the several States, by:

Rhett Webster Pease
%1032 PR7039
Lexington, Texas [78947]
(512) 835-0218

## CERTIFICATE OF SERVICE

I, Rhett Webster Pease do hereby certify that a true and correct copy of the foregoing Objection to Defendants Lee County Motion to Dismiss was sent to the following parties and their attorney's on this the 30th day of July, 2007, by either first class mail or by certified mail:

Janell Pease
530A Cutty Trail
Lakeway, Texas 78734 Certified

PATTON BOGGS, Attorneys for Lee County, Texas

2001 Ross Avenue, Suite 3000
Dallas, Texas 75201

Rique Bobbitt
105 East Main
Cameron, Texas 76520

Robert Orazco
103 North Main
Bryan Texas 77803

Lisa Ann Hubacek
300 East 26th Street, Suite 116A
Bryan, Texas 77803

Cecilia Burke
370 L'Enfant Promenade, SW
Washington, DC 20447

Terrell Flenniken
100 East Main, Suite 305
Brenham, Texas 77803

_____
Rhett Webster Pease

AO 440 (Rev. DC - September 2003) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## District of Columbia

Rhett Webster Pease

**SUMMONS IN A CIVIL CASE**

V.

OFFICE OF CHILD SUPPORT ENFORCEMENT, CECELIA
BURKE, GREG ABBOTT, COUNTY OF LEE, RIQUE BOBBITT,
JANELL PEASE,TERRELL FLENNIKEN, ROBERT ORAZCO,
LISA TEINERT, LISA ANN HUBACEK AND THE OFFICE OF
THE SHERIFF, LEE COUNTY, TEXAS

CASE NUMBER:    1:07-CV-00599-EGS

TO: (Name and address of Defendant)

**TERRELL FLENNIKEN**
**100 East Main, Suite 305**
**Brenham, Texas 77803**

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Rhett Webster Pease
c/o 1032 P.R. 7039
Lexington, Texas [78947]

an answer to the complaint which is served on you with this summons, within _____ 20 _____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for
the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this
Court within a reasonable period of time after service.

NANCY MAYER-WHITTINGTON

MAY 21 2007

CLERK

DATE

(By) DEPUTY CLERK

Return to: Rhett Webster Pease
          P. O. Box 255
          Lexington, Texas [78947]

State of Texas     §
Lee County       §

### Affidavit of Probable Cause and Notice of a Crime
### and CLAIM AGAINST THE COUNTY OF LEE
### August 8, 2006

      Comes now the undersigned Affiant and testifies of his own personal knowledge to the following:

      The Lee County District Clerk, Lisa Teinert (hereinafter "Clerk"). with the aid of Terrell Flenniken, has denied me the right to see my children, the right to property (my van for which I paid $35,000), the right to file any paperwork into any case in their courts, and have labeled me an anti-government terrorist. Subsequent to that, the Clerk continues to harass me by filing and issuing fraudulent documents, (i.e. Forcible Detainer on July 20th, 2006). Said document was not verified and the District Court has no jurisdiction over this form of cause of action.

      In addition, the Clerk's office has leased the Court to the Attorney General who has bought and paid for the Judge and the Prosecutor in order to profit from child support collection activities. Clerk has refused to obey Appellate Court orders and has issued writs without any verification of income as required by the Texas Family Code. The Clerk has no evidence of any income by the Affiant who was declared indigent by the Appellate Court and personally contested Affiant's ability to pay without a witness or legal counsel. Teinert and the Judge ruled that "other's could pay for me" so I was not indigent.

      The Clerk has refused to docket a single motion that Affiant has filed and this has resulted in Affiant being stripped of all personal property and his dignity in the community.

      The Clerk has filed a fraudulent lien purporting that Affiant cannot file in any Court in the State of Texas. Said lien does not meet the minimum Statute requirements on it's face.

      The Clerk has filed another fraudulent lien, Divorce Decree, knowing that Affiant met the statutorily minimum requirements to prove said lien void and has continued to attempt to hold Affiant to said fraudulent lien.

