IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| RHETT W. PEASE, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 1:07-cv-00599-EGS |
| OFFICE OF CHILD SUPPORT ENFORCEMENT, LEE COUNTY TEXAS, OFFICE OF THE ATTORNEY GENERAL OF TEXAS, JANELL PEASE, RIQUE BOBBITT, LISA TEINERT, TERRELL FLENNIKEN, ROBERT ORAZCO, OFFICE OF THE SHERIFF, LEE COUNTY, TEXAS, LISA ANN KUBACEK. | § § § § § § § § § § § § | |
| Defendants. | § | |

**LEE COUNTY DEFENDANTS' REPLY TO PLAINTIFF'S
OBJECTION TO DEFENDANT'S MOTION TO DISMISS**

Defendants Lee County, Texas ("Lee County"), Lisa Teinert ("Tienert"), and the Office of the Sheriff, Lee County, Texas ("Lee County Sheriff") (collectively the "Lee County Defendants"), by and through their undersigned counsel, file this Reply to Plaintiff's Objection to Defendants' Motion to Dismiss and respectfully show the Court as follows:

I.      **SUMMARY OF REPLY**

Plaintiff's Objection ("Response") to the Lee County Defendants' Motion to Dismiss ("Motion to Dismiss") is largely inapposite and/or does not address the jurisdictional and venue issues raised in the Motion to Dismiss. Thus, Plaintiff has failed to meet his burden to supply the necessary jurisdictional facts that would subject the Lee County Defendants to *in personam* jurisdiction in the District of Columbia. Similarly, Plaintiff has failed to establish that the District of Columbia is the appropriate venue to adjudicate his claims. The apparent reason that

Plaintiff filed the suit in this District is because he has been declared a vexatious litigant and prohibited from filing other frivolous litigation where he resides in Texas. Such an excuse is not sufficient to establish proper venue under the venue statute. Accordingly, the Lee County Defendants' Motion to Dismiss should be granted.

## II.  ARGUMENT AND AUTHORITIES

### A.  Personal Jurisdiction

In the Motion to Dismiss, the Lee County Defendants demonstrated that they have insufficient contacts with the District of Columbia to satisfy *in personam* jurisdictional requirements, and that maintenance of the suit in the District of Columbia would offend traditional notions of fair play and substantial justice. *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291-92 (1980). Having done so, the burden then shifted to Plaintiff to allege specific facts on which personal jurisdiction over the Lee County Defendants could be based. *See GTE New Media Services, Inc. v. Ameritech Corp.*, 21 F. Supp.2d 27, 36 (D.D.C. 1998), remanded on other grounds sub nom., *GTE New Media Services, Inc., v. BellSouth Corp.*, 199 F.3d 1343 (D.C. Cir. 2000). Rather than alleging these specific facts as required, Plaintiff's Objection makes irrelevant and conclusory allegations and absurd propositions of law.

First, Plaintiff appears to suggest that the Lee County Defendants are each subject to personal jurisdiction in this Court because they have social security numbers, "giving each individual a direct nexus to Washington DC as a U.S. citizen and a federal employee." *Response*, p. 2. Such a proposition hardly deserves a response. The premise that District Courts in the District of Columbia can exercise personal jurisdiction over every person with a social security number is patently absurd.

Equally preposterous are Plaintiff's allegations that personal jurisdiction exists because the Lee County Defendants "are operating in commerce and under contract" with the Department of Health and Human Services to administer a child support program in the State of Texas. *See Response*, pp. 2-3, 5-6. He claims that the Lee County Defendants have violated the Social Security Act which "can only be adjudicated in the District of Columbia." *Id.*, pp. 2-3.

Of course, Plaintiff cites no authority supporting any of these propositions. More importantly, the Response fails to point the Court to any specific facts of an alleged violation of the Social Security Act, or any other facts showing how the Lee County Defendants' contacts with the District of Columbia give rise to either specific or general jurisdiction. Even assuming, as the Plaintiff claims, that the Lee County Defendants ultimately receive funds from the federal government, Plaintiff has failed to show how this satisfies the personal jurisdiction requirements set forth in well-established Supreme Court precedent. Any such distribution of federal funds to the Lee County Defendants (through the State of Texas) is no more than a "collateral relation" to the forum and is "far too attenuated a contact" to justify the District of Columbia's exercise of personal jurisdiction over the Lee County Defendants. *World Wide Volkswagen Corp.*, 444 U.S. at 299 ("[F]inancial benefits accruing to the defendant from a collateral relation to the forum State will not support jurisdiction if they do not stem from a constitutionally cognizable contact with the State."). Therefore, Plaintiff has offered no legitimate or recognized basis on which this Court could exercise personal jurisdiction over the Lee County Defendants.

**B.     Venue**

Fed. R. Civ. P. 12(b)(3) permits dismissal of a lawsuit based on improper venue when the suit is erroneously filed in a district in violation of the general venue statute. In response to the Lee County Defendant's Motion to Dismiss, Plaintiff was required to 1) establish that venue was

proper according to the applicable venue statute and allege facts sufficient to satisfy the requirements of the statute, or 2) establish that waiver of venue by the Lee County Defendants occurred. *See* 28 U.S.C. §1391.

Plaintiff cannot establish waiver by the Lee County Defendants, and he has failed to provide <u>any</u> factual support showing that venue is appropriate in this Court under § 1391. In the Motion to Dismiss, the Lee County Defendants averred, and Plaintiff has not refuted, that none of the Lee County Defendants reside in the District of Columbia and none of the events or omissions giving rise to Plaintiff's claims occurred in the District of Columbia. *See* 28 U.S.C. § 1391(b). As noted, apparently, the sole reason that Plaintiff filed this case in the District of Columbia is because he has been declared a vexatious litigant by a state court judge in Texas and prohibited from filing other frivolous litigation without court approval. *See* Response, pp. 6-7 and attachments. He has also been sanctioned by another federal judge in Texas and barred from filing any further suits without the District Court's or the Fifth Circuit Court of Appeals' permission. *Id.* Plaintiff's own misconduct in the courts of the State of Texas does not make venue appropriate in the District of Columbia. Therefore, this case should be dismissed under Rule 12(b)(3).

## IV.   **CONCLUSION & PRAYER**

Plaintiff's Response fails to address or meet the requirements necessary to establish personal jurisdiction or proper venue in this Court. Therefore, for the reasons discussed in both the Motion to Dismiss and this Reply, the Lee County Defendants respectfully urge the Court to dismiss the claims against them in this case.

Respectfully submitted,

By: /s/ S. Cass Weiland
    S. Cass Weiland
    Texas State Bar No. 21081300
    Admitted to Practice in D.D.C. 1975

PATTON BOGGS, LLP
2001 Ross Avenue, Suite 3000
Dallas, Texas 75201
Telephone: (214) 758-1500
Facsimile: (214) 758-1550

**ATTORNEY FOR LISA TIENERT, LEE COUNTY, TEXAS, AND OFFICE OF THE SHERIFF, LEE COUNTY, TEXAS**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing document has been forwarded to Plaintiff at the following known address via certified mail, return receipt requested on this the 9th day of August, 2007.

Rhett W. Pease
1032 PR 7039
Lexington, Texas 78947

/s/ S. Cass Weiland
S. Cass Weiland