UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RHETT W. PEASE,<br>*Plaintiff,*<br><br>v.<br><br>OFFICE OF CHILD SUPPORT ENFORCEMENT OF THE UNITED STATES OFFICE OF THE DIRECTOR, CECELIA BURKE, In Her Individual and Official Capacity; OFFICE OF THE ATTORNEY GENERAL; COUNTY OF LEE; RIQUE BOBBITT, In His Individual Capacity; JANELL PEASE, In Her Individual Capacity; TERRELL FLENNIKEN, In His Individual and Official Capacity; ROBERT GRAZCO, In His Individual and Official Capacity; LISA TEINERT, In Her Individual and Official Capacity; LISA ANN HUBACEK, In Her Individual and Official Capacity; and OFFICE OF THE SHERIFF, LEE COUNTY, TEXAS,<br>Defendants. | § § § § § § § § § § § § § § § § § § § § § § § |

Civil Action No. 1:07-cv-00599-EGS

Leave to file is GRANTED.

/s/ Sullivan
SULLIVAN
Judge, U.S. District Court
DATE: 8/3/07

## DEFENDANT'S MOTION TO DISMISS

TO THE HONORABLE EMMET G. SULLIVAN, UNITED STATES DISTRICT COURT:

Defendant Office of the Attorney General of Texas files this Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b), and would show the Court as follows:

I.
INTRODUCTION

Plaintiff, Rhett W. Pease ("Pease") filed the instant action alleging violation of his constitutional rights and various federal statutes by a number of defendants, including the Office of the Attorney General of the State of Texas ("OAG"). At all times relevant to this lawsuit, the Office of the Attorney General was and is an agency of the State of Texas.

Specifically, Pease claims that he was (1) "denied access to the law due to conflict of interest"; (2) "denied parental rights without due process"; (3) "denied property without due process"; (4) "falsely arrested and imprisoned for fictitious debt"; (5) "subjected to cruel and unusual punishment"; and, (6) "denied the right to participate in commerce and to contract." Together, these claims allege violation of Pease's rights under the 4th, 5th, 8th, and 14th Amendments to the United States Constitution.

## II.
## ARGUMENT AND AUTHORITIES

### A.    PERSONAL JURISDICTION

"A personal jurisdiction analysis requires that a court determine whether jurisdiction over a party is proper under the applicable local long-arm statute and whether it accords with the demands of due process." *United States v. Ferrara*, 311 U.S. App. D.C. 421, 54 F.3d 825, 828 (D.C. Cir. 1994) (citations omitted). "As there is not applicable federal long-arm statute, jurisdiction over [the defendant] must be determined be reference to District of Columbia law." *Id.* The District of Columbia long-arm statute provides that "A District of Columbia court may exercise personal jurisdiction over a *person*, who acts directly or by an agent, as to a claim for relied arising from the *person*'s..." D.C. Code Ann. § 13-423 (2007) (*emphasis* added).

The D.C. long-arm statute provides jurisdiction to the full extent of the Due Process Clause of the Constitution. *Ferrara* 54 F.3d at 828. "A court's jurisdiction over a defendant satisfies the demands of due process when there are 'minimum contacts' between the defendant and the forum 'such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Id.* citing *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). "The

'defendant's conduct and connection with the forum State must be such that he should reasonably anticipate being hauled into court there." *Id. citing World-Wide Volkswagen Corp. v. Woodsoni*, 444 U.S. 286, 297 (1980).

Pease has failed to plead sufficient facts to establish that the OAG has sufficient minimum contacts with the District of Columbia to establish this Court having jurisdiction over it. Furthermore, regardless of whether sufficient minimum contacts exist, this Court cannot establish personal jurisdiction over the OAG because the District of Columbia's long-arm statute provides for jurisdiction over a non-resident "person" who transacts business there. D.C. Code Ann. § 13-423(a)(1). The OAG, an agency of the State of Texas, is not a "person" for purposes of the D.C. long-arm statute. *See United States v. Ferrara*, 311 U.S. App. D.C. 421, 54 F.3d 825, 831 (D.C. Cir. 1994) (holding that a D.C. District court did not have personal jurisdiction over an employee of the State of New Mexico sued in her official capacity because the State of New Mexico was not a "person") *citing Will v. Michigan*, 491 U.S. 58, 64 (1989). Therefore, this Court lacks personal jurisdiction over the OAG and Pease's claims against it should be dismissed.

