# UNITED STATES DISTRICT COURT
## WASHINGTON, DISTRICT OF COLUMBIA

| | |
|---|---|
| Rhett Webster Pease, } | |
| } | |
| v. } | CIVIL ACTION NO. 1:07-CV-00599-EGS |
| } | |
| OFFICE OF CHILD SUPPORT } | |
| ENFORCEMENT, LEE COUNTY } | **MOTION TO STRIKE** |
| TEXAS, OFFICE OF THE ATTORNEY } | **TERRELL FLENNIKEN'S** |
| GENERAL OF TEXAS, JANELL PEASE} | **MOTION TO DISMISS** |
| RIQUE BOBBITT, LISA TEINERT } | |
| TERRELL FLENNIKEN, ROBERT } | |
| ORAZCO, OFFICE OF THE SHERIFF } | |
| LEE COUNTY, TEXAS, LISA ANN } | |
| HUBACEK } | |

MOTION TO STRIKE TERRELL FLENNIKEN'S MOTION TO DISMISS

COMES NOW Rhett Webster Pease, plaintiff in the above styled cause of action and moves this court to strike the attached motion of Terrell Flenniken for violation of the local rules of court and would show the court the following:

1. On or about the 10th day of August, 2007, THOMAS J. TURNER, Texas Bar Number 24043967 signed and caused to be filed with this court a pleading titled, "DEFENDANT'S MOTIONTO DISMISS".

2. THOMAS J. TURNER is not a member of the Bar of this Court and has made an appearance as lead counsel for TERRELL FLENNIKEN. No certificate appears of record pursuant to 83.2(b) of the local rules of this Court and said appearance is a violation of the local rules and should be stricken.

3. THOMAS J. TURNER is not a member of this Court and has not complied with Rule 83.2(c) of the local rules. TURNER has not joined a member of this Bar and has not joined a member of the Bar of this Court who is in good standing. TURNER does not have an

RECEIVED
AUG 2 2 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

office in the District of Columbia.

4. THOMAS J. TURNER has filed no motion to appear *pro hac vice* and has not complied with local rule of Court 83.2(d).

5. THOMAS J. TURNER is an Assistant Attorney General for the State of Texas and is attmepting to represent TERRELL FLENNIKEN in both his official and individual capacity. FLENNIKEN is neither a State or an agency. Said actions do not conform to local rule 83.2(f), which clearly states that TURNER can only, "represent the State or any agency thereof, irrespective of (c) and (d) above.

6. TURNER has not complied with local rule 83.2(j). No certificate is on file.

## CONCLUSION

It is clear from the record that at no time has THOMAS J. TURNER met any of the requirements of the local rules of this Court and as such all of his filings should be stricken. Further, FLENNIKEN has not filed any authorized answer in the time allowed and FLENNIKEN should be declared in default.

## PRAYER

WHEREAS it appears from the record that THOMAS J. TURNER has not complied with the local rules of court regarding non-member of this Court, all of his pleadings should be stricken from the record.

Dated: Lexington, Texas one of the serveral states
**August 16, 2007**

Respectfully,

_____
Rhett Webster Pease, Texan
% 1032 PR 7039

Lexington, Texas 78947
(512) 253-0218

## CERTIFICATE OF SERVICE

I, Rhett Webster Pease do hereby certify that a true and correct copy of the foregoing Motion to Strike Terrell Flenniken's Motion to Dismiss was sent to the following parties and their attorney's on this the 16th day of August, 2007, by either first class mail or by certified mail:

JANELL PEASE
530A CUTTY TRAIL
LAKEWAY, TEXAS 78736

PATTON BOGGS, Attorneys for Lee County, Texas
2001 Ross Avenue, Suite 3000
Dallas, Texas 75201

Rique Bobbitt
105 East Main
Cameron, Texas 76520

Robert Orazco
103 North Main
Bryan Texas 77803

Lisa Ann Hubacek
300 East 26th Street, Suite 116A
Bryan, Texas 77803

Cecilia Burke
370 L'Enfant Promenade, SW
Washington, DC 20447

Thomas J. Turner
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548

_____
Rhett Webster Pease

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| RHETT W. PEASE,<br>*Plaintiff,*<br><br>v.<br><br>OFFICE OF CHILD SUPPORT ENFORCEMENT OF THE UNITED STATES OFFICE OF THE DIRECTOR, CECELIA BURKE, In Her Individual and Official Capacity; OFFICE OF THE ATTORNEY GENERAL; COUNTY OF LEE; RIQUE BOBBITT, In His Individual Capacity; JANELL PEASE, In Her Individual Capacity; TERRELL FLENNIKEN, In His Individual and Official Capacity; ROBERT GRAZCO, In His Individual and Official Capacity; LISA TEINERT, In Her Individual and Official Capacity; LISA ANN HUBACEK, In Her Individual and Official Capacity; and OFFICE OF THE SHERIFF, LEE COUNTY, TEXAS,<br>Defendants. | § § § § § § § § § § § § § § § § § § § § § § | Civil Action No. 1:07-cv-00599-EGS |

## DEFENDANT'S MOTION TO DISMISS

TO THE HONORABLE EMMET G. SULLIVAN, UNITED STATES DISTRICT COURT:

Defendant Terrell Flenniken files this Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(2), and would show the Court as follows:

### I.
### INTRODUCTION

Plaintiff, Rhett W. Pease ("Pease") filed the instant action alleging violation of his constitutional rights and various federal statutes by a number of defendants, including Defendant Texas State District Judge Terrell Flenniken ("Judge Flenniken"). At all times relevant to this lawsuit, Judge Flenniken was and is a resident of the State of Texas. Judge Flenniken is the presiding judge of the 21st District Court of the State of Texas. He conducts no business in the

District of Columbia and none of the facts giving rise to the Plaintiff's claims against Judge Flinnicken occurred in the District of Columbia.

Specifically, Pease claims that he was (1) "denied access to the law due to conflict of interest"; (2) "denied parental rights without due process"; (3) "denied property without due process"; (4) "falsely arrested and imprisoned for fictitious debt"; (5) "subjected to cruel and unusual punishment"; and, (6) "denied the right to participate in commerce and to contract." Together, these claims allege violation of Pease's rights under the 4th, 5th, 8th, and 14th Amendments to the United States Constitution.

## II.
## ARGUMENT AND AUTHORITIES

### A.   PERSONAL JURISDICTION

"A personal jurisdiction analysis requires that a court determine whether jurisdiction over a party is proper under the applicable local long-arm statute and whether it accords with the demands of due process." *United States v. Ferrara*, 311 U.S. App. D.C. 421, 54 F.3d 825, 828 (D.C. Cir. 1994) (citations omitted). "As there is not applicable federal long-arm statute, jurisdiction over [the defendant] must be determined be reference to District of Columbia law." *Id.* The District of Columbia long-arm statute provides that "A District of Columbia court may exercise personal jurisdiction over a *person*, who acts directly or by an agent, as to a claim for relied arising from the *person*'s..." D.C. Code Ann. § 13-423 (2007) (*emphasis* added).

The D.C. long-arm statute provides jurisdiction to the full extent of the Due Process Clause of the Constitution. *Ferrara* 54 F.3d at 828. "A court's jurisdiction over a defendant satisfies the demands of due process when there are 'minimum contacts' between the defendant and the forum

2

'such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Id. citing International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). "The defendant's conduct and connection with the forum State must be such that he should reasonably anticipate being hauled into court there." *Id. citing World-Wide Volkswagen Corp. v. Woodsoni*, 444 U.S. 286, 297 (1980). A court may exercise either general or specific jurisdiction over a nonresident defendant. *Helicopteros Nacionales de Colombia S.A. v. Hall*, 466 U.S. 408, 414 nn. 8-9 (1984). General jurisdiction applies where a defendant's activities in the state are "substantial' or "continuous and systematic," even if the cause of action is unrelated to those activities. *Data Disc, Inc. v Systems Tech. Assoc.*, 557 F.2d 1280, 1287 (9th Cir. 1997). Likewise, "[a] plaintiff's unilateral activity in relation to a defendant cannot alone sustain personal jurisdiction under the 'minimum contacts' theory." *Shoppers Food Warehouse v. Moreno*, 746 A.2d 320, 325 (D.C. 2000) *citing Hanson v. Denckla*, 357 U.S. 235 (1958). "Rather, 'it is essential in each case that there be some act by which the defendant purposely avails itself of the privilege of conducting activities within the forum State.'" *Id.* Pease has failed to plead *any* facts which would establish that Judge Flenniken has substantial or systematic contacts with the District of Columbia. Accordingly, Pease has failed to plead sufficient facts to establish this Court having general jurisdiction over Judge Flenniken.

In *Helicopteros*, the U.S. Supreme Court "elucidated the distinction between general and specific jurisdiction cases: (1) 'When a State exercises personal jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum, the State is exercising specific jurisdiction over the defendant,' and (2) 'When a State exercises personal jurisdiction over a defendant in a suit not arising out of or related to defendant's contacts with the forum, the State has been said to be exercising general jurisdiction.'" *Id. citing Helicopteros, supra*. As stated above,

Pease has failed to plead any facts that would support this Court having general jurisdiction over Judge Flenniken. Where general jurisdiction is inappropriate, a court may still exercise specific jurisdiction if the suit arises out of the defendant's contacts with the forum. As is evident from Pease's pleadings, his claims against Judge Flenniken arise out of court proceedings that took place in the State of Texas. At no point does Pease complain of any actions taken by Judge Flenniken in the District of Columbia. Accordingly, Pease has failed to plead any facts to establish this Court having specific personal jurisdiction over Judge Flenniken.

Because Pease has failed to plead sufficient facts to establish that Judge Flinnicken has sufficient minimum contacts with the District of Columbia to establish this Court having jurisdiction over him, and because Pease has failed to allege any cause of action arising out of Judge Flenniken's contacts with the forum (of which there are none), this Court lacks personal jurisdiction over Judge Flenniken and Pease's claims against him should be dismissed.

### III.
### CONCLUSION AND PRAYER

ACCORDINGLY, Plaintiffs' claims against Defendant Terrell Flenniken should be dismissed, with prejudice, pursuant to Fed. R. Civ. P. 12(b)(2) because the Court lacks personal jurisdiction. Defendant Terrell Flenniken prays that this Court grant his Motion to Dismiss and request such further relief as he is entitled to.

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

DAVID S. MORALES
Deputy Attorney General for Civil Litigation

ROBERT B. O'KEEFE
Chief, General Litigation Division


/s/ Thomas J. Turner
**THOMAS J. TURNER**
Texas Bar No. 24043967
Assistant Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120; FAX: (512) 320-0667

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy has been sent *via regular and U.S. certified mail, return receipt requested*, on this 10th day of August, 2007, to:

Rhett W. Pease, *in propria persona*
1032 PR 7039
Lexington, Texas 78947
Rhett W. Pease
P.O. Box 255
Lexington, TX 78947

/s/ Thomas J. Turner
THOMAS J. TURNER
Assistant Attorney General



# UNITED STATES DISTRICT COURT
## WASHINGTON, DISTRICT OF COLUMBIA

Rhett Webster Pease,　　　　　　　　　}
　　　　　　　　　　　　　　　　　　　}
v.　　　　　　　　　　　　　　　　　　} CIVIL ACTION NO. 1:07-CV-00599-EGS
　　　　　　　　　　　　　　　　　　　}
OFFICE OF CHILD SUPPORT　　　　　　　}
ENFORCEMENT, LEE COUNTY　　　　　　　}
TEXAS, OFFICE OF THE ATTORNEY　　　　}
GENERAL OF TEXAS, JANELL PEASE}
RIQUE BOBBITT, LISA TEINERT　　　　　}
TERRELL FLENNIKEN, ROBERT　　　　　　}
ORAZCO, OFFICE OF THE SHERIFF　　　　}
LEE COUNTY, TEXAS, LISA ANN　　　　　}
HUBACEK　　　　　　　　　　　　　　　}

## ORDER OF DEFAULT AGAINST JANELL PEASE

CAME TO BE CONSIDERED on this the _____ day of _____, 2007, Rhett Webster Pease Motion for Default Judgment against defendant JANELL PEASE. This action having been commenced on March 28, 2007 by the filing of the Complaint and the plaintiff having requested that defendant, JANELL PEASE waive service on April 5, 2007. JANELL PEASE did not waive service and was served with a copy of the Summons and Complaint on June 9, 2007, by personal service, and the defendant not having answered the Complaint, and the time for answering the Complaint having expired. The Court therefore finds that JANELL PEASE, has defaulted and the Motion for default is GRANTED.

IT IS THEREFORE ORDERED that the plaintiff have judgment against defendant and it is hereby declared that the state court order titled "FINAL DECREE OF DIVORCE", in cause number 12380 in the 21st Judicial District of Lee County, Texas, is void.

IT IS FURTHER ORDERED that Rhett Webstere Pease has not violated any

vexatious litigant statute and the order dated January 2, 2004 that was executed by TERRELL FLENNIKEN violates the plaintiffs due process rights and is also hereby declared void;

IT IS ALSO ORDERED that defendant JANELL PEASE has conspired to violate the parental rights of Rhett Webster Pease and is liable for $250,000.00 in compensatory damages;

IT IS ALSO ORDERED that defendant JANELL PEASE is liable to plaintiff for breach of contract as to custody of his children. Defendant JANELL PEASE is liable to the plaintiff for punative damages in the amount of $3,500,00 for the extreme emotional damage that she has done to Rhett Webster Pease and her own children.

JANELL PEASE is also liable to Rhett Webster Pease for all costs of this court and all other relief to which this Court feels Rhett Webster Pease is entitled.


Dated: Washington, D.C.



_____          _____
                                         UNITED STATES DISTRICT JUDGE



This document was entered on the docket on:_____

# UNITED STATES DISTRICT COURT
## WASHINGTON, DISTRICT OF COLUMBIA

Rhett Webster Pease,            }
                                }
v.                              }   CIVIL ACTION NO. 1:07-CV-00599-EGS
                                }
OFFICE OF CHILD SUPPORT         }
ENFORCEMENT, LEE COUNTY         }
TEXAS, OFFICE OF THE ATTORNEY   }
GENERAL OF TEXAS, JANELL PEASE  }
RIQUE BOBBITT, LISA TEINERT     }
TERRELL FLENNIKEN, ROBERT       }
ORAZCO, OFFICE OF THE SHERIFF   }
LEE COUNTY, TEXAS, LISA ANN     }
HUBACEK                         }

### ORDER STRIKING FILINGS BY THOMAS J. TURNER

CAME TO BE CONSIDERED on this the _____ day of _____, 2007, Rhett Webster Pease's Motion To Strike Terrell Flenniken's Motion To Dismiss. The Court, having considered the Motion To Strike, finds that the Motion is meritorious and should be GRANTED.

IT IS THEREFORE ORDERED that all pleadings signed by THOMAS J. TURNER be striken from the record.

IT IS FURTHER ORDERED that Rhett Webster Pease is entitled to all costs associated with this Motion from defendant TERRELL FLENNIKEN.

Dated: Washington, D.C.

_____            _____
                                   UNITED STATES DISTRICT JUDGE


This document was entered on the docket on:_____