# UNITED STATES DISTRICT COURT
WASHINGTON, DISTRICT OF COLUMBIA

| | |
|---|---|
| Rhett Webster Pease<br><br>V.<br><br>OFFICE OF CHILD SUPPORT ENFORCEMENT, LEE COUNTY TEXAS, OFFICE OF THE ATTORNEY GENERAL OF TEXAS, JANELL PEASE RIQUE BOBBITT, LISA TEINERT, TERRELL FLENNIKEN, ROBERT ORAZCO, OFFICE OF THE SHERIFF LEE COUNTY, TEXAS, LISA ANN KUBACEK | CAUSE NO.<br><br>1:07-cv-00599-EGS<br><br>Addendum to First amended Petition to enforce protected rights and for declaratory and injunctive relief and damages to incorporate additional Defendants and causes of action |

1. Rhett Webster Pease, (Plaintiff) files this, his Addendum to First Amended Petition to enforce rights protected under the Constitution of the United States and for declaratory and injunctive relief and damages. It is necessary for Pease to add an addendum to his first amended pleading, as additional parties, namely Jeffrey Rogers, City of Lakeway, Lakeway Mayor Steve Swan, Detective Chris Walling and Travis County have joined Janell Pease in her conspiracy to deprive Plaintiff of his parental rights.

2. At al times, in all planes of jurisdiction, and in all places relevant hereto, Plaintiff invokes the constitution of the United States as amended A.D. 1791 and the organic Constitution of Texas, the same being in full force and effect, and shows the honorable court:

1.

JURISDICTION

3. This is a suit for injunctive, declaratory relief, and a request for damages against

Defendants, as well as a criminal complaint against said Defendants for continuing acts, under color of law, which deprived and continue to deprive Plaintiff of rights secured under the Constitution of the United States and the Texas Constitution, for conspiring for the purpose of personal gain and impeding and hindering the due course of justice, with intent to deny Plaintiff equal protection of laws; and for refusing or neglecting to prevent such deprivations and denials to Plaintiff.

4. This Court has jurisdiction under the Foreign Sovereign Immunities Act, Public Law 94-583, Oct. 21, 1976, 90 Stat. 2891 by amending Title 28 U.S.C. through the addition of section 1330. This court also has jurisdiction under Title 28 Section 1332(a)(2). This court also has jurisdiction pursuant to Title 28 U.S.C. Section 1331, the right of the people to be secure in their persons, house, papers, and effects against unreasonable searches and seizures, shall not be violated; and no Warrants shall issue, but upon probable cause supported by Oath or affirmation, and particularly describing the place to be searched and the persons or things to be seized under the Fourth Amendment to the Constitution of the United States, under the under due process under the Fifth Article of Amendment to the Constitution of the United States, specifically Title 18 U.S.C. Section 241 and Title 18 U.S.C. Section 1001 and when held to a crime, the accused has the right to assistance of counsel for his defense, under the Sixth Amendment to the Constitution of the United States.

The Court has further jurisdiction under 18 U.S.C. § 241 and 242 as well as Title 18, Chapter 25, §§ 513, 514.

A diversity of citizenship is presented to this court in excess of $75,000, pursuant to 28 USC Section 1332.

II.

VENUE

5. Plaintiff lives on the land on Texas and is entitled to the protection of the law of the land under the protection of the Constitution of United States and has been endowed with his Creator with certain unalienable rights, that among these are Life, Liberty and the pursuit of Happiness. — That to secure these rights, Governments are instituted among Men, deriving their just powers from the consent of the governed. That he is entitled to the protection of any government instituted by Men, and invokes those protections in Texas.

6. Defendants, being federal citizens or persons have no venue or jurisdiction within the boundaries of Texas.

7. Defendants, being federal citizens or persons have no power to determine who has right to title, use or possession of property situated within the venue of the boundaries of Texas.

II.

ADDITIONAL PARTIES

8. Plaintiff Rhett Webster Pease is a Citizen of Texas within the meaning of the Constitution of the United States, Article IV, Section 2 and does not have dual federal citizenship. Rhett Webster Pease is an inhabitant of Texas, one of the posterity named in the Preamble to the Constitution of the United States and is domiciled on Lee county Texas within the boundaries of Texas as in #24 below. The attached document entitled *Affidavit, Proof of Identity, Status, Capacity and Political Self-Determination, Verified Claim* recorded as #2007104591 in the records of the Travis county clerk, is

incorporated herein as if set out at length.

9. Defendant, City of Lakeway can be served by serving Mayor Steve Swan, 1102 Lohmans Crossing, Lakeway, TX 78734. At all times mentioned the City of Lakeway conspired with Defendants Lee County Sheriff, Travis County, Janell Pease and Jeffrey Rogers to deprive Plaintiff of rights.

10. Defendant Mayor Steve Swan can be served at 1102 Lohmans Crossing, Lakeway, TX 78734. At all times mentioned, Defendant Swan conspired with defendants Lee County Sheriff, Janell Pease, Jeffrey Rogers, Chris Walling and Travis County to deprive Plaintiff of rights.

11. Defendant Jeffrey Rogers is a federal citizen of the United States and a resident alien in relation to Texas, uses a federal account number. Defendant can be served at 530A Cutty Trail, Lakeway, TX 78734. At all time Defendant Rogers interfered with Plaintiff's parental rights and conspired with Walling, City of Lakeway, Lee County Sheriff and Travis County to deprive Plaintiff of parental rights.

12. Defendant, Chris Walling is an employee of the City of Lakeway, who functions as a municipal policeman. Defendant Walling can be served at 104 Cross Creek, Lakeway, TX 78734. Walling conspired with the City of Lakeway, Jeffrey Rogers, Janell Pease, the Lee County Sheriff and Travis County to deprive Plaintiff of parental rights.

13. Defendant, Janell Pease, is a federal citizen of the United States and a resident alien in relation to Texas, uses a federal account number and applies for benefits using same. Defendant has a pecuniary interest in the underlying deprivations. Defendant resides at 530A Cutty Trail, Lakeway, TX 78734.

14. Defendant Travis County is a legal subdivision of the State of Texas, operates as COUNTY OF TRAVIS and can be served through County Judge Sam Biscoe at 314 W. 11th St. #520, Austin, TX 78701. Travis County at all times conspired with City of Lakeway, Lee County Sheriff, Jeff Rogers and Janell Pease to deprive Plaintiff of his civil liberties.

15. Defendants City of Lakeway, Steve Swan, Chris Walling, Jeff Rogers, Janell Pease, Lee County Sheriff and Travis County have conspired to deprive and criminalize First Amendment right to free speech, i.e., the right to speak to his children by telephone. Defendants City of Lakeway, Steve Swan, Chris Walling, Jeffrey Rogers, Janell Pease, Lee County Sheriff and Travis County have conspired to deprive Plaintiff the rights guaranteed to him by the Fourth, Fifth and Sixth Amendments to the Constitution of the United States and commit numerous violations of Texas law.

STATEMENT OF FACTS

16. On June 9, 2007, Plaintiff caused to be served the Summons and First Amended Complaint in this case. Defendant Janell Pease's response was to call the police, wherein she claimed she had a Protective Order and Plaintiff was committing criminal trespass. (See attached Call Sheet Report, attached hereto and incorporated herein).

17. On June 9, 2007, Plaintiff attempted to call his children on the only telephone number he has, that of Janell Pease. Defendant Jeffrey Rogers called the Lakeway police and claimed harassment on the part of Pease for attempting to speak with his children.

18. Defendant Chris Walling, who is apparently a detective for the City of Lakeway police department, investigated this charge and subsequently signed an affidavit for

arrest for Harassment, a Class B misdemeanor. Walling's Affidavit gives the appearance of an Information, the charging document for Class B misdemeanors. Walling presented this Affidavit to a municipal judge of the City of Lakeway and had an Arrest Warrant signed by said judge.

19. On July 13, 2007, Plaintiff had scheduled a hearing in Lee County District Court, for change of venue in Cause No. 12380. Judge Flenniken recused himself and remanded Plaintiff to the custody of the Lee County Sheriff, stating, "It appears there is an outstanding warrant for your arrest out of Travis County." The Lee County Sheriff was not in possession of an arrest warrant as promulgated by Texas Code of Criminal Procedure, Chapter 15. The code makes allowances for a warrant to be telegraphed, Arts. 15.08, 15.09, 15.10. The telegraph sent to Lee County does not meet the requirements of those articles. CCrP Art. 15.06 WARRANT EXTENDS TO EVERY PART OF THE STATE. A warrant of arrest, issued by any county or district clerk, or by any magistrate (except mayors of an incorporated city of town), shall extend to any port of the State; and any peace officer to whom said warrant is directed, or into whose hands the same has been transferred, shall be authorized to execute the same in any county in this State. CCrP Art. 15.07 states: "when a warrant of arrest is issued by any mayor of an incorporated city or town, it cannot be executed in another county than the one in which it issues, except: 1. It be endorsed by a judge of a court of record, in which case it may be executed anywhere in the State; or 3. If it be endorsed by any magistrate in the county in which the accused is found, it may be executed in such county. The endorsement may be: "Let this warrant be executed in the county of .....". Or, if the endorsement is made by a judge of a court of record,

then the endorsement may be: "Let this warrant be executed in ay county of the State of Texas". Any other words of the same meaning will be sufficient. The endorsement shall be date, and signed officially by the magistrate making it."

The Lee County Sheriff, knowing that there he had no warrant and knowing that the teletypes sent to his office did not rise to the standard of an arrest warrant, nevertheless, arrested and incarcerated Plaintiff. Plaintiff was magistrate the next day. The Magistrate has sworn an affidavit that there was no paperwork or warrant for arrest in the file. (Affidavit is attached and incorporated herein)

On July 14, 2007, Plaintiff posted bond of $2500.00 to Cause No. 83056, Lakeway Municipal Court. Plaintiff has never been informed of an appearance date, due to the fact that Lakeway Municipal Court can not hear any charge over a Class C misdemeanor. It is forbidden by law from hearing a Class B misdemeanor. Plaintiff posted bond to a court that could not issue a state wide warrant and can not hear the charge.

The City of Lakeway conspired with Lee County Sheriff to falsely arrest and falsely incarcerate Plaintiff as punishment for attempting to utilize a civil court.

When the City of Lakeway issues a warrant of arrest, under Texas law it is called a mayor's warrant, (TCCrP Art. 15.06) as the mayor is the CEO of the corporation which functions under a city charter of incorporation. Defendant Mayor Steve Swan conspired to deprive Plaintiff of rights guaranteed by the Fourth, Fifth and Sixth amendments to the Constitution of the United States.

20. The City of Lakeway, having no legal grounds to hear Cause No. 83056, and bond having been posted to same on July 14, 2007, on September 26, 2007, walked

the case into Travis County and at that point, the Travis County Attorney's Office superimposed its Cause no. C-1-CR-07-401448 onto the City of Lakeway Municipal Court Cause No. 000083056, presumably giving the charge legitimacy more than two months after arrest. Travis County conspired with City of Lakeway to cover up and conceal the crime of unlawful arrest and unlawful incarceration.

21. Plaintiff has at no time been present in the City of Lakeway for the charges which have been brought against him. If Plaintiff had been in the City of Lakeway and committed a crime over a Class C misdemeanor, the process for charging and arresting him are: A complaint enumerating the charges must be filed with the Travis County Attorney. The Travis County attorney then issues an Information enumerating the charge. If the one charged has not been arrested on the scene of the alleged crime, the County of Travis issues a warrant of arrest, and that warrant can be enforced statewide. The Texas Code of Criminal Procedures promulgates the lawful manner in which charges and arrests are brought. None of the Defendants, Lee County Sheriff, City of Lakeway nor Travis County followed the procedures of the law, in violation of Plaintiff's civil liberties.

22. On November 17, 2007, Plaintiff scheduled a hearing in the Lee County District Court, a specially assigned Judge Delaney was to hear the case. Prior to the hearing, Judge Delaney had signed a capeas on a child support enforcement matter, of which the Lee County Sheriff had been informed. In addition, the City of Lakeway had faxed two warrants of arrest from its fax number 5123147561. Neither of the Warrants for arrest contains the requisite signature or seal of a Travis County magistrate. Both warrants are Mayor's Warrants. The Lee County Sheriff, knowing that the Lakeway

warrants do not conform to Texas law, nevertheless is holding Plaintiff in jail to those warrants. Plaintiff has posted bond in the amount of $2,968.86 to the Child support capias. The Lee County Sheriff, with full knowledge he is committing criminal acts, continues to hold Plaintiff in jail to a Mayor's warrant from a municipality.

23. Plaintiff attaches to this Addendum, a letter signed by Dolly Day, which attests to the fact that there are no outstanding warrants to Class B misdemeanors in Travis County, the county seat for the City of Lakeway. The City of Lakeway is precluded from issuing statewide warrants in Texas. The City of Lakeway, functioning under a charter of incorporation can not and does not afford lawful due process as guaranteed by the Constitution of the United States and is conspiring with the Lee County Sheriff in deprivation of Plaintiff's liberty.

24. Janell Pease has made the statement many times to many people that she will see that Rhett Pease spends the rest of his life in jail. She has made the statement many times to many people that every time Rhett attempts to go to court she will make certain that he is arrested, until he finally gets the message and abandons the attempt to see or contact "her" children.

25. If the City of Lakeway followed the law and lawful process, it would not be able to arrest Plaintiff at every appearance in a civil court. The City of Lakeway makes and signs warrants, does not send the charges to Travis County, but on the day Steve Swan knows Plaintiff will appear in a court, makes certain the Lee County Sheriff is apprised of the "warrants". In this instance, the "warrants" were faxed to the Lee County Sheriff's office on the day preceding the hearing in order for the Lee County Sheriff to have the warrants in hand.

26. Plaintiff had a civil court setting in Travis County the first week of August, 2007. The Warrant of Arrest dated July 27, 2007, was issued in an attempt to end in his arrest. The plaintiff in the civil action, William Vieth gave testimony during the hearing that he had been in contact with Janell Pease to coordinate arrests for Rhett Pease. The judge was given a note from Veith's attorney that Pease had outstanding warrants for his arrest, prejudicing the judge and his decision, the judge sent his clerk to get the Sheriff's deputies, and the deputy was informed there was an outstanding arrest warrant out of Lakeway. The deputy called Lakeway and was told there was a valid county wide warrant of arrest. However, this was the Travis County Sheriff's Office, and the deputy had the good sense to call Travis County warrants division and was informed there was no warrant of arrest. The Travis County deputy, having knowledge that he could not arrest on a municipal warrant, sent Pease on his way.

27. The second warrant of arrest from Lakeway was issued September 7, 2007, as another hearing had been scheduled in Lee County District Court. However, Plaintiff did not appear at that hearing. It is clear that the warrant, No. 84215 was held by the City of Lakeway until Plaintiff would appear in court so he could be falsely arrested one more time.

28. Plaintiff scheduled a hearing on November 16, 2007 and the two Mayor's Warrants were faxed to the Lee County Sheriff, resulting in the unlawful arrest and incarceration of Plaintiff.

29. If the City of Lakeway was concerned about the crimes of telephone calls, it had plenty of time between July 27,2007 and September 7, 2007, to present the complaints to the Travis County Attorney's Office and allow Travis County to issue informations

and warrants of arrest before November 16, 2007. However, that would not fit into the plans of Janell Pease, as she has no willing accomplices in Travis County who would make certain that Plaintiff is arrested on Janell's time table. At all times, Janell Pease, Jeffrey Rogers, Steve Swan, Chris Walling, City of Lakeway and the Lee County Sheriff's Office conspired to illegally and unlawfully deprive Plaintiff of his liberty.

30. Plaintiff has removed City of Lakeway Cause Nos. 84215, 83056 and 83555 to this court for joinder.

**COUNT 1**
**CONSPIRACY TO DEPRIVE PLAINTIFF OF HIS LIBERTY**

31. At all times complained of, Janell Pease, Jeffrey Rogers, Chris Walling, Steve Swan and the Lee County Sheriff's Office had, and now have, conspired to lie in wait and pounce with arrest and incarceration when Plaintiff appears for court hearings. Defendant Travis County conspired with City of Lakeway to cloak the first such unlawful arrest on July 13, 2007 with legitimacy.

32. Plaintiff is at this time illegally incarcerated by the Lee County Sheriff on two Mayor's warrants which can not, by Texas law, extend beyond the boundaries of the City of Lakeway.

**COUNT 2**
**SUBJECTED TO CRUEL AND UNUSUAL PUNISHMENT**

52. Plaintiff re-alleges the previous count, with the same force and effect as if fully stated herein.

53. As a result of their concerted, unlawful, and malicious abuse of Plaintiff, above mentioned Defendants intentionally, or with deliberate indifference and callous disregard of Plaintiff's rights and civil liberties, deprived Plaintiff of his right to equal protection of the laws and impeded the due course of justice, in violation of the Fifth

Amendment of the Constitution of the United States and 18 USC Sections 241, 242 and 1001.

54. WHEREFORE, Plaintiff, Rhett Webster Pease, demands judgment against Defendants -- Janell Pease, Jeffrey Rogers, Chris Walling, Steve Swan, City of Lakeway and Travis County, jointly and severally, for compensatory damages in an amount determined by a jury, for each false arrest and for each day Plaintiff has been unlawfully confined without lawful warrant in the amount of $50,000.00 per day. Plaintiff further demands judgment against each of said Defendants (except County), jointly and severally, for punitive damages in the amount of $500,000.00.

## CONCLUSION

55. At all times mentioned the Defendants have willfully interfered with Plaintiff's Creator endowed parental rights by refusing to allow Plaintiff the right to talk to his children and further, they have held him to a non-existent protective order. Plaintiff is paying the ultimate penalty for a crime he did not commit and for which he has not been accused. In addition, Plaintiff is being denied any and all access to the Courts by the use of abuse of process to arrest him every time he appears in court. Said actions have deprived Plaintiff of his unalienable rights and are in violation of his self determination and his religious beliefs. Said religious beliefs override any and all statutory, presumed, alleged, or implied code.

56. Plaintiff asks that any and all damages he has requested be granted, in addition to any other costs the Court deems proper.

57. Plaintiff reserves the right to add additional parties as the commit trespass on his rights.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 17, 2007

Rhett Webster Pease
Without prejudice
1032 PR 7039
Lexington, Texas [78947]
(512) 253-0218

CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I have sent a true and correct copy of Addendum to First Amended Petition by certified mail to:

PATTON BOGGS
2001 Ross Avenue, Suite 3000
Dallas, Texas 75201

# Call Sheet Report
Lakeway Police Department

| | | | |
|---|---|---|---|
| Call # | 07-007414 | Dispatcher | SMITH, E. |
| Date/Time | 6/9/2007 15:05 | Disposition | OTHER |
| Type | CRIMINAL TRESPASS | Zone | A |
| How Rcvd | PHONE | Priority | |

## Location Address
530 CUTTY TRAIL A LAKEWAY TX 78734

## Caller Name/Address
JANELL PEASE

## Notes

| Entered By | Date/Time | Note |
|---|---|---|
| SMITH, E. | 06/09/2007 3:09:11 PM | JANELL CALLED VIA 911 THAT HUSBAND RHETT WAS AT 530 A CUTTY TRAIL, AND SHE HAD A PO ON HIM AT THAT HE WOULD BE CRIMINAL TRESSPASS |
| SMITH, E. | 06/09/2007 3:09:44 PM | NO P.O. ON FILE AT OFFICE. PREVIOUS INCIDENTS SHOW CT FOR ELEMENTARY ONLY. |
| SMITH, E. | 06/09/2007 3:10:41 PM | OFFICERS ADVISED THAT SON STATED THAT RHETT ONLY DROVE BY BUT DID NOT STOP |
| SMITH, E. | 06/09/2007 3:13:38 PM | ACTUAL TIMES ARE 735-ASSIGN/ENROUTE-14:58 /AC2-ASSIGN/ENROUTE ARRIVED 15:02 |
| SMITH, E. | 06/09/2007 3:19:08 PM | ADVISED NO FURTHER STATUS CHECK REQ |

## Officers

Officer A. PURCELL | Agency LAKEWAY PD | Primary Y | Unit 743
Assigned 15:06 | Enroute | Arrived | De-assigned 15:07 | Cleared 15:07 | Total Time
Type | Trans Start | Mileage
Location | Trans End | Mileage
Description
To Station | At Station | Disposition
Case Numbers

Officer J. BRINKMAN | Agency LAKEWAY PD | Primary Y | Unit 735
Assigned 15:06 | Enroute 15:08 | Arrived 15:08 | De-assigned | Cleared 15:25 | Total Time 00:17
Type | Trans Start | Mileage
Location | Trans End | Mileage
Description
To Station | At Station | Disposition OTHER
Case Numbers

Officer R. LATHAM | Agency LAKEWAY PD | Primary Y | Unit AC2
Assigned 15:07 | Enroute 15:08 | Arrived 15:08 | De-assigned | Cleared 15:25 | Total Time 00:17
Type | Trans Start | Mileage
Location | Trans End | Mileage
Description
To Station | At Station | Disposition OTHER
Case Numbers

## Radio Messages

| Date | Time | Entered By | Officer | Description |
|---|---|---|---|---|
| 06/09/2007 | 15:06 | SMITH, E. | PURCELL, A. | UNIT ASSIGN |
| 06/09/2007 | 15:06 | SMITH, E. | BRINKMAN, J. | UNIT ASSIGN |

# Call Sheet Report

Lakeway Police Department

| | | | | |
|---|---|---|---|---|
| 06/09/2007 | 15:07 | SMITH, E. | LATHAM, R. | UNIT ASSIGN |
| 06/09/2007 | 15:07 | SMITH, E. | PURCELL, A. | UNIT DEASSIGN |
| 06/09/2007 | 15:07 | SMITH, E. | | UNIT RE-ASSIGNED TO NEW CALL Call# 07-007413 |
| 06/09/2007 | 15:08 | SMITH, E. | LATHAM, R. | UNIT ENROUTE |
| 06/09/2007 | 15:08 | SMITH, E. | LATHAM, R. | UNIT ARRIVE |
| 06/09/2007 | 15:08 | SMITH, E. | BRINKMAN, J. | UNIT ENROUTE |
| 06/09/2007 | 15:08 | SMITH, E. | BRINKMAN, J. | UNIT ARRIVE |
| 06/09/2007 | 15:12 | SMITH, E. | LATHAM, R. | UNIT WELFARE CHECK Previous check time: 15:07 Current check time: 15:12 Welfare limit time: 00:05 |
| 06/09/2007 | 15:12 | SMITH, E. | BRINKMAN, J. | UNIT WELFARE CHECK Previous check time: 15:06 Current check time: 15:12 Welfare limit time: 00:05 |
| 06/09/2007 | 15:18 | SMITH, E. | LATHAM, R. | UNIT WELFARE CHECK Previous check time: 15:12 Current check time: 15:18 Welfare limit time: 00:05 |
| 06/09/2007 | 15:18 | SMITH, E. | BRINKMAN, J. | UNIT WELFARE CHECK Previous check time: 15:12 Current check time: 15:18 Welfare limit time: 00:05 |
| 06/09/2007 | 15:24 | SMITH, E. | LATHAM, R. | UNIT WELFARE CHECK Previous check time: 15:18 Current check time: 15:24 Welfare limit time: 00:05 |
| 06/09/2007 | 15:25 | SMITH, E. | LATHAM, R. | UNIT CLEARED |
| 06/09/2007 | 15:25 | SMITH, E. | BRINKMAN, J. | CALL CLEARED |
| 06/09/2007 | 15:25 | SMITH, E. | BRINKMAN, J. | UNIT CLEARED |

Affidavit of Honorable Nick Hester

STATE OF TEXAS
COUNTY OF TRAVIS

On this day, Nick Hester appeared before me, the undersigned notary public, and after I administered an oath to him, upon his oath, he said:

"My name is Nick Hester, I am the Justice of the Peace in Precinct 3 of Lee County, Texas. I am more than 21 years of age and capable of making this affidavit.

On Saturday July 14, 2007, I was at the Lee County Jail and magistrated Rhett Webster Pease. I looked in the file and commented that their was no paperwork in the file. The Lee County Sheriff had no warrant for arrest in the file. I did not see a warrant for arrest.

Further affiant sayeth not."

Nick Hester
Nick Hester

SWORN TO and SUBSCRIBED before me by Nick Hester on this the 17 day of July, 2007.

GENA CONNER
Notary Public, State of Texas
My Commission Expires
November 17, 2010

Gena Conner
Notary Public in and for
the State of Texas

# WARRANT OF ARREST

THE STATE OF TEXAS
VS.
**Pease, Rhett Webster**
1040 County Road 348
Lexington, Texas 78947

| SEX | RACE | D.O.B. | Driver's Lic.Number |
|---|---|---|---|
| M | W | 01/06/1961 | TX N/A |

**Judge, Municipal Court** Lakeway, Texas

Come to hand same day issued and executed on ________ day of ____________, 2007
By arresting the said ____________

**BOND** : $ 15,000.00 cash or Surety requested (Δ now out ~~on bond~~ on same offense) (initials)

Peace Officer ____________

**THE STATE OF TEXAS**
**County of Travis**

**In the Municipal Court**
**City of Lakeway**
**Travis County, Texas**

**TO ANY PEACE OFFICER OF THE STATE OF TEXAS, GREETING:**

**WHEREAS** Complainant under oath in writing has been made before me, charging that in the City of Lakeway, County of Travis, and State of Texas
**Pease, Rhett Webster**
**Did commit the offense of** **(Cause Number)** 00084215 **(Date)** ________
**Harassment PC 42.07 Class B Misd**
Provided, and against the peace and dignity of the State (and against the Ordinances of the City of Lakeway, Texas.)

**THESE ARE THEREFORE TO COMMAND YOU** to arrest the above-named person and bring same before the Municipal Court in the City of Lakeway, immediately, to answer said complaint.

**HEREIN FAIL NOT,** but due service and return make of this Writ as the law directs.

Given under my hand at office this the 7th day of Sept., A.D., 2007

[signature]
**Judge of Municipal Court, City of Lakeway**

Travis County, Texas
THE STATE OF TEXAS
COUNTY OF ____________

Let this warrant be executed in ________ County of the State of Texas

Witness my official signature this ______ day of ____________, 2007

**Judge** **Court**
**County, Texas**

# WARRANT OF ARREST

THE STATE OF TEXAS
VS.
**Pease, Rhett Webster**
1040 County Road 348
Lexington, Texas 78947

| SEX | RACE | D.O.B. | Driver's Lic. Number |
|---|---|---|---|
| M | W | 01/06/1961 | TX 05214547 |

**Judge, Municipal Court** **Lakeway, Texas**

Come to hand same day issued and executed on __________ day of __________, 2007
By arresting the said __________

SS# 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

**BOND** : $ 5,000 requested cash or surety requested (committed offense while on bond for same offense)

**Peace Officer** __________

**THE STATE OF TEXAS**
**County of Travis**

**In the Municipal Court**
**City of Lakeway**
**Travis County, Texas**

**TO ANY PEACE OFFICER OF THE STATE OF TEXAS, GREETING:**

**WHEREAS** Complainant under oath in writing has been made before me, charging that in the City of Lakeway, County of Travis, and State of Texas
**Pease, Rhett Webster**
**Did commit the offense of** 5309 **(Cause Number)** 0000083555 **(Date)** 7/27/07
**Harassment PC 42.07 Class B Misd**
Provided, and against the peace and dignity of the State (and against the Ordinances of the City of Lakeway, Texas.)

**THESE ARE THEREFORE TO COMMAND YOU** to arrest the above-named person and bring same before the Municipal Court in the City of Lakeway, immediately, to answer said complaint.

**HEREIN FAIL NOT,** but due service and return make of this Writ as the law directs.

Given under my hand at office this the 27 day of July, A.D., 2007

**Judge of Municipal Court, City of Lakeway**

Travis County, Texas
THE STATE OF TEXAS
COUNTY OF __________

Let this warrant be executed in __________ County of the State of Texas

Witness my official signature this _____ day of __________, 2007

**Judge** **Court**
**County, Texas**

Rhett Webster Pease
P. O. Box 255
Lexington, Texas 78947
November 17, 2007

Clerk of Court
United States District Court
For the District of Columbia
333 Constitution Avenue, N.W.
Washington, DC 20001

Dear Ms. Mayer-Whittington

Enclosed please find Defendant's Notice of Removal and Joinder from the MUNICIPAL COURT OF THE CITY OF LAKEWAY, Travis County, Texas in regard to Cause Nos. 83056, 000084215 and 000083555. For the economy of the court, I am asking that these removed cases be joined with Cause Number 1:07-cv-00599-EGS *Rhett Webster Pease v. OFFICE OF CHILD SUPPORT ENFORCEMENT, et al.*

Also, since I have no access to the records, I have requested that the clerk of the court of Lakeway Municipal Court remove and forward the cases and exhibits in the record of the court to you.

Thank you for your assistance.

Sincerely,

Rhett Webster Pease

UNITED STATES DISTRICT COURT
WASHINGTON, DISTRICT OF COLUMBIA

| | |
|---|---|
| Rhett Webster Pease | Cause No. |
| v. | 1:07-Cv-00599-EGS |
| Office of Child Enforcement, et al | NOTICE OF REMOVAL |

Notice of removal was served on Lakeway Municipal Court on November 16, 2007.

Removal is attached hereto.

Notice of Removal

IN THE LAKEWAY MUNICIPAL COURT

THE STATE OF TEXAS

VS.

Pease, Rhett Webster

LAKEWAY MUNICIPAL COURT FILED 2007 NOV 16 PM 5 03

DEFENDANT'S NOTICE OF REMOVAL

Defendant files this notice of removal under 28 U.S.C. §1446(a).

A. Introduction

1. In the action being removed, Plaintiff is Lakeway Municipal Court; defendant is Rhett Webster Pease.

2. On July 13, 2007 and November 16, 2007, plaintiff arrested without warrant defendant for Harassment in the Lakeway Municipal Court.

3. Although this case was not removable when originally filed, it became removable on dates of arrest because of warrantless arrest and unlawful incarceration. Lakeway Municipal Court does not have the authority to issue statewide warrants nor to prosecute Class B misdemeanors. Texas Code of Criminal Procedure Art 15.

B. Basis for Removal

4. Removal is proper because

(A) plaintiff's (here defendant) suit involves a federal question. 28 U.S.C. §§1331, 1441(b); *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 757-58 (6th Cir. 2000); *Peters v. Union Pac. R.R.*, 80 F.3d 257, 260 (8th Cir. 1996). Specifically, plaintiff's claim arises under violation of civil liberties. First, Fourth, Fifth and Sixth amendment violations.

(B) Rhett Webster Pease has an suit filed in Washington DC to determine the issue which is the underlying cause of action, discrimination, violations of due process, harassment, issuing municipal warrants outside the specific jurisdiction of the court and filing charges which, by law, can not be heard in a municipal court, merely to satisfy the complaints of Janell Pease, a resident of Lakeway. The Constitutional violations are sufficient to provide for the removal of this suit

5. There are no other plaintiffs who could consent to the removal of this case to federal court.

6. All pleadings, process, orders, and other filings in the state court action are attached to this notice as required by 28 U.S.C. §1446(a).

7. Venue is proper in this district under 28 U.S.C. §1441(a) because this district and division embrace the place where the removed action has been pending.

8. Defendant will file promptly a copy of this notice of removal with the clerk of the state court where the action has been pending.

C. Jury Demand

9. There is no jury demand in the municipal court action, as the municipal court does not have jurisdiction of the charge.

D. Conclusion

10. Because of the egregious behavior of the City of Lakeway, who both by Texas Code of Criminal Procedures and by City of Lakeway Charter, are confined to the boundaries of the municipality, they have chosen to be a defendant in the ongoing suit

RHETT WEBSTER PEASE

LAKEWAY MUNICIPAL COURT
FILED
2007 NOV 16 PM 5 03

CAUSE NUMBERS 83056, 000083555 and 000084215

IN THE MUNICiPAL COURT
CITY OF LAKEWAY
TRAVIS COUNTY, TEXAS

THE STATE OF TEXAS
VS.
PEASE, RHETT WEBSTER

2007 NOV 16 PM 5 03
LAKEWAY MUNICIPAL COURT
FILED

**NOTICE OF FILING OF NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that Rhett Webster Pease, defendant in the above-entitled action, on November 16, 2007, filed his Notice of Removal in the office of the Clerk of the United States District Court for the District of Columbia. Attached hereto is a copy of the Notice of Removal in accordance with 28 U.S.C. § § 1441, 1143 and 1446 which requires the filing of a copy of the Notice of Removal with the District Clerk of Lee County, Texas.

Defendant incorporates by reference the following as exhibits:

Entire Clerk's file in possession of the Lee County Clerk for Cause No. 12380

DATED: November 16, 2007

Respectfully,

Rhett Webster Pease
P. O. BOX 255
Lexington, Texas 78947

LAKEWAY P.D.
FIRST COURT APPEARANCE
COURT: TRAVIS Co
DATE:
TIME:
YOUR ATTORNEY SHOULD BE WITH YOU ON THIS DATE***

# BAIL BOND

CAUSE # 83056
ARREST DATE: 7/13/07
ARRESTING AGENT: Lee Co. S.O.
MAGISTRATE: Hester

Known All Men By These Presents:

That we, Rhett Webster Pease, as principal, and the undersigned JOHN H. RAY or KATHY M. RAY d/b/a GIDDINGS BAIL BONDING as sureties, are held and firmly bound unto the STATE OF TEXAS, in the penal sum of Twenty-five hundred & no/100 ($ 2500.— ) Dollars and, IN ADDITION THERETO, we are bound for the payment of all fees and expenses that may be incurred by any peace officer in re-arresting the said principal in the event any of the hereinafter stated conditions of this bond are violated for the payment of which sum or sums well and truly to be made, we do bind ourselves, and each of us, our heirs, executors and administrators, jointly and severally.

THE CONDITION OF THIS BOND IS THAT THE DEFENDANT HAS BEEN CHARGED WITH A ~~FELONY~~/MISDEMEANOR TO WIT: HARASSMENT offense and to secure his release from custody is entering into this obligation binding him to appear before the appropriate Court of TRAVIS County, Texas, instanter.

NOW THEREFORE, IF THE SAID PRINCIPAL SHALL WELL AND TRULY MAKE HIS PERSONAL APPEARANCE BEFORE SAID COURT INSTANTER AS well as before any other court to which the same may be transferred and for any and all subsequent proceedings that may be had relative to said charge in the course of criminal actions based on said charge, and there remain from day to day and term to term of said courts, until discharged by due course of law, then and there to answer said accusation against him, this obligation shall become void, otherwise to remain in full force and effect.

John H. Ray or Kathy M. Ray d/b/a Giddings Bail Bonding
Kathy M. Ray Surety
409 E. Austin
Giddings, TX 78942 (979) 542-3876

Co-Surety
(Mailing Address)
(City, State, Zip Code) (PHONE)

SIGNED AND DATED July 19 2007
[signature] (Principal)
P.O. Box 255
(Mailing Address)
Lexington, Tx 78947
City, State, Zip Code)
(512) 253-0218
PHONE

OUT OF COUNTY CERTIFICATION
Rodney Meyer
Sheriff, Lee County, Texas

I hereby certify that the sureties whose name are subscribed hereto are in my opinion are worth the amount of this bond in their own right over and above all exemptions and if this bond were presented to me I would approve same.

Rodney Meyer
Sheriff, Lee County, Texas

By [signature] Deputy

LEE COUNTY APPROVAL

Taken and approved this ____ day of July 2007
~~Joe Goodson, Sheriff, Lee County, Texas~~
By [signature] Deputy

CONDITIONS OF BOND

2007 NOV 16 PM 5 03
LAKEWAY MUNICIPAL COURT
FILED

STATE OF TEXAS
COUNTY OF LEE

OATH OF SURETIES

We, each of us, John H. Ray or Kathy M. Ray, d/b/a Giddings Bail Bonding do swear that we are worth in our own right, at least the sum of Five thousand & no/100 DOLLARS, ... property ALL THAT WHICH IS EXEMPT BY THE Constitution and Laws of the State from forced ... security debts, and after satisfying all encumbrances

600
230 BLOND

# WARRANT OF ARREST

THE STATE OF TEXAS
VS.
Pcase, Rhett Webster
1040 County Road 348
Lexington, Texas 78947

| SEX | RACE | D.O.B. | Driver's Lic.Number |
|---|---|---|---|
| M | W | 01/06/1961 | TX 05214547 |

Judge, Municipal Court Lakeway, Texas

Come to hand same day issued and executed on ________ day of ____________, 2007
By arresting the said ______________

SS# 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

BOND : $ 5000 requested cash or surety requested (Δ committed same offense while on bond for same offense)

Peace Officer ______________

THE STATE OF TEXAS
County of Travis

In the Municipal Court
City of Lakeway
Travis County, Texas

TO ANY PEACE OFFICER OF THE STATE OF TEXAS, GREETING:

WHEREAS Complainant under oath in writing has been made before me, charging that in the City of Lakeway, County of Travis, and State of Texas
Pease, Rhett Webster
Did commit the offense of Harassment PC 42.07 Class B Misd 5309 (Cause Number) 0000083555 (Date) 7/27/07
Provided, and against the peace and dignity of the State (and against the Ordinances of the City of Lakeway, Texas.)

THESE ARE THEREFORE TO COMMAND YOU to arrest the above-named person and bring same before the Municipal Court in the City of Lakeway, immediately, to answer said complaint.

HEREIN FAIL NOT, but due service and return make of this Writ as the law directs.

Given under my hand at office this the 27 day of July, A.D., 2007

Judge of Municipal Court, City of Lakeway

Travis County, Texas
THE STATE OF TEXAS
COUNTY OF ____________

Let this warrant be executed in ________ County of the State of Texas

Witness my official signature this ____ day of __________, 2007

Judge ______________ Court
County, Texas

FILED
2007 NOV 15 PM 5 04
LAKEWAY MUNICIPAL COURT

# WARRANT OF ARREST

THE STATE OF TEXAS
VS.
**Pease, Rhett Webster**
1040 County Road 348
Lexington, Texas 78947

| SEX | RACE | D.O.B. | Driver's Lic.Number |
| --- | --- | --- | --- |
| M. | W | 01/06/1961 | TX N/A |

**Judge, Municipal Court** Lakeway, Texas

Come to hand same day issued and executed on ________ day of ____________, 2007
By arresting the said ____________

BOND : $ 15,000.00 cash or Surety requested (Δ now out on bond on same offense) (initials)

Peace Officer ____________

THE STATE OF TEXAS
County of Travis

In the Municipal Court
City of Lakeway
Travis County, Texas

**TO ANY PEACE OFFICER OF THE STATE OF TEXAS, GREETING:**

**WHEREAS** Complainant under oath in writing has been made before me, charging that in the City of Lakeway, County of Travis, and State of Texas
**Pease, Rhett Webster**
**Did commit the offense of** (Cause Number) (Date)
**Harassment PC 42.07 Class B Misd** 00008425 ________
Provided, and against the peace and dignity of the State (and against the Ordinances of the City of Lakeway, Texas.)

**THESE ARE THEREFORE TO COMMAND YOU** to arrest the above-named person and bring same before the Municipal Court in the City of Lakeway, immediately, to answer said complaint.

**HEREIN FAIL NOT,** but due service and return make of this Writ as the law directs.

Given under my hand at office this the 7th day of Sept., A.D., 2007

[signature]
**Judge of Municipal Court, City of Lakeway**

Travis County, Texas
THE STATE OF TEXAS
COUNTY OF ____________

Let this warrant be executed in ______ County of the State of Texas

Witness my official signature this ____ day of __________, 2007

Judge ____________ Court
County, Texas

LAKEWAY MUNICIPAL COURT
FILED
2007 NOV 16 PM 5 04



JIM SYLVESTER
Chief Deputy

GREG HAMILTON
TRAVIS COUNTY SHERIFF
P.O. Box 1748
Austin, Texas 78767
(512) 854-9770

DAVID BALAGIA
Major – Corrections

DARREN LONG
Major – Administration & Support

SCOTT BURROUGHS
Major – Law Enforcement

November 16, 2007

RE: Rhett Webster Pease
DOB: 01/06/1961

To Whom it May Concern:

A search of the Travis County Sheriff's Office records revealed the following information on the above listed person:

No Record indicated for the above listed person with this department in reference only to Class B Misdemeanor warrants for November 16, 2007 at 2:28 P.M.

**Note:** This clearance letter reflects a local record check though the Travis County Sheriff's Office from May 1988 to the present. For a complete and accurate criminal history information, refer to the Texas Department of Public Safety and or the Federal Bureau of Investigation.

Dolly Day
Records Analyst, Supervisor

*Safety, Integrity, Tradition of Service*