      The Clerk filed an additional fraudulent lien that purports that Affiant is liable to the Court for child support. This is a commercial activity that underwrites the Attorney General's Office and the Courts. The Clerk has sold the Court in order to enslave anybody the Attorney General says to.

      The Clerk has been given notice that Affiant takes no benefits, yet continues to harass

Affiant by filing and issuing fraudulent government documents. The Clerk refuses to allow Affiant any access to the Court, yet holds Affiant liable to contracts that Affiant never entered into, nor will enter into, even at the point of a gun and cage.

For the actions taken by the Clerk, Affiant files this claim for $8,500,000.00 for the permanent loss of property and children instituted and perpetuated by the Clerk of the County of Lee.

Further Affiant sayeth naught."

_____
Rhett Webster Pease - Affiant

## JURAT

State of Texas          }
County of Travis        }

SWORN AND SUBSCRIBED before me, a Notary Public for the State of Texas, on this the 8th Day of August, 2006

_____
Notary Public

RUSSELL MORTLAND
MY COMMISSION EXPIRES
September 22, 2008

Affidavit of Ted Weems

STATE OF TEXAS
COUNTY OF TRAVIS

On this day, Ted Weems appeared before me, the undersigned notary public, and after I administered an oath to him, upon his oath, he said:

"My name is Ted Weems, I am the District Attorney of Lee County, Texas. I am more than 21 years of age and capable of making this affidavit.

On Friday July 13, 2007, I was at the Lee County District Court. Judge Terrell Flenniken was presiding over a hearing involving Rhett Webster Pease. Judge Flenniken recused himself from the matter before the Court and then stated that he had an arrest warrant for Rhett Webster Pease that originated from Travis County, Texas.
Rhett Webster Pease was arrested by Deputy Sheriff Michael York and Deputy Charles Kothmann and taken out of the Courtroom.

Further affiant sayeth not."

_____
Ted Weems

SWORN TO and SUBSCRIBED before me by Ted Weems on this the
17th day of July, 2007.


JANICE MITSCHKE
Notary Public, State of Texas
My Commission Expires
JAN. 17, 2009

_____
Notary Public in and for
the State of Texas

## Affidavit of Honorable Nick Hester

STATE OF TEXAS
COUNTY OF TRAVIS

On this day, Nick Hester appeared before me, the undersigned notary public, and after I administered an oath to him, upon his oath, he said:

"My name is Nick Hester, I am the Justice of the Peace in Precinct 3 of Lee County, Texas. I am more than 21 years of age and capable of making this affidavit.

On Saturday July 14, 2007, I was at the Lee County Jail and magistrated Rhett Webster Pease. I looked in the file and commented that their was no paperwork in the file. The Lee County Sheriff had no warrant for arrest in the file. I did not see a warrant for arrest.

Further affiant sayeth not."

Nick Hester

SWORN TO and SUBSCRIBED before me by Nick Hester on this the __17__ day of July, 2007.

GENA CONNER
Notary Public, State of Texas
My Commission Expires
November 17, 2010

Notary Public in and for
the State of Texas

## Affidavit of Rhett Webster Pease

STATE OF TEXAS
COUNTY OF TRAVIS

On this day, Rhett Webster Pease appeared before me, the undersigned notary public, and after I administered an oath to him, upon his oath, he said:

"My name is Rhett Webster Pease. I am more than 21 years of age and capable of making this affidavit.

On July 13, 2007, I appeared at a hearing to transfer venue in the child support case in the State court, because I could not get a fair trial in Lee County, Texas, due to the fact that all of the officers are being sued. The case was called by Terrell Flenniken, who has been served in this cause of action. Flenniken instructed me that he thought that I had filed some suit, somewhere against him and he stated that he was recusing himself.

After recusing himself, he stated in open court that he had a warrant for my arrest from Travis County, Texas and that he remanded me into the custody of the Lee County Sheriff's Office. I was immediately jailed and served with a civil process. I asked to see a copy of the warrant and Deputy Sheriff York informed me that they did not have a warrant, only a teletype. It is apparent that Flenniken has complete and total contempt for the federal cause of action and continues to flagrantly abuse his power.

After spending the night in jail, the magistrate, Nick Hester stated that the Sheriff had no paper work and allowed me to bond out for $2500.00. Upon release from jail, I found that the Lakeway Police Department issued a teletype, stating that they had an arrest warrant.

Further affiant sayeth not."

Rhett Webster Pease

SWORN TO and SUBSCRIBED before me by Rhett Webster Pease on this the 19th day of July, 2007.

Russell Mortland
Notary Public in and for
the State of Texas

RUSSELL MORTLAND
MY COMMISSION EXPIRES
September 22, 2008

State of Texas        }
County of Travis      }

## AFFIDAVIT

I, Michael Badnarik, the Affiant, being over the age of majority and capable of attesting to the facts contained herein, hereby attest to the following:

On Friday, July 13, 2007, I was present in the district courtroom in Giddings, Lee County, Texas, Judge Terrill Flenniken was the judge on the bench. I was present in the courtroom on that date as I was there to serve Judge Flenniken with process in a civil law suit.

I witnessed Judge Flenniken call the case concerning Rhett Pease. Judge Flenniken recused himself from the case, he stated that he was aware there was a pending law suit in which Rhett had sued him, and therefore he was recusing himself from the case. Judge Flenniken then waved a sheaf of papers in his hand and said that there appeared to be an outstanding warrant out of Travis County for Rhett's arrest. Rhett asked what was the charge, and Judge Flenniken, looking at the papers, said, telephone harassment. Judge Flenniken then said to Rhett, "I am remanding you to the custody of the Sheriff." The judge then handed the papers to the deputy sheriff who took Rhett away.

I waited to serve the judge, and eventually he called a recess and I was taken to where Judge Flenniken was waiting, and I handed him the Summons and complaint and told him he had been served. Judge Flenniken, while looking through the document, asked me if I was authorized to serve the lawsuit. I told him I didn't believe I needed authorization. He then asked me if the Federal Court had authorized me to serve him, and I again replied that I didn't believe I needed authorization. He then said to me, "Well, I'll take these (the papers) off your hands, but I don't believe I have been properly served."

I then traveled back to Austin and accompanied Dessie Maria Andrews as she went to the Travis County Sheriff's office and the Travis County Clerk's office. Each place we went we were told that there was no documentation on Rhett Webster Pease. There was no outstanding arrest warrant, no cause number, no complaint, in other words, nothing. Ms. Andrews asked the clerk why it was her son was in jail, booked on an outstanding arrest warrant from Travis County and the clerks just shrugged and said they had no idea how that could happen.

Further Affiant sayeth not

*Michael Badnarik*
Michael Badnarik

State of Texas          }
Travis County           }

SWORN AND SUBSCRIBED before me, a Notary Public in and for the State of Texas, on this, the 27th day of July, 2007.



_____
Notary Public in and for the State of Texas

Affidavit of Derrek Sims

STATE OF TEXAS
COUNTY OF TRAVIS

On this day, Derrek Sims appeared before me, the undersigned notary public, and after I administered an oath to him, upon his oath, he said:

"My name is Derrek Sims. I am more than 21 years of age and capable of making this affidavit.

On July 13, 2007, I was present when Michael Badnarik served Terrell Flenniken with process. I heard Flenniken recuse himself in the matter of his divorce action. I then saw Rhett Webster Pease jailed without warrant by Flenniken.

Further affiant sayeth not."

*Derrek Sims*
Derrek Sims

SWORN TO and SUBSCRIBED before me by Derrek Sims on this the 26th day of July, 2007.

RUSSELL MORTLAND
MY COMMISSION EXPIRES
September 22, 2008

*Russell Mortland*
Notary Public in and for
the State of Texas

State of Texas        }
County of Travis      }

## AFFIDAVIT

I, Dessie Maria Andrews, the Affiant, being over the age of majority and capable of attesting to the facts contained herein, hereby attest to the following:

On Friday, July 13, 2007, I was present in the district courtroom in Giddings, Lee County, Texas, Judge Terrill Flenniken was the judge on the bench. I was there to act as a witness in a Motion to Change Venue in a Civil Case in which Rhett Webster Pease was the movant.

Judge Flenniken called the case and Rhett went into the bar and stood before the bench. At that point, Judge Flenniken stated that Rhett had sued him in some Federal Court and since he understood he was a party named as defendant in the suit, Flenniken recused himself. Immediately after his recusal, Judge Flenniken waved a sheaf of papers which he had in his hand and said that there appeared to be an outstanding warrant out of Travis County for Rhett's arrest. Rhett asked what was the charge, and Judge Flenniken, looking at the papers, said, telephone harassment. Judge Flenniken then said to Rhett, "I am remanding you to the custody of the Sheriff." The judge then handed the papers to the deputy sheriff who took Rhett away.

I left the court and went across the street to the Sheriff's office. I asked the clerk on duty, Ms. Enloe, for a copy of the arrest warrant. Rhett was begin booked in a room which was behind the door in front of which I was standing. Rhett said, "There is no arrest warrant." I asked for the number of the warrant, Rhett said, "They don't have a number." Rhett then told me that the document which Flenniken had been holding was a civil law suit against Rhett which had been filed in Travis County.

I asked where I could find a bail bondsman, and Ms. Enloe told me it wouldn't do any good, as Rhett had to be magistrated before he could be released. I asked her why he had to see the magistrate and Ms. Enloe said, "To set the bond". I said the bond had already been set at $2500.00 and Ms. Enloe told me that didn't matter, he wasn't being released until in the morning, a Saturday.

After leaving the Lee County Sheriff's office I traveled back to Austin and went to the Travis County Sheriff's office and the Travis County Clerk's office. Each clerk reported to me there was no documentation on Rhett Webster Pease. There was no outstanding arrest warrant, no cause number, no complaint, in other words, nothing.

I posted bail bond for Rhett on Saturday morning. I asked for the arrest warrant from the Lee County Sheriff's office, and was told there wasn't one.

On Monday morning, July 16, 2007, I went to the Travis County Sheriff's office, specifically the warrant division. Ms. Nancy Bartlett was the clerk on duty and she

searched for an outstanding or served arrest warrant, a warrant under the number 83056, which was on the magistrate's report and under Rhett's date of birth. There is no complaint, warrant or cause number concerning Rhett Pease at the Travis County Sheriff's office. Rhett was arrested by Terrill Flenniken, jailed and held for bond by the Lee County Sheriff's office, all without warrant or affidavit of probable cause.

Further Affiant sayeth not

Dessie Maria Andrews

State of Texas          }
Travis County          }

SWORN AND SUBSCRIBED before me, a Notary Public in and for the State of Texas, on this, the 16th day of July, 2007.

Paula Mathers
Notary Public
State of Texas
My Commission Expires
APRIL 22, 2008

Notary Public in and for the State of Texas

**UNITED STATES DISTRICT COURT**
OFFICE OF THE CLERK
WESTERN DISTRICT OF TEXAS

William G. Putnicki

200 West 8th Street, Room 130
Austin, Texas 78701
512-916-5896

July 26, 2007

Crae Robert Pease
P.O. Box 255
Lexington, TX 78947

Re:    Plaintiff's Notice of Removal and Joinder; 1:07-CV-631 LY; *Crae Robert Pease v. First National Bank of Giddings, et al.*

Dear Mr. Pease:

The above-reference document that was submitted for filing on July 25, 2007, is being returned to you as not filed.

Rhett Webster Pease has been barred from filing and therefore cannot remove or join into any action before this court without having prior permission from the District Judge to do so and have paid a court ordered fine.

A copy of the Order filed on May 15, 2003, barring Mr. Pease from filing is enclosed. If you have any questions regarding this matter, please feel free to call the Clerk's Office.

Very truly yours,

WILLIAM G. PUTNICKI, Clerk
by Tanya Katzenmeyer, Deputy Clerk

FILED

IN THE UNITED STATES DISTRICT COURT AUSTIN DIVISION

WESTERN DISTRICT OF TEXAS

2003 MY 15  PM 4:52

AUSTIN DIVISION

WESTERN DISTRICT OF TEXAS
U.S. CLERK'S OFFICE

BY:_____
                    DEPUTY

| | | |
|---|---|---|
| RHETT WEBSTER PEASE, et al. | § | |
| | § | |
| v. | § | CIVIL NO. A-03-CV-23 JN |
| | § | |
| MITCHELLWEIDENBACH, et al. | § | |

## ORDER

Before the Court are Plaintiffs' Motion for New Trial and Offer of Proof (Clerk's Doc. No. 9) filed 29 April 2003, Defendants' Response to Plaintiffs' Motion for New Trial and Offer of Proof (Clerk's Doc. No. 10) filed 12 May 2003, and Defendants' Motion for Sanctions (Clerk's Doc. No. 5) filed 16 April 2003. Upon review of the pleadings, the applicable legal authorities, and the entire case file, the Court enters the following Order.

On 24 March 2003, Defendants filed a Motion to Dismiss or, in the Alternative, for Summary Judgment. On 15 April 2003, Plaintiffs filed an Objection and Motion to Strike Defendants' Motion to Dismiss; this document was not entered by the Clerk's Office until 16 April 2003. On 16 April 2003, prior to Plaintiffs' Objection and Motion reaching chambers, the Court granted Defendants' Motion as unopposed pursuant to Western District of Texas Local Rule CV-7(d). Rule CV-7(d) reads as follows:

> If any party opposes a motion, the respondent shall file a response and supporting documents as are then available within eleven (11) days of service of the motion. The response shall contain a concise statement of the reasons and opposition to the motion and citations of the specific legal authorities upon which the party relies. The response is limited to ten (10) pages unless otherwise authorized by the Court. If there is no response filed within the time period prescribed by this rule, the Court may grant the motion as unopposed.

11

Plaintiffs also had an additional three days to respond as Defendants' Motion was served upon them by certified mail. *See* FED. R. CIV. P. 6(e). Accordingly, Plaintiffs' response to Defendants' Motion was due no later than 7 April 2003. Plaintiffs' Objection and Motion to Strike was eight days late, making the granting of the Motion proper per the strictures of Rule CV-7(d). Moreover, even if Plaintiffs' 15 April 2003 pleading had been timely filed, it does not meet the requirements of a "response" as delineated in Rule CV-7(d). The gravamen of Defendants' Motion was that both Defendants are entitled to absolute immunity from the instant proceedings. Nowhere in Plaintiffs' Objection and Motion to Strike or Plaintiffs' Motion for New Trial and Offer of Proof do they present a "concise statement of the reasons and opposition to the motion and citations of the specific legal authorities upon which the party relies." WESTERN DISTRICT OF TEXAS LOCAL RULE CV-7(d). This also makes the granting of Defendants' Motion proper under the Court's Local Rules. Alternatively, the Court finds that Defendants are absolutely immune from suit for the allegations contained in Plaintiffs' Original Complaint. *See Saunders v. Bush*, 15 F.3d 64, 67 (5th Cir. 1994); *Davis v. Bayless*, 70 F.3d 367, 373 (5th Cir. 1995).

Turning to Defendants' Motion for Sanctions, the Court finds that this Motion is also unopposed by Plaintiffs; it will be granted as such. Alternatively, the Court finds that granting the Motion is justified on the merits of the case for the following reasons:

1. The Court has previously warned Plaintiff, in case number A-02-CA-527 JN, that filing frivolous lawsuits could result in the imposition of court costs, the imposition of monetary sanctions pursuant to FED. R. CIV. P. 11, and the imposition of an order barring him from filing any

lawsuits in this Court without first obtaining permission to do so from

a District Judge of this Court or a Judge of the Fifth Circuit Court of

Appeals;

2.    Plaintiffs have refused to respond to the merits of Defendants'

pleadings;

3.    The Court finds the instant suit to be frivolous and in violation of FED.

R. CIV. P. 11(b)(1) & (2) for the reasons stated in Defendants' Motion

for Sanctions;

4.    The Court finds that Defendants have complied with the requirements

of FED. R. CIV. P. 11(c)(1)(A); and

5.    The sanctions that the Court is imposing on Plaintiffs are necessary to

deter repetition of such conduct or comparable conduct by others

similarly situated.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that Plaintiffs'

Motion for New Trial and Offer of Proof is hereby DENIED.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants'

Motion for Sanctions is hereby GRANTED.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Plaintiffs shall

PAY the attorneys' fees and costs incurred by Defendants in defending this suit, shall PAY

a fine in the amount of $2,500 into Court, and shall be BARRED from filing any further suits

in this Court unless given permission to do so by a District Judge of this Court or a Judge of

the Fifth Circuit Court of Appeals.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Clerk's Office

SHALL NOT ACCEPT any additional filings from Plaintiffs in this case other than a Notice

of Appeal.

SIGNED AND ENTERED this ___15<u>Th</u>___ day of May, 2003.


JAMES R. NOWLIN
CHIEF UNITED STATES DISTRICT JUDGE

CAUSE NO. 12,527

| | | |
|---|---|---|
| RHETT WEBSTER PEASE | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| V. | § | LEE COUNTY, TEXAS |
| | § | |
| JAMES R. NICKELATTI, and BRANTLEY | § | |
| ROSS PRINGLE, JR. | § | |
| Defendants. | § | 335ST JUDICIAL DISTRICT |

## ORDER

Came on this date to be heard Plaintiff Rhett Webster Pease's Application for Temporary Restraining Order, Defendants' Motion to Transfer Venue and Motion to Deem Plaintiff a Vexatious Litigant, subject to Defendants' Motion to Transfer Venue. All parties to the suit appeared in person or through counsel of record. The Court, having considered the above application and motions, the evidence offered and introduced at the hearing and the argument of counsel, makes the following findings and issues the following orders.

The Court notes that, with respect to Defendants' Motion to Transfer Venue, the parties waived the requirement of Texas Rule of Civil Procedure 87.1 requiring 45 days notice of a hearing on the Motion to Transfer Venue. Based on the parties' agreement in open court, the Court granted leave to hear the Motion to Transfer Venue on December 12, 2003. In light of the other findings and orders herein, the Court DENIES Defendants' Motion to Transfer Venue as moot.

F I L E D

Plaintiff's Application for a Temporary Restraining Order is DENIED.
JAN 5 2004 9:30AM
Defendants' Motion to Deem Plaintiff Rhett Webster Pease a vexatious litigant is

GRANTED.
DISTRICT CLERK
LEE COUNTY, TEXAS

On the Motion of Defendants, the Court enters an Order pursuant to Section 11.101 of the Texas Civil Practice and Remedies Code. Accordingly, the Court hereby PROHIBITS Rhett Webster Pease from filing, in propria persona, any further litigation in a court in this state

THE STATE OF TEXAS
COUNTY OF LEE    This is to certify that this

OCT 4 2004



ADELINE MELCHER
DISTRICT CLERK

VOLUME __71__ PAGE __898__ RTO

Rec. 5554/10-4-04 From J. Pease

unless the local administrative judge of the court in which Rhett Webster Pease intends to file further litigation has granted permission to Rhett Webster Pease under Texas Civil Practice and Remedies Code Section 11.102 to file future litigation.

The Court further warns and advises Rhett Webster Pease that disobedience of this pre-filing Order under Chapter 11 of the Texas Civil Practice and Remedies Code shall be punishable as a contempt of Court.

The Court, on its own initiative and after notice and hearing, finds that the above captioned lawsuit is groundless and brought in bad faith or groundless and brought for purposes of harassment in violation of Texas Rule of Civil Procedure 13.

The Court, pursuant to Texas Rules of Civil Procedure 13 and 215.2(b) ORDERS and imposes the following sanctions to be imposed on Plaintiff Rhett Webster Pease:

   a.   The Court dismisses with prejudice this lawsuit.

   b.   All court costs are hereby taxed against Rhett Webster Pease, for which let execution issue if not timely paid; . .

   c.   Plaintiff Rhett Webster Pease shall pay reasonable attorneys' fees to Defendant Jim Nickelatti in the amount of One Thousand Five Hundred Dollars and NO/100 ($1,500.00) incurred in this suit, which the Court finds are reasonable and necessary as a result of Plaintiff's filing this lawsuit in violation of Rule 13. Said attorneys' fees shall be paid on or before _March 31, 2004_. _TRJ_

The Court finds that good cause exists for imposition of the above referenced sanctions against Plaintiff Rhett Webster Pease. The Court finds that this is the fourth lawsuit Plaintiff has brought against Defendant Nickelatti, Defendant Pringle or some combination of said Defendants and that all four lawsuits arise out of the same set of operative facts. Further, the



THE STATE OF TEXAS
COUNTY OF LEE
is a true copy of the original

OCT  4 2004

Adeline Melcher
ADELINE MELCHER
DISTRICT CLERK
LEE COUNTY, TEXAS

-2-

VOLUME _71_  PAGE _899_

Court finds that this lawsuit is groundless and barred by the doctrine of res judicata and/or collateral estoppel. The Court finds that Plaintiff's selection of Lee County to file this lawsuit and the allegations in Plaintiff's original action and application for temporary restraining order and temporary injunction that "venue is proper and that all acts complained of took place in Lee County, Texas" is false, fraudulent and contradicted by Plaintiff's allegations in the prior lawsuits arising out of this dispute that the acts complained of took place in Travis County, Texas. The Court finds that Plaintiff Rhett Webster Pease's repeated attempts to relitigate this dispute in multiple counties is an attempt to harass Defendants.

SIGNED this _2_ day of _____ ~~2003.~~ 2004

_____
TERRY FLENNIKEN, JUDGE PRESIDING

APPROVED AS TO FORM:

Rhett Webster Pease
P. O. Box 255
Lexington, Texas 78947

_____
Rhett Webster Pease

Brantley Ross Pringle, Pro Se
and as Attorney for Jim Nickelatti
WRIGHT & GREENHILL, P.C.
221 West 6th Street, Suite 1800
Austin, Texas 78701
(512) 476-4600
(512) 476-5382 fax

THE STATE OF TEXAS
COUNTY OF LEE          I, This is to certify that this
is a true copy of the original.

OCT 4 2004



ADELINE MILDNER
DISTRICT CLERK
LEE COUNTY, TEXAS

-3-

VOLUME 71   PAGE 900

CAUSE NUMBER 1:07-cv-00631 LY

**United States District Court**
**For the Western District of Texas**

**Crae Robert Pease**
**Plaintiff**



v.

**First National Bank of Giddings, et al.**
**Defendants**

## PLAINTIFF'S NOTICE OF REMOVAL AND JOINDER

Plaintiff, Rhett Webster Pease, files this notice under 28 U.S.C. §§ 1441 and 1443.

Plaintiff has and is removing Cause No. 13165 filed in the 335th DISTRICT COURT, LEE COUNTY, TEXAS and joining with the above cause number in this court. A copy of suit has previously been filed with the court on July 25, 2007.

### A. Introduction

1. In Cause No. 13165, Plaintiff is CRAE ROBERT PEASE; Defendant is FIRST NATIONAL BANK, ET AL.

2. In the spring of 2006, Crae Robert Pease filed a quiet title action against First National Bank of Giddings, Texas, resulting in the Cause No. 13165. At some point, the attorney for First National Bank of Giddings, Texas, T. Mark Rogstad, served summons of forcible detainer on Rhett Webster Pease, who was not a party to the suit, nor was he a signatory on a deed of trust. Crae Robert Pease has never been served with citation.

3. Rogstad named Rhett Webster Pease with the full knowledge Pease had been named a vexatious litigant in 2004 in the Lee County District Court. Rogstad knew the court clerk would not file Pease's defense documents, as Pease had been denied access to the court. Rogstad knew or should have known the outcome of any litigation against Rhett Webster Pease, as Pease had been denied access to the Lee County District Clerk as

**COURT COPY**