### B.   FAILURE TO STATE A CLAIM AND LACK OF SUBJECT MATTER JURISDICTION

Standard for Dismissal

"When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. U.S.*, 281 F.3d 158, 161 (5th Cir. 2001). "In ruling on a motion to dismiss for lack of subject matter jurisdiction, a court may evaluate (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by

undisputed facts plus the court's resolution of disputed facts." *Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001).

"It is incumbent on all federal courts to dismiss an action whenever it appears that subject matter jurisdiction is lacking." *Stockman v. Federal Election Com'n*, 138 F.3d 144, 151 (5th Cir. 1998) "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Mississippi, Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998) (citation omitted). "[T]he burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

### The Court Does Not Have Subject Matter Jurisdiction Over the Pease's Claims for Damages Against the OAG and Pease has Failed to State a Claim Upon Which Relief May be Granted

To the extent that the Pease has sued the OAG for damages his claims should be dismissed under Rule 12(b)(1) for want of subject matter jurisdiction. As stated above, Pease has pursued claims for damages for violations of his rights under the United States Constitution. Although it is not clearly articulated in Pease's complaint, section 1983 is the only vehicle through which a plaintiff can pursue a claim for damages for alleged violations of the United States Constitution. *Burns-Toole v. Byrne*, 11 F.3d 1270, 1273 n.3 (5th Cir. 1994), *citing Hearth, Inc. v. Dept. of Public Welfare*, 617 F.2d 381 (5th Cir. 1980). *See, also, Thomas v. Shipka*, 818 F.2d 496, 500 (6th Cir. 1987) ("[t]he Supreme Court has never recognized a cause of action arising directly under the Constitution in a case where § 1983 was available as a remedy"), *vacated on other grounds*, 488 U.S. 1036 (1989). Section 1983, however, does not abrogate Eleventh Amendment immunity. *Quern v. Jordan*, 440 U.S. 332, 341 (1979). Accordingly, the OAG, an agency of the State of Texas is immune from suit

and this Court lacks subject matter jurisdiction over Pease's claims against it.

Even if Pease could somehow evade Eleventh Amendment immunity, he still could "not state a § 1983 claim against the State." *Wisconsin Dept. of Corrections v. Schacht*, 524 U.S. 381, 390 (1998), *citing Will v. Michigan Dept. of State Police*, 491 U.S. 58, 64 (1989). Just as States are not "persons" under the D.C. long-arm statute, States are not "persons" for purposes of § 1983. *Will v. Michigan*, 491 U.S. 58, 64 (1989). Therefore, Pease has failed to state a claim against the OAG for which relief may be granted and his claims against the OAG should be dismissed.

### III.
### CONCLUSION AND PRAYER

ACCORDINGLY, Plaintiffs' claims against Defendant the Office of the Attorney General of the State of Texas should be dismissed, with prejudice, pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(2) and 12(b)(6) because the Court lacks subject matter and personal jurisdiction and because the Plaintiffs have failed to state a claim upon which relief can be granted.

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

DAVID S. MORALES
Deputy Attorney General for Civil Litigation

ROBERT B. O'KEEFE
Chief, General Litigation Division

                                                                        **THOMAS J. TURNER**
                                                                        Texas Bar No. 24043967
                                                                        Assistant Attorney General
                                                                        General Litigation Division
                                                                        P.O. Box 12548, Capitol Station
                                                                        Austin, Texas 78711-2548
                                                                        (512) 463-2120; FAX: (512) 320-0667

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy has been sent *via regular and U.S. certified mail, return receipt requested*, on this 30th day of July, 2007, to:

Rhett W. Pease, *in propria persona*
1032 PR 7039
Lexington, Texas 78947
Rhett W. Pease
P.O. Box 255
Lexington, TX 78947

THOMAS J. TURNER
Assistant Attorney General