**RECEIVED**

FEB 2 2 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
## WASHINGTON, DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Rhett Webster Pease | } | CAUSE NUMBER |
| | } | |
| V. | } | 1:07-cv-00599-EGS |
| | } | |
| OFFICE OF CHILD SUPPORT | } | SECOND REQUEST FOR |
| ENFORCEMENT, LEE COUNTY | } | WRIT OF CERTIORARI |
| TEXAS, OFFICE OF THE ATTORNEY | } | PURSUANT TO RULE |
| GENERAL OF TEXAS, JANELL PEASE | } | 60(b)(4) FRCP |
| RIQUE BOBBITT, LISA TEINERT, | } | |
| TERRELL FLENNIKEN, ROBERT | } | **CONSTITUTIONAL CRISIS** |
| ORAZCO, OFFICE OF THE SHERIFF, | } | |
| LEE COUNTY, TEXAS, LISA ANN | } | **EMERGENCY RELIEF REQUIRED** |
| KUBACEK. | } | ADMIRALTY CLAIM |

TO THE HONORABLE JUDGE OF THIS COURT,

### NOTICE AND BACKGROUND

COME NOW Rhett Webster Pease and moves this court to set aside a void judgment and gives notice that the defendants have continued to hold Pease to an uttered debt int the form of criminal sanctions and moves this court for protection:

### JURISDICTION

The jurisdiction of this court lies in the fact that Pease has been denied the right to basic rights by the local federal court and was forced to seek the protection of this court. Said denial was based on an action by Sam Sparks in complete and total want of jurisdiction. Sparks ruled on a FED, See attached Exhibit "8". Said FED is only heard by a JP. Pease objected to jurisdiction. Sparks stated that his jurisdiction was fact that if Pease continued to object, he would be liable for 5 years criminal contempt. At such eloquent persuasion Pease retired, but the government persisted. Pease was upset and filed suit claiming lack of jurisdiction. Pease was punished by the local federal court in the form

of refusing to allow Pease to file.  Pease has no other choice but to file in this court and said filing is based on Social Security fraud and a request to set aside an order as an utterance perpetuated pursuant to Social Security.  Pease has no other adequate remedy at law.  Pease is being held to criminal liability pursuant to an utterance by Lee County, Texas and the Texas Attorney General's Office and others.

## HELD TO AN UTTERANCE

## DEMAND FOR EMERGENCY RELIEF FROM CRIMINAL LIABILITY

The defendants in this case through a series of contracts have all contracted to enforce a Title IV-D program through the executive department in a civil action.  One would also think that if one volunteers into a civil action, they waived any immunity. Said result of the enforcement is that anyone who has been dispossessed of his or her custodial rights is an automatic criminal by operation of law without even so much as an affidavit accusing any crime and the following evidence will show this point.  In a motion without affidavit, the Attorney General sentences you to jail for six months and charges you for the priviledge.  The Attorney General has no evidence of the ability to pay, yet file perjured documents memorializing said fraud.  See Exhibit 3.

No enforceable order was ever made. The alleged instrument of debt, "Final Decree of Divorce" (herein after "debt"), is void and is a legal nullity.  See attached excerpts, Face Page, alleged evidence of debt, signature pages, which are attached to and incorporated into this request for relief.  Said instrument alleges a debt of the United States in the amount of $443.75.00 per month against the Federal Insurance Number listed as RHETT WEBSTER PEASE, 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.  This is a default issue where this was not prayed for in the unverified counter-petition.  See attached counter-petition, Exhibit "1".  Said counter-petition is only signed by Rique Bobbitt and is not verified.

The face page recites that Janell Pease appeared with Charles E. Lance. Said attorney was not the attorney of record as can be seen in the attached order in which the disqualified judge ruled on the motion himself in clear violation of due process. No attorney certified the "debt" and neither party to the debt acknowledged it either. No hearing was ever held to determine the amount of the debt. This debt was dreamed up by Janell Pease without any supporting documentation, a pattern in this court action, and the court just went on ahead and committed the dream to paper and then filed it into public record as a debt of the United States. Said debt is an uttered instrument and has criminalized Pease without even so much as an affidavit being filed in the record that would support any of the debt. Pease immediately disputed the validity of the document on the record, See Exhibit 2. The Third Court of Appeals ruled Pease without ability to pay and stated that although the parties had reconciled and no appellee brief was filed, they were going to uphold the void order on the fact that the motion to recuse was not verified. This contention is rebutted with evidence from the District Court Clerk who claims that said motion was verified, See Exhibit 6. The motion to recuse was filed because Pease feared that he would not be allowed adequate access to his children, he was allowed none. This contention is rebutted  No hearing with all parties or counsel ever took place in the action and no affidavits verifying any employment exist. No evidence of debt exists, yet Lisa Teinert continues to claim Pease is employed.

## PREVIOUS FEDERAL ACTION

Pease and his family were displaced from their home by Sam Sparks acting as a county justice of the peace. He used his marshals to evict the Pease family from their home on a FED on January 23, 2003. See attached transcript from hearing. Pease believed that the court lacked jurisdiction to twice execute a JP order that was allegedly

returned and filed numerous complaints with the federal court in Austin. As a penalty for filing the complaints, as if losing your house, your van, your job and being made homeless was not penalty enough, the federal court imposed hefty fines and have refused to allow Pease to file into the federal court in the Western District of Texas.

The actions by Sparks led to the filing of divorce proceedings in Lee County, Texas in 2003. Due to significant judicial prejudice against Pease for attempting to defend his property, he was branded an adulterer, wife beater, child beater, law enforcement scofflaw and eventually alleged kidnapper. Pease has done nothing that would justify any of these libelous allegations and refuses to capitulate to the charges. There is no affidavit in the divorce record that would support any of the allegations and Pease is the only person to file affidavits in the case. The basis for the debt is rumor used as evidence. Janell Pease has gone on to allege so many crimes against Pease that it is beyond harassment and terrorism and her actions should be scrutinized.

## JANELL PEASE

Janell Pease along with her attorney Rique Bobbitt undertook a series of fraudulent filings alleging among other things, adultery, cruelty. Janell Pease stated that the Social Security number with the likeness of Pease was community property and she admitted that she was the person who supplied said Social Security number to the court. She later testified in front of Lisa Ann Hubacek that Pease had not used a Social Security number at any time since the filing of the divorce action. Janell Pease has alleged family violence against Pease more than 150 times. At no time has Pease ever been arrested for family violence, even with the vigilant monitoring by law enforcement. Pease has no record of any verified family violence. Janell Pease has used this void judgment to go to every law enforcement agency and report family violence by Pease.

Said actions have reduced Pease to the actions alleged in the Final Decree of Divorce. In response to this suit, Janell Pease has caused Pease multiple arrests. Pease was charged with three counts of criminal trespass, all dismissed. Complaints were filed by Janell Pease that Rhett Pease was attempting to watch his son practice at soccer and she had a feeling and called the police who surrounded the soccer players. No charges filed, public humiliation, complete. Janell Pease claimed Pease kidnapped son and an amber alert was in process of issuing, when son emerged from house of Janell Pease. Lexington Police went 8 miles outside city limits to beat concousion into Pease. Claimed Pease beat head on squad car in transit. Wounds on left side, seated as passenger. Plausibility, none. This is the report that was made to the grand jury who have vilified Pease on the basis of the report and the importance of the agency. You must be important when the Rangers will lie against you.

Lately, in response to the last three claims of Janell Pease and who is claimed as both fiancé and husband, Jeff Rogers, the City of Lakeway Police Department have launched a statewide investigation and have determined that the suggestion of suicide is obscene and that calling a business is harassment and that a derogatory comment is obscene. They issued arrests outside of their corporate charter. See Lee County Sheriff's Office.

## LEE COUNTY SHERIFF'S OFFICE

After being sued by Pease the Lee County Sheriff's Office has continued their reign of terror by arresting Pease without warrant. Said later produced warrant was a corporate warrant issued out of the City of Lakeway Municipal Court in excess of their jurisdiction. Pease can show that he was arrested on three different occasions by the Lee County Sheriff's Office and can show that the Lee County Sheriff's Office knew that the use of the name and number RHETT WEBSTER PEASE, 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 would result in a

contract for $1,000,000.00 per use. See Exhibit "2". Attached to this motion is a copy of the three arrest warrants that the Lee County Sheriff's Office executed against Pease while this suit was pending. The Lee County Sheriff thinks that this court is a joke and is in complete and total contempt of said court.

**WHEREFORE PREMISES CONSIDERED**, Pease requests this court to issue judgment against the Lee County Sheriff's Office through Lee County, Texas in the liquidated amount of $3,000,000.00 in order to contain any further contempt by the Lee County Sheriff's Office. Further the Lee County Sheriff's Office continues to hold Pease to the utterances of the District Court. Notice is hereby given of said utterances and demand to cease and desist is made.

This Court should grant this relief.

## LISA TEINERT

Defendant Lisa Teinert as the District Court Clerk in direct violation of her duty, at all times subsequent to the Third Court of Appeals ordering the family dismantled, refused to allow Pease to file into the divorce case. This was to not allow Pease to contest the debt and to contest the custody. She refused to allow any defense filed, refused to allow any hearing for custody or anything else. Evidence of this blatant denial of access to the divorce court reached it's pinnacle when Teinert refused to allow any filing in the recent attempt to enforce the uttered instrument. See Exhibit "7". Pease included the refused document with the front page claiming that the document was given to Flenniken he verbally ordered it not filed and marked received instead. The motion was an apology to the court and an order from this court. She cited Pease, refused to allow him to answer and issued numerous cash capiases to enforce the non-existent debt. She has continued to issue these utterances against Pease and is holding Pease

hostage on the alleged debt. Pease can show that at all time mentioned since 2002, the federal entity claimed by the Attorney General for the federal government has no evidence of income. See attached Social Security Statement, Exhibit "6". Where did the government get the evidence to claim this debt? Pease signed no agreement. No signature other than Towslee's on the final decree of divorce would support said contention. Lee County has perpetuated a fraud resulting in filing of a fraudulent federal security that would attempt to hold the US entity to a debt. Said activity is further evidence of excessive regulation. Said condition of poverty is due to excessive government regulation of Pease. Teinert is paid for these activities through federal funding and continues to perpetuate fraud on the court by filing capias on a void order. A default judgment in excess of prayer is completely void. At no time can the State support the claim that any valid support order was ever established. All attempts to collect on the fictional debt are under color of law and outside legal jurisdiction.

Teinert, after being sued in this court began to allow Pease to file.

## LISA ANN HUBACEK AND ROBERT OROZCO

Lisa Ann Hubacek as an associate judge and Robert Orozco as an attorney for the State of Texas acting through the Office of the Attorney General have a policy and practice of denying Peas his liberty in order to enforce the utterance. It is clear from the record that Lisa Ann Hubacek has attempted to convert Pease into an obligor in order to hold him to the utterance, See Exhibit 3. Hubacek knows Pease did not have the ability to pay, See Exhibit 6, yet claimed Pease not only was liable and had the ability to pay, but had the ability to pay more, See Exhibit 3. Hubacek acknowledged the fact that she was being sued and in response to said suit she was determined to jail Pease for as long as she possibly could. See Exhibit 4 which shows that Hubacek ordered Pease to

jail on a $10,000.00 bond on June 8, 2007 after finding Pease indigent. Hubacek then claimed that the new order was to discuss removal to federal court. Exhibit 4 goes on to show that Hubacek is represented in this court by the Texas Attorney General who claim they have no ties to the court. The attorney generals have special rules written for them, yet Texas claims that is not a tie to the court. The Texas Attorney General claims to have filed a motion to appear pro hac vice, See Exhibit 4, yet have not recruited a local attorney to sponsor. This court should rule that the Texas Attorney General is in default of defense of this claim. Exhibit 5 would show that the Texas Attorney General, Lisa Teinert, Robert Orozco, Lisa Ann Hubacek, Terrell Flenniken and Janell Pease have committed fraud by continuously filing fraudulent documents into the record.

## MISTAKE BY THE APPELLATE COURT

The appellate court, without appellee brief, argued that an unsigned divorce decree was valid even though the judge had been disqualified for gender bias. The fact is that the entire system is gender biased and the results are that LEE COUNTY, TEXAS is promoting family violence by alleging violence, where none exists. The court also claimed that the Motion to Disqualify was not verified. Please find attached the order from the court of appeals and the testimony of the District Clerk contradicting said mandate from the court of appeals.

## LEE COUNTY ADMITS TO DENIAL OF ACCESS TO COURT

The clerk of Lee County admits to the fact that she refused to allow Pease to file. She also states that the motion to disqualify was verified.

## MOTION TO SET ASIDE VOID ORDER

COMES NOW Rhett Webster Pease and files this motion to set aside a void order and notice of claim and would show the court the following and now files this claim:

At all times mentioned Pease refers to a default judgment which no court would set aside that Pease claims is void and for good reason would show the following.

## NO EVIDENCE TO SUPPORT GROUNDS

1. The final decree of divorce that was executed by Harold Towslee on or about August 11, 2003 is void and has always been void. Petitioner Pease has at all times maintained that said order was void. Default judgment in excess of prayer.

2. The final decree of divorce is a default judgment with appearance that is in excess of the prayer for relief. Said document is void on it's face. See attached exhibit "1" by Pease showing that the ORIGINAL COUNTERPETITION FOR DIVORCE is signed by Rique Bobbitt and not verified. The Court had no petition before it and no affidavits are in the record that justify the order by Towslee. From the beginning of the divorce, Pease has always been unemployed due to denial of all property by various courts. Pease was also labeled as a member of the "Republic of Texas", and is unable to maintain any employment due to actions by the State.

3. The hearing on the final decree of divorce was not attended by either Petitioner or Respondent' Attorney of Record, Rique Bobbitt. The claim in the final decree of divorce that Charles Lance was the attorney of record is without support by record. Charles Lance was not the attorney of record and only Rique Bobbitt had filed in prior to the final hearing. No evidence of employment is in the record that would support a child support order.

4. No affidavit or verification supports the final decree of divorce. Pease has been

adjudged guilty of adultery and cruelty, which were prayed for; and family violence which was not prayed for. The Family Violence has been reported to the Federal Register. Not one affidavit or verified motion is in the file that would give evidence of said violence. This is a rumor. The record does not reflect any affidavit or any other testimony to support any of the grounds for the divorce. The record does not state who, when or where the adultery took place. The record does not support any specific act of cruelty by Pease. Janell Pease relinquished custody to Pease of the children for the entire time that the divorce was on appeal.

5. No evidence of family violence has taken place, yet based on the void order, without evidence or complaint, Pease is held to the standard of committing family violence. No affidavit supports said accusations and none of the behavior of Pease would support the spurious allegations.

6. Pease has filed his status and the State of Texas has accepted his contract. See attached notice to the court, which is attached as exhibit "2". In response to the notice, the Office of the Attorney General has made the claim that Pease owes huge amounts of money in back child support payments. See exhibit "3", the order by Hubacek.

7. The appellate court ruled that Pease did not have the ability to pay, yet Lisa Ann Hubacek ruled that Pease was in contempt of court. The amount of child support is in excess of the total amount of money that Pease makes and is impossible to fulfill. Pease never contracted to pay such an exoritant amount. Pease never executed any document that would make him an obligor.

8. Pease went into work related training in 2006 and trained to be a medical billing specialist. Pease secured employment in February of 2007 and was due to start June 1, 2007. At a hearing on June 8, 2007, that Hubacek denies took place, Pease was

ruled indigent by Hubacek and she refused to allow Pease's employer to testify. Hubacek also claimed that it was more important for Pease to be in jail than to support his children. Hubacek claimed that Pease was an obligor and that he was to produce proof of removal to federal court. Hubacek is being sued in federal court. See exhibit "4" which consists of the order and evidence that Hubacek is being sued and is represented by the Attorney General of Texas.

9. Hubacek ordered Pease back to jail for two months to discuss federal jurisdiction. At no time was Hubacek interested in discussing the motion for enforcement and at all times Hubacek was in complete and total contempt of the children whom she claims to represent. The motion for enforcement is not verified and no complaint is pending against Pease. At all times mentioned, Hubacek has exercised raw abuse of power in order to hold Pease to a contract of which he did not consent. There has been no meeting of the minds in this case.

10. Hubacek in conspiracy with Janell Pease and Robert Orozco have filed numerous fraudulent documents into this case and they continue to commit aggravated perjury. See exhibit "5", which shows that Hubacek and Orozco executed an order on the 13th of April, 2007 stating that RHETT WEBSTER PEASE was in arrears $16,470.00 as of April 1, 2007. They also signed a capias on the same day stating that Rhett Webster Pease was arrears $12,416.38. On January 11, 2008 they maintained that Rhett Webster Pease was in arrears $12,416.38 and ordered capias. They also maintain that on the same day Pease was in arrears $5,784.39, which one of these are perjured? How much income did Pease make in 2003 to set the child support amount? Exhibit "6" shows none. How did Towslee arrive at the amount stated in the order?

11. The motion for enforcement states that the exhibit marked "6" would show that

Pease had the ability to pay and did not. It appears that exhibit "6" shows that the court had no jurisdiction or evidence to set child support payments at $443.75 per month.

12. The State can prove no set of facts that would criminalize any of the actions of Pease, yet the order by Towslee does exactly that. The State must set the order aside.

Pease has been unable to file into the case and the contention by the appellate court that the original motion to disqualify was not verified has been controverted by the District Court clerk herself. See Exhibit "7".

## MEMORANDUM IN SUPPORT OF CONTENTION

## THAT ORDER IS VOID AB INITO

"Court must prove on the record, all jurisdiction facts related to the jurisdiction asserted." Latana v. Hopper, 102 F. 2d 188; Chicago v. New York 37 F Supp. 150

"Where there are no depositions, admissions, or affidavits the court has no facts to rely on for a summary determination." Trinsey v. Pagliaro, D.C. Pa. 1964, 229 F. Supp. 647.

"Jurisdiction, once challenged, cannot be assumed and must be decided." Maine v Thiboutot 100 S. Ct. 250.

"The law requires proof of jurisdiction to appear on the record of the administrative agency and all administrative proceedings." Hagans v Lavine 415 U. S. 533.

A judgment is void where it is apparent that the court rendering the judgment had no jurisdiction over the parties or no jurisdiction of the subject matter. See Mapco, Inc. v. Forrest, 795 S.W.2d 700, 703 (Tex. 1990).

Void judgment is one where court lacked personal or subject matter jurisdiction or entry of order violated due process, U.S.C.A. Const. Amend. 5 – Triad Energy Corp. v. McNell 110 F.R.D. 382 (S.D.N.Y. 1986).

Where condition of bail bond was that defendant would appear at present term of court, judgment forfeiting bond for defendant's bail to appear at subsequent term was a void judgment within rule that laches does not run against a void judgment Com. V. Miller, 150 A.2d 585 (Pa. Super. 1959).

Void judgment is one which has no legal force or effect whatever, it is an absolute nullity, its invalidity may be asserted by any person whose rights are affected at any time and at any place and it need not be attacked directly but may be attacked collaterally whenever and wherever it is interposed, City of Lufkin v. McVicker, 510 S.W. 2d 141 (Tex. Civ. App. – Beaumont 1973).

A void judgment, insofar as it purports to be pronouncement of court, is an absolute nullity, Thompson v. Thompson, 238 S.W.2d 218 (Tex.Civ.App. – Waco 1951).

When rule providing for relief from void judgments is applicable, relief is not discretionary matter, but is mandatory, *Omer v. Shalala, 30 F.3d 1307, (Colo./st1:State (1994).*

## TOWSLEE WAS COMPLETELY BIASED AS EVIDENCED BY THE "FINAL DECREE OF DIVORCE" VERSUS PRAYER FOR RELIEF

"A trial judge ruling on a motion alleging bias as a ground for disqualification must decide whether the movant has provided facts sufficient to establish that a reasonable man, knowing all the circumstances involved, would harbor doubts as to the impartiality of the trial judge." Kemp, 846 S.W.2d at 305. See also *Chitimacha Tribe of Louisiana v. Harry L. Laws co.*, 690 F.2d 1157, 1165 (5th Cir. 1982). In this case Pease alleged that Towslee was gender biased and awarded custody disproportionately. The order issued by Towslee is proof of the need for the disqualification. Towslee pronounces family violence against Pease without so much as an affidavit. The prayer did not ask for any family violence charges, yet Towslee acted sua sponte without evidence and then ordered psychological evaluation by only one doctor in Texas. Pease has had no parental contact with his children in almost two years, due and owing to the prejudice of Towslee.

The Texas Code of Judicial Conduct serves as a measure by which to evaluate a judge's conduct. The Code is "intended...to state basic standards which should govern the conduct of all judges and to provide guidance to assist judges in establishing and maintaining high standards and personal conduct." Preamble. As such, its provisions set forth the fundamental standards by which the propriety of a judge's conduct is assessed. The Code is particularly concerned with the preservation of the integrity and

independence of the judiciary.  The underlying premise of the Code as expressed in Canon 1 is that "an independent and honorable judiciary is indispensable to justice in our society" and that "a judge should participate in establishing, maintaining, and enforcing high standards of conduct, and should personally observe those standards so that the integrity and independence of the judiciary is preserved."Canon 1, Tex. Code Jud.  Conduct.  Canon 2 further states that "a judge shall comply with the law and should act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary." Canon 2, Tex. Code Jud. Conduct.  While a violation of the Code of Judicial Conduct, standing alone, may not constitute reversible error, judicial bias which manifests a lack of independence of the judiciary and which denies defendant due process of law is grounds for disqualification.  Kemp v.  State, 846 S.W. 2d 289, 305-306 (Tex.Crim.App.  1992).

Texas Rules of Civil Procedure 18(a) and 18(b) provide grounds and procedures for recusal and disqualification of judges in civil cases.  Texas Code of Criminal Procedure Art. 30.01 provides grounds for disqualification in criminal matters, while the grounds and procedures for recusal under Texas Rules of Civil Procedure 18(a) and 18(b) apply to criminal cases.  See Arnold v.  State, 853 S.W.2d 543, 544 (Tex.Crim.App.1993). See e.g., Kelly v. State, 18 S.W.3d 239 (Tex.App. Amarillo 2000), Stafford v, State, 948 S.W.2d 921 (Tex.App. Texarkana 1997), Sanchez v.  State, 926 S.W.2d 391 (Tex.App.El Paso 1996), Soderman v.  State, 915 S.W.2d 605 (Tex.App. Houston 14th Dist. 1996), Williams v.  State, 746 S.W.2d 333 (Tex.App. Fort Worth 1988).

Rule 18(b) states that a judge shall recuse himself in any proceeding in which his impartiality might reasonably be questioned.  "A judge 'shall recuse himself in any

proceeding in which...his impartiality might reasonably be questioned'...The language is imperative and mandatory, not permissive or discretionary; the standard is objective, not subjective." *Rogers v. Bradley*, 909 S.W.2d 872, 873 (Tex. 1995). In determining whether to recuse a judge, the inquiry should be whether a reasonable member of the public at large, knowing all the facts n the public domain concerning the judge's conduct, would have a reasonable doubt that the judge is actually impartial. *See Sears v. Olivarez*, 28 S.W.3d 611,613-614 (Tex.App. Corpus Christi 2000). *See, e.g., Williams*, 65 S.W.3d at 687; *Ludlow v. DeBerry*, 959 S.W.2d 265, 281 (Tex.App. Houston 1997), *Aguilar v. Anderson*, 855 S.W.2d 799, 804-805 (Tex.App. El Paso 1993), *Woodruff v. Wright*, 51 S.W.3d 727, 736 (Tex.App. Texarkana 2001).

The statutory language mandates recusal whenever impartiality "might reasonably be questioned." Tex.R.C.P. 18(b)(2)(a).[1] There is no requirement that partiality be demonstrated. Rather, the "appearance" of impropriety is sufficient to trigger recusal. See *Woodruff*, 51 S.W.3d at 738. The "trial court's duty is to determine whether the movant has provided facts sufficient to establish that a reasonable member of the public at large, knowing all the facts involved in the public domain concerning the judge's conduct, would have a reasonable doubt that the judge is actually impartial." *Richardson v. State*, 83 S.W.3d 332, 358 (Tex.App. Corpus Christi 2002). See also, *Degarmo v.*

---

[1]    The appearance of impartiality standard is by no means unique to the Texas courts. See, e.g., *Ham v. State*, 540 So.2d 805, 807-808 (Ala.Crim.App. 1988); *Giralt v. Vail Village Inn assoc.*, 759 P.2d 801, 804 (Colo.App. 1988)(court must eliminate every semblance of reasonable doubt as to its impartiality); *LaBow v. LaBow*, 13 Conn. App. 330, 334 537 A.2d 157, 161 (Conn.App. 1988)(controlling standard is whether reasonable person who is aware of all circumstances would question impartiality); *Scott v. United States*, 559 A.2d 745, 754 (D.C.App. 1989)(appearance of partiality is sufficient); *Weber v. State*, 547 A. 2d 948, 952 (Del. Super 1988)(disqualification required when impartiality might reasonably be questioned); *Isaacs v. State*, 257 Ga. 126, 355 S.E.2d 644 (Ga. 1987)(fact that judge's impartiality may reasonably be questioned is sufficient for disqualification); *Olson v. Olson*, 392 N.W.2d 338, 341 (Minn.App. 1986)(where circumstances give bona fide appearance fo bias judge should recuse himself); *Commonwealth v. Lemanski*, 365 Pa.Super. 332, 339, 529 A.2d 1085, 1088 (Pa.Super. 1987) (recusal is required whenever there is substantial doubt as to a jurist's ability to preside impartially).

State, 922 S.W.2d 256, 267 (Tex.App. Houston 14th Dist. 1996).

Texas courts have repeatedly underscored the compelling public policy interest–as distinct from any constitutional, statutory or common law grounds–in ensuring the appearance of an impartial judiciary. "The impartial standard has been adopted in order that the public, i.e., the person on the street, might have confidence in the judiciary and to protect judges from unjustified complaints about their being partial in their decision." Aguilar, 855 S.W.2d at 804-805 (Osborn, C.J., concurring).

> "Public policy demands that a judge who tries a case act with absolute impartiality. It further demands that a judge appear to be impartial so that no doubts or suspicions exist as to the fairness or the integrity of the court. Judicial decisions rendered under circumstances that suggest bias, prejudice or favoritism undermine the integrity of the courts, breed skepticism and mistrust, and thwart the principles on which the judicial system is based."

CNA Insurance Company v. Scheffey, 828 S.W.2d 785, 792 (Tex.App. Texarkana 1992). One of the most fundamental components of a fair trial is a neutral and detached judge. See Johnson v. Pumjani, 56 S.W.3d 670, 672 (Tex.App. Houston 2001). Moreover, the Pumjani court went on to observe that the impartiality of a judge is not only a matter of constitutional law but of public policy as well. See id.

> "Beyond the demand that a judge be impartial, however, is the requirement that a judge appear to be impartial so that no doubts or suspicions exist as to the fairness or integrity of the court. The judiciary must strive not only to give all parties a fair trial but also to maintain a high level of public trust and confidence. The legitimacy of the judicial process is based on the public's respect and on its

confidence that the system settles controversies impartially and fairly. Judicial decisions rendered under circumstances that suggest bias, prejudice or favoritism undermine the integrity of the courts, breed skepticism and mistrust, and thwart the very principles on which the judicial system is based. The judiciary must be extremely diligent in avoiding any appearance of impropriety and must hold itself to exacting standards lest is lose its legitimacy and suffer a loss of public confidence."

Sun Exploration and Prod. Co. V. Jackson, 783 S.W.2d 202, 206 (Tex. 1989).

Disqualification of a judge from acting in a proceeding in which he is not wholly, free, disinterested, and independent is intended not merely for the benefit of the parties to the suit, who are entitled to the cold neutrality of an impartial judge, but for the interests of justice, by preserving the purity and impartiality of the courts, and the respect and confidence of the people for their decisions. See 46 Am Jur. 2D, Judges § 86. Moreover, judicial tribunals must not only be, but must appear to be, impartial, so that where circumstances are such as to create in the mind of a reasonable person a suspicion of bias, disqualification may be warranted although there is no proof of actual bias. See id.

Texas Rule of Civil Procedure 18a makes clear that when a recusal motion is filed, "prior to any further proceedings in the case, the judge shall either recuse himself or request the presiding judge of the administrative judicial district to assign a judge to hear such motion." Tex. R. C. Pr. 18a( c). When presented with a motion to recuse, therefore, a judge has two, and only two options. The judge must either recuse himself or refer the motion to the presiding judge of the administrative judicial district; a judge

does not have the option of doing nothing. See Brosseau v. Ranzau, 911 S.W.2d 890, 892 (Tex.App. Beaumont 1995). See also, In Re Rio Grande Valley Gas Co., 987 S.W.2d 167, 178 (Tex.App. Corpus Christi 1999); and Winfield v. Daggett, 846 S.W.2d 920, 922 (Tex.App. Houston 1993).

## CONCLUSION

No request was made of the judge to find that family violence had occurred and the judge could not give more than requested in a default judgment. Any actions in excess of the prayer are void. In addition as to the subject of child support, which it is clear the court has a pecuniary interest, no evidence of income is in the record. No evidence of income was given to the court as of the writing of this motion. Attached to this motion is a copy of the Social Security record for RHETT WEBSTER PEASE which shows that the fictional corporation made no income whatsoever during the periods in question. The trial court had no evidence of income and uttered a debt that does not exist. It is clear from the record that Hubacek has found Pease guilty and sentenced Pease to 180 days incarceration without assistance of counsel. Hubacek has signed numerous false documents into the case without personal first hand knowledge. Hubacek at all times has abused her position in order to impose the void fictitious order on Pease.

## PRAYER

WHEREFORE PREMISES CONSIDERED Rhett Webster Pease prays that this court set aside the order of Towslee as void because it is in excess of any claim that was before the court. This court should further order that all payments made to the court in this case be returned to Pease. This court should also order the State of Texas to compensate Pease for his loss of parental right's without evidence and the fact that

Pease has been held to more than 20 days in jail for the child support issue.

Pease should be compensated for all losses and this court should immediately set aside the divorce as a void order.

## DECLARATION OF Rhett Webster Pease

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in this EMERGENCY MOTION FOR WRIT OF CERTIORARI TO SET ASIDE A VOID ORDER is true and correct.

Presented to this court by,

Rhett Webster Pease
c/o 1032 PR 7039
Lexington, Texas [78947]
(512) 835-0218

## CERTIFICATE OF SERVICE

I, Rhett Webster Pease do hereby certify that I have sent a true and correct copy of my WRIT OF CERTIORARI TO SET ASIDE A VOID ORDER to the following defendants at the mentioned addresses by First Class Mail on this the 19th day of February, 2008:

JANELL PEASE
530A CUTTY TRAIL
LAKEWAY, TEXAS 78734

PATTON & BOGGS
Cass Weiland
FAX 214 758-1550

THOMAS J. TURNER, TEXAS ATTORNEY GENERAL'S OFFICE
300 WEST 15TH STREET
AUSTIN, TEXAS 78701
    LISA TEINERT,
LEE COUNTY DISTRICT CLERK
289 SOUTH MAIN
GIDDINGS, TEXAS 78942
FAX 979-542-2444

Rhett Webster Pease

# EXHIBIT

## "1"

NO. 12380

IN THE MATTER OF
THE MARRIAGE OF

RHETT WEBSTER PEASE
AND
JANELL PEASE

AND IN THE INTEREST OF
WEBSTER CAMERON PEASE AND
BRENNAN CUTLER PEASE,
CHILDREN

§
§
§
§
§
§
§
§
§
§
§
§

IN THE DISTRICT COURT

21ST JUDICIAL DISTRICT **F I L E D**

MAY  7 2003 *3:55PM*

LEE COUNTY, TEXAS

DISTRICT CLERK
LEE COUNTY, TEXAS

## ORIGINAL COUNTERPETITION FOR DIVORCE    DEPUTY

1.    *Discovery Level*

Discovery in this case is intended to be conducted under level 2 of rule 190 of the Texas Rules of Civil Procedure.

2.    *Parties*

This suit is brought by JANELL PEASE, Counterpetitioner.  Counterrespondent is RHETT WEBSTER PEASE.

3.    *Domicile*

Counterpetitioner has been a domiciliary of Texas for the preceding six-month period and a resident of this county for the preceding ninety-day period.

4.    *Service*

Process should be served on Counterrespondent at his brother's home at 1040 CR 348, Lexington, Texas 78947.

5.    *Protective Order Statement*

An application for a protective order under title 4 of the Texas Family Code is pending with regard to the parties to this suit.  The application for protective order is being filed simultaneously with the filing of this Original Counterpetition for Divorce

6.    *Dates of Marriage and Separation*

The parties were married on or about February 28, 1993 and ceased to live together

Original Counterpetition for Divorce

1



as husband and wife on or about April 21, 2003.

7.    *Grounds for Divorce*

The marriage has become insupportable because of discord or conflict of personalities between Counterpetitioner and Counterrespondent that destroys the legitimate ends of the marriage relationship and prevents any reasonable expectation of reconciliation.

Counterrespondent is guilty of cruel treatment toward Counterpetitioner of a nature that renders further living together insupportable.

Counterrespondent has committed adultery.

8.    *Children of the Marriage*

Counterpetitioner and Counterrespondent are parents of the following children of this marriage who are not under the continuing jurisdiction of any other court:

Name: **WEBSTER CAMERON PEASE**
Birth date: August 3, 1993

Name: **BRENNAN CUTLER PEASE**
Birth date: August 24, 2001

There are no court-ordered conservatorships, court-ordered guardianships, or other court-ordered relationships affecting the children the subject of this suit.

No property of consequence is owned or possessed by the children the subject of this suit.

The appointment of Counterpetitioner and Counterrespondent as joint managing conservators would not be in the best interest of the children. Counterpetitioner, on final hearing, should be appointed sole managing conservator, with all the rights and duties of a parent sole managing conservator. In the alternative, the parties should be appointed Joint Managing Conservators with Counterpetitioner having the exclusive right to choose domicile. Counterrespondent should be ordered to make payments for the support of the children in the manner specified by the Court. Counterpetitioner requests that the

Original Counterpetition for Divorce

payments for the support of the children survive the death of Counterrespondent and become the obligation of Counterrespondent's estate.

Counterrespondent has a history or pattern of committing family violence during the two-year period preceding the date of filing of this suit. Additionally, the Counterrespondent's abuse of alcohol and/or illegal drugs would endanger the physical health and/or emotional welfare of the children. Counterpetitioner requests the Court to deny Counterrespondent access to the children unless the Court finds that awarding Counterrespondent access to the children would not endanger the children's physical health or emotional welfare and would be in the best interest of the children and renders a possession order that is designed to protect the safety and well-being of the children, including but not limited to ordering that the periods of access be continuously supervised by an entity or person chosen by the Court, ordering that the exchange of possession of the children occur in a protective setting, ordering Counterrespondent to refrain from the consumption of alcohol or a controlled substance within twelve hours before or during the period of access to the children, and ordering Counterrespondent to attend and complete a battering intervention and prevention program or, if such a program is not available, to complete a course of treatment with a mental health professional in accordance with section 153.010 of the Texas Family Code.

9.    *Division of Community Property*

Petitioner requests the Court to divide the estate of Petitioner and Respondent in a manner that the Court deems just and right, as provided by law.

Petitioner should be awarded a disproportionate share of the parties' estate for the following reasons, including but not limited to:

a.    fault in the breakup of the marriage; and

b.    the spouse to whom conservatorship of the children is granted.

10.    *Post-divorce Maintenance*

Counterpetitioner requests the Court to order that Counterpetitioner be paid post-divorce maintenance for a reasonable period in accordance with chapter 8 of the Texas Family Code.  Counterpetitioner requests the Court to issue an order to garnish Counterrespondent's wages for this maintenance.

11.    *Request for Temporary Restraining Order*

Counterpetitioner requests the Court to dispense with the issuance of a bond, and Counterpetitioner requests that Counterrespondent be temporarily restrained immediately, without hearing, and after notice and hearing be temporarily enjoined, pending the further order of this Court, from:

1.    Communicating with Counterpetitioner in person, by telephone, or in writing in vulgar, profane, obscene, or indecent language or in a coarse or offensive manner.

2.    Threatening Counterpetitioner in person, by telephone, or in writing to take unlawful action against any person.

3.    Placing one or more telephone calls, anonymously, at any unreasonable hour, in an offensive and repetitious manner, or without a legitimate purpose of communication.

4.    Causing bodily injury to Counterpetitioner or to a child of either party.

5.    Threatening Counterpetitioner or a child of either party with imminent bodily injury.

6.    Destroying, removing, concealing, encumbering, transferring, or otherwise harming or reducing the value of the property of one or both of the parties.

7.    Falsifying any writing or record relating to the property of either party.

8.    Misrepresenting or refusing to disclose to Counterpetitioner or to the Court, on proper request, the existence, amount, or location of any property of one or both of the parties.

Original Counterpetition for Divorce

4

9.    Damaging or destroying the tangible property of one or both of the parties, including any document that represents or embodies anything of value.

10.    Tampering with the tangible property of one or both of the parties, including any document that represents or embodies anything of value, and causing pecuniary loss to Counterpetitioner.

11.    Selling, transferring, assigning, mortgaging, encumbering, or in any other manner alienating any of the property of Counterpetitioner or Counterrespondent, whether personalty or realty, and whether separate or community, except as specifically authorized by order of this Court.

12.    Incurring any indebtedness, other than legal expenses in connection with this suit, except as specifically authorized by order of this Court.

13.    Making withdrawals from any checking or savings account in any financial institution for any purpose, except for reasonable and necessary living and business expenses.

14.    Spending any sum of cash in Counterrespondent's possession or subject to Counterrespondent's control for any purpose, except for reasonable and necessary living and business expenses.

15.    Withdrawing or borrowing in any manner for any purpose from any retirement, profit-sharing, pension, death, or other employee benefit plan or employee savings plan or from any individual retirement account or Keogh account, except as specifically authorized by order of this Court.

16.    Entering any safe-deposit box in the name of or subject to the control of Counterpetitioner or Counterrespondent, whether individually or jointly with others.

17.    Withdrawing or borrowing in any manner all or any part of the cash surrender value of life insurance policies on the life of Counterpetitioner or Counterrespondent, except as specifically authorized by order of this Court.

18.    Changing or in any manner altering the beneficiary designation on any life insurance on the life of Counterpetitioner or Counterrespondent or the parties' children.

19.    Canceling, altering, or in any manner affecting the present level of coverage of any casualty, automobile, or health insurance policies insuring the parties' property or persons including the parties' children.

20.    Terminating or in any manner affecting the service of water, electricity, gas, telephone, cable television, or other contractual services, such as security, pest control, landscaping, or yard maintenance, at 313 N. Rockdale Street, Lexington, Texas 78947 or in any manner attempting to withdraw any deposits for service in connection with those services.

21.    Excluding Counterpetitioner from the use and enjoyment of the residence located at 313 N. Rockdale Street, Lexington, Texas 78947.

22.    Opening or diverting mail addressed to Counterpetitioner.

23.    Signing or endorsing Counterpetitioner's name on any negotiable instrument, check, or draft, such as tax refunds, insurance payments, and dividends, or attempting to negotiate any negotiable instrument payable to Counterpetitioner without the personal signature of Counterpetitioner.

24.    Taking any action to terminate or limit credit or charge cards in the name of Counterpetitioner.

25.    Entering, operating, or exercising control over the 1989 Crysler New Yorker in the possession of Counterpetitioner.

26.    Discontinuing or reducing the withholding for federal income taxes on Counterrespondent's wages or salary while this case is pending.

27.    Destroying, disposing of, or altering any financial records of the parties, including but not limited to records from financial institutions (including canceled checks and deposit slips), all records of credit purchases or cash advances, tax returns, and

financial statements.

28.    Destroying, disposing of, or altering any e-mail or other electronic data, whether stored on a hard drive or on a diskette or other electronic storage device.

29.    Instituting any action in any other county, state, or nation attempting to obtain temporary or permanent orders concerning the marriage relationship of the parties, the dissolution of that relationship, spousal support, the conservatorship, custody, and support of the children of the parties, or any other order normally issued incident to a divorce proceeding or other proceeding involving the marital or parent-child relationship.

30.    Molesting or disturbing the peace of the children or of another party.

31.    Removing the children beyond the jurisdiction of the Court, acting directly or in concert with others.

32.    Disrupting or withdrawing the children from the school or day-care facility where the children are presently enrolled.

33.    Hiding or secreting the children from Counterpetitioner or changing the children's current place of abode at 313 N. Rockdale Street, Lexington, Texas 78947.

Counterpetitioner requests that Counterrespondent be authorized only as follows:

To make expenditures and incur indebtedness for reasonable and necessary living expenses for food, clothing, shelter, transportation, and medical care.

To make expenditures and incur indebtedness for reasonable attorney's fees and expenses in connection with this suit.

12.    *Extraordinary Relief*

As the basis for the extraordinary relief requested below, Counterpetitioner would show that before the filing of this Counterpetition Counterrespondent has engaged in the conduct set forth in the attached affidavit. Based on that affidavit, Counterpetitioner requests the Court to grant the following relief:

Issue an order excluding Counterrespondent from possession of or access to the

children, WEBSTER CAMERON PEASE and BRENNAN CUTLER PEASE.

13.    *Request for Temporary Orders Concerning Use of Property*

Counterpetitioner requests the Court, after notice and hearing, for the preservation of the property and protection of the parties, to make temporary orders and issue any appropriate temporary injunctions respecting the temporary use of the parties' property as deemed necessary and equitable, including but not limited to the following:

Awarding Counterpetitioner the exclusive use and possession of the parties' residence, furniture, and furnishings while this case is pending, and enjoining Counterrespondent from entering or remaining on the premises of the residence, except as authorized by order of this Court.

Awarding Counterpetitioner exclusive use and control of the 1989 Chrysler New Yorker and enjoining Counterrespondent from entering, operating, or exercising control over it.

14.    *Request for Temporary Orders Regarding Children*

Counterpetitioner requests the Court, after notice and hearing, to dispense with the necessity of a bond and to make temporary orders and issue any appropriate temporary injunctions for the safety and welfare of the children of the marriage as deemed necessary and equitable, including but not limited to the following:

Appointing Counterpetitioner temporary sole managing conservator.

Ordering Counterrespondent to pay child support, health insurance premiums for coverage on the children, and the children's uninsured medical expenses while this case is pending.

Denying Counterrespondent access to the children or, alternatively, rendering a possession order in accordance with section 153.004(d)(2) of the Texas Family Code.

Appointing a guardian and attorney ad litem to represent the interests of the children.

15.    *Request for Interim Attorney's Fees and Temporary Support*

Counterpetitioner requests the Court, after notice and hearing, for the preservation of the property and protection of the parties, to make temporary orders and issue any appropriate temporary injunctions regarding attorney's fees and support as deemed necessary and equitable, including but not limited to the following:

Counterpetitioner requests that Counterrespondent be ordered to pay reasonable interim attorney's fees and expenses, including but not limited to fees for appraisals, accountants, actuaries, and so forth. Counterpetitioner is not in control of sufficient community assets to pay attorney's fees and anticipated expenses.

Counterpetitioner has insufficient income for support, and Counterpetitioner requests the Court to order Counterrespondent to make payments for the support of Counterpetitioner until a final decree is signed.

16.    *Request for Permanent Injunction*

Counterpetitioner requests the Court, after trial on the merits, to ripen any Temporary Injunction into Permanent Injunctions.

17.    *Causes of Action for Assault*

a.    Cause of Action for Intentional, Knowing, or Reckless Bodily Injury

The specific conduct applicant complains of is described more fully in the attached affidavit of Counterpetitioner.

b.    Cause of Action for Threat of Imminent Bodily Injury

The specific conduct applicant complains of is described more fully in the attached affidavit of Counterpetitioner.

c.    Cause of Action for Offensive or Provocative Physical Contact

The specific conduct applicant complains of is described more fully in the attached affidavit of Counterpetitioner.

18.    *Cause of Action for Intentional Infliction of Emotional Distress*

The specific conduct applicant complains of is described more fully in the attached affidavit of Counterpetitioner.

19.    *Actual Damages for Resulting Personal Injuries*

As a direct and proximate result of Counterrespondent's wrongful conduct alleged above, Counterpetitioner has suffered certain damages including

a.    physical pain, suffering, and mental anguish in the past;

b.    physical pain, suffering, and mental anguish that in reasonable probability will be suffered in the future.

Counterpetitioner additionally brings this suit for these damages, which exceed the minimum jurisdictional limits of this Court.

name.

22. *Statement on Alternative Dispute Resolution*

Counterpetitioner has signed a statement on alternative dispute resolution, which is attached as Exhibit "A".

23. *Prayer*

Counterpetitioner prays that citation and notice issue as required by law and that the Court grant a divorce and all other relief requested in this Counterpetition.

Counterpetitioner prays that the Court immediately grant a temporary restraining order restraining Counterrespondent, in conformity with the allegations of this Counterpetition, from the acts set forth above, and Counterpetitioner prays that, after notice and hearing, this temporary restraining order be made a temporary injunction.

Counterpetitioner prays that, on final hearing, the Court enter a permanent injunction enjoining Counterrespondent, in conformity with the allegations of this Counterpetition, from the acts set forth above.

Counterpetitioner prays for judgment against RHETT WEBSTER PEASE in a sum exceeding the minimum jurisdictional limits of this Court for her actual damages as alleged, for exemplary damages, for prejudgment and postjudgment interest as allowed by law, for costs of court, and for general relief.

Counterpetitioner prays for attorney's fees, expenses, and costs as requested above.

Counterpetitioner requests a jury trial and pays the jury fee of $30.00.

Counterpetitioner prays for general relief.

Respectfully submitted,

Law Office of Rique D. Bobbitt
105 E. Main Street
Cameron, Texas 76520
Tel: (254) 697-8591
Fax: (254) 697-6709

Original Counterpetition for Divorce

## STATEMENT ON ALTERNATIVE DISPUTE RESOLUTION

I AM AWARE THAT IT IS THE POLICY OF THE STATE OF TEXAS TO PROMOTE THE AMICABLE AND NONJUDICIAL SETTLEMENT OF DISPUTES INVOLVING CHILDREN AND FAMILIES. I AM AWARE OF ALTERNATIVE DISPUTE RESOLUTION METHODS INCLUDING MEDIATION. WHILE I RECOGNIZE THAT ALTERNATIVE DISPUTE RESOLUTION IS AN ALTERNATIVE TO AND NOT A SUBSTITUTE FOR A TRIAL AND THAT THIS CASE MAY BE TRIED IF IT IS NOT SETTLED, I REPRESENT TO THE COURT THAT I WILL ATTEMPT IN GOOD FAITH TO RESOLVE BEFORE FINAL TRIAL CONTESTED ISSUES IN THIS CASE BY ALTERNATIVE DISPUTE RESOLUTION WITHOUT THE NECESSITY OF COURT INTERVENTION.

JANELL PEASE

*Exhibit "A"*

# EXHIBIT

# "2"

CAUSE NO. 12380

| | | |
|---|---|---|
| IN THE MATTER OF<br>THE MARRIAGE OF | §<br>§<br>§ | IN THE DISTRICT COURT |
| Rhett Webster Pease<br>AND<br>JANELL PEASE | §<br>§<br>§<br>§ | |
| AND IN THE INTEREST OF: | §<br>§ | LEE COUNTY, TEXAS |
| Brennan Cutler Pease,<br>Webster Cameron Pease,<br>AND Zacharee Clinton Larsen | §<br>§<br>§<br>§ | 21st JUDICIAL DISTRICT |

### NOTICE TO COURT OF STATUS

COMES NOW Rhett Webster Pease, petitioner in the above styled and numbered cause and gives this court notice of status and offer to contract which is attached to and incorporated into this notice and attached is an affidavit of inability to pay. In addition this court is given notice that due to the lack of the return of my weight machine, I was unable to work for the last half of May the entire month of June and most of July. In addition due to the slanderous allegations made by the respondent and her attorney, I am unemployable.

Respectfully submitted,

Rhett Webster Pease
P.O. Box 255
Lexington, TX 78947
(512) 497-8897

**FILED**

AUG 2 9 2003 10:07 AM

DISTRICT CLERK
LEE COUNTY, TEXAS

_____
DEPUTY

### CERTIFICATE OF SERVICE

I, Rhett Webster Pease do hereby certify that a true and correct copy of the foregoing motion has been delivered via registered mail return receipt requested to the respondent, Janell Pease on this the 29th day of August, 2003, by serving her attorney.

Rhett Webster Pease

## Declaration of Status

I, Rhett Webster Pease, do hereby state the following:

I do not now, nor have I ever knowingly, willingly nor intentionally received any benefits from the United States, or this State.

I can not be held liable for any contracts to which I have not been a knowledgable, informed party.

I do not consent to this State making things other than gold or silver a legal tender.

I am not party to a criminal conspiracy nor can I be held to illegal contracts.

I deny the presumption that I can be held to a compelled benefit.

I claim all right, title and interest to all my property. If my property has been seized, I demand return of said property.

I am non-territorial to the United States or this State.

I am not a party to a public trust.

This NOTICE of my Declaration of Status is the only permanent manner available to me to provide the general public wide notice of my status, and I derive no other benefit from this publication in the Public Record, or use of Notary, nor do I accept any other benefit or contract conditioned from this act.

## OFFER TO CONTRACT

Notice is hereby given of this offer to contract for the use of the name RHETT WEBSTER PEASE or any alias derived from said name, and/or the number 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 for the sum of $1,000,000.00 per usage. Any use of the name or number will be presumed to be an acceptance of this contract.

Rhett Webster Pease

Texas State      }
                 }ss
Travis County }

SWORN AND SUBSCRIBED before me, a notary public for the State of Texas on this the 25th day of August, 2003.



RUSSELL MORTLAND
Notary Public, State of Texas
My Commission Expires
August 30, 2004

Notary – State of Texas

# EXHIBIT

# "3"

NCP Name:    *RHETT WEBSTER PEASE*
CP Name:     *JANELL PEASE*
OAG Number:  **0010460611**

CAUSE NUMBER *12380*

| | | |
|---|---|---|
| IN THE INTEREST OF | § | IN THE *21ST JUDICIAL DISTRICT COURT* |
| *WEBSTER C PEASE* | § | |
| *BRENNAN C PEASE* | § | OF |
| CHILDREN | § | *LEE* COUNTY, TEXAS |

**ORDER ENFORCING CHILD SUPPORT OBLIGATION**

On the **5** day of **September, 2005** the Court held a hearing in this cause.

The ATTORNEY GENERAL OF TEXAS appeared by an ASSISTANT ATTORNEY GENERAL.

*JANELL PEASE, mother* of the children, social security number *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*, number *15958568*, hereinafter referred to as Obligee,

- [✓] appeared in person (and by attorney _____ )
- [ ] agreed to the entry of these orders as evidenced by her signature;
- [ ] although duly notified, did not appear.

*RHETT WEBSTER PEASE, father* of the children, social security number *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*, number _____, hereinafter referred to as Obligor,

- [✓] appeared in person (and by attorney _____ )
- [ ] agreed to the entry of these orders as evidenced by his signature;
- [ ] although duly notified, did not appear;
- [ ] although duly and properly cited and notified, did not appear and wholly made default. At the request of the ATTORNEY GENERAL OF TEXAS, the Court severed the contempt action and then heard other issues raised by pleadings on file, including the request for a judgment and for income withholding.

The Court finds that it has jurisdiction of the parties and the subject matter of this suit, and that the following orders are in the best interest of the children.

A record of the proceedings was:

- [ ] waived by the parties with the consent of the court.
- [✓] made by audio recording.

**FILED**

SEP 30 2005 *10:09 AM*

~~signature~~
DISTRICT CLERK
LEE COUNTY, TEXAS

_____
DEPUTY

VOLUME **75**    PAGE **2262**

PAGE **1** OF **7**

## CHILDREN

The following children are the subject of this suit:

| Name | Sex | DOB | SSN | Birthplace |
|------|-----|-----|-----|------------|
| WEBSTER C PEASE | M | 8/3/1993 | 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 | AUSTIN, TRAVIS, TX |
| BRENNAN C PEASE | M | 8/24/2001 | 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 | AUSTIN, TRAVIS, TX |

## PRIOR ORDER

The Court FINDS that on *8/25/2003* the Court ordered *RHETT WEBSTER PEASE* to pay current child support o $443.75 monthly, beginning *8/15/2003* and *monthly* thereafter.

## JUDGMENT ON ARREARS

The Court FINDS and CONFIRMS that *RHETT WEBSTER PEASE* is in arrears in the amount of $ 615623 as of July 30, 2005. This includes all unpaid child support and any balance owed on previously confirmed arrearages or retroactive support judgments as of the specified date. The judgment for this amount is a cumulative judgment.

The Court GRANTS and RENDERS judgment against *RHETT WEBSTER PEASE* and in favor of the ATTORNEY GENERAL OF TEXAS in the amount of $ 6156 23, with interest as provided by law at the rate of 6% per annum, for collection and distribution according to law.

The Court ORDERS *RHETT WEBSTER PEASE*, Obligor, to pay said child support judgment by paying $_____ on or before the _____ day of _____, _____, and by paying. N $ 200.00 each month beginning the 1st day of September, 2005, payable on or before that date and on or before the same day of each month thereafter until the arrearage is paid in full, or on the termination of current support for any child the subject of this suit.

Thereafter, the Court ORDERS Obligor to pay said child support judgment by paying $ 308.75 each month on or before the same day of each month until the arrearage is paid in full, or on the termination of current child support for any child the subject of this suit.

If *RHETT WEBSTER PEASE* has not paid the judgment in full by the date his current child support obligation ends, the Court ORDERS him to pay the remainder of said judgment by paying $ 6437S each month on or before the same day of each month until the arrearage is paid in full. The withholding order authorized herein shall include such payments, but nothing herein shall prohibit the use of other collection methods authorized by law.

## NOTICE TO OBLIGOR

Past due support is not an installment debt and the entire judgment is now due and owing. The ATTORNEY GENERAL OF TEXAS may take whatever enforcement remedies deemed necessary including any remedies required by federal or state laws to collect this judgment, even if regular periodic payments on this judgment are being made.

ORDER ENFORCING CHILD SUPPORT OBLIGATION

*RHETT WEBSTER PEASE* is placed on notice that should he fail to pay current child support, or toward the arrearage as ordered herein, the ATTORNEY GENERAL OF TEXAS may pursue an action to suspend any or all license he may have.

Pursuant to Texas Family Code § 157.269, the Court retains jurisdiction over this matter until all current support and all support arrearages, including interest and any applicable fees and costs, have been paid.

## PAYMENT OF SUPPORT, ATTORNEY FEES AND COSTS

The Court ORDERS *RHETT WEBSTER PEASE* to pay all support to the registry of the court:

Texas Child Support Disbursement Unit
P O Box 659791
San Antonio, TX 78265-9791

for distribution according to law. All payments shall be identified by:

Obligor name *RHETT WEBSTER PEASE*,
Obligee name *JANELL PEASE*,
ATTORNEY GENERAL OF TEXAS case number *0010460611*,
cause number *12380*, and
the date on which the withholding occurred.

~~The Court FINDS that *RHETT WEBSTER PEASE* should pay attorney fees for the enforcement of child support~~ obligation directly to the ATTORNEY GENERAL OF TEXAS. The Court GRANTS JUDGMENT against *RHETT WEBSTER PEASE* and in favor of the ATTORNEY GENERAL OF TEXAS in the amount of $_____ and ORDERS him to pay the attorney fees on or before the _____ day of _____, _____ directly to:

Texas Child Support Disbursement Unit
P O Box 245993
San Antonio, TX 78224-5993

The ATTORNEY GENERAL OF TEXAS may enforce this order for attorney fees in the agency's own name.

The Court ORDERS *RHETT WEBSTER PEASE* to pay court costs of $_____ to the District Clerk of *LEE* County, Texas, on or before the _____ day of _____, _____ directly to:

LISA TEINERT
PO BOX 176
GIDDINGS, TX 78942

## INCOME WITHHOLDING

The Court ORDERS, pursuant to Texas Family Code Chapter 158, any employer of *RHETT WEBSTER PEASE*, current or subsequent, to withhold income from the disposable earnings of *RHETT WEBSTER PEASE* for the children's support as set out in the ORDER/NOTICE TO WITHHOLD INCOME FOR CHILD SUPPORT entered herein. Any income withheld from *RHETT WEBSTER PEASE*'s disposable earnings for child support and paid according to this order shall be credited against his child support obligation, but shall not discharge any of his child support obligation that exceeds the amount so credited.

In addition, the Court further ORDERS any employer of *RHETT WEBSTER PEASE*, current or subsequent, to withhold income from the disposable earnings of *RHETT WEBSTER PEASE* for the payment of court ordered attorney fees.

The Court ORDERS the Clerk of the Court, upon request, to cause a certified copy of the ORDER/NOTICE TO WITHHOLD INCOME FOR CHILD SUPPORT, with a copy of Texas Family Code Chapter 158 attached, to be delivered to *RHETT WEBSTER PEASE*'s employer.

The Court ORDERS *RHETT WEBSTER PEASE* to provide any subsequent employer with a copy of the ORDER/NOTICE TO WITHHOLD INCOME FOR CHILD SUPPORT entered herein.

## STATUTORY WARNINGS

FAILURE TO OBEY A COURT ORDER FOR CHILD SUPPORT OR FOR POSSESSION OF OR ACCESS TO A CHILD MAY RESULT IN FURTHER LITIGATION TO ENFORCE THE ORDER, INCLUDING CONTEMPT OF COURT. A FINDING OF CONTEMPT MAY BE PUNISHED BY CONFINEMENT IN JAIL FOR UP TO SIX MONTHS, A FINE OF UP TO $500 FOR EACH VIOLATION, AND A MONEY JUDGMENT FOR PAYMENT OF ATTORNEY'S FEES AND COURT COSTS.

FAILURE OF A PARTY TO MAKE A CHILD SUPPORT PAYMENT TO THE PLACE AND IN THE MANNER REQUIRED BY A COURT ORDER MAY RESULT IN THE PARTY NOT RECEIVING CREDIT FOR MAKING THE PAYMENT.

FAILURE OF A PARTY TO PAY CHILD SUPPORT DOES NOT JUSTIFY DENYING THAT PARTY COURT-ORDERED POSSESSION OF OR ACCESS TO A CHILD. REFUSAL BY A PARTY TO ALLOW POSSESSION OF OR ACCESS TO A CHILD DOES NOT JUSTIFY FAILURE TO PAY COURT-ORDERED CHILD SUPPORT TO THAT PARTY.

EACH PERSON WHO IS A PARTY TO THIS ORDER IS ORDERED TO NOTIFY EACH OTHER PARTY, THE COURT, AND THE STATE CASE REGISTRY OF ANY CHANGE IN THE PARTY'S CURRENT RESIDENCE ADDRESS, MAILING ADDRESS, HOME TELEPHONE NUMBER, NAME OF EMPLOYER, ADDRESS OF EMPLOYMENT, DRIVER'S LICENSE NUMBER, AND WORK TELEPHONE NUMBER. THE PARTY IS ORDERED TO GIVE NOTICE OF AN INTENDED CHANGE IN ANY OF THE REQUIRED INFORMATION TO EACH OTHER PARTY, THE COURT, AND THE STATE CASE REGISTRY ON OR BEFORE THE 60TH DAY BEFORE THE INTENDED CHANGE. IF THE PARTY DOES NOT KNOW OR COULD NOT HAVE KNOWN OF THE CHANGE IN SUFFICIENT TIME TO PROVIDE 60-DAY NOTICE, THE PARTY IS ORDERED TO GIVE NOTICE OF THE CHANGE ON OR BEFORE THE FIFTH DAY AFTER THE DATE THAT THE PARTY KNOWS OF THE CHANGE.

THE DUTY TO FURNISH THIS INFORMATION TO EACH OTHER PARTY, THE COURT, AND THE STATE CASE REGISTRY CONTINUES AS LONG AS ANY PERSON, BY VIRTUE OF THIS ORDER, IS UNDER AN OBLIGATION TO PAY CHILD SUPPORT OR ENTITLED TO POSSESSION OF OR ACCESS TO A CHILD.

FAILURE BY A PARTY TO OBEY THE ORDER OF THIS COURT TO PROVIDE EACH OTHER PARTY, THE COURT AND, THE STATE CASE REGISTRY WITH CHANGE IN THE REQUIRED INFORMATION MAY RESULT IN FURTHER LITIGATION TO ENFORCE THE ORDER, INCLUDING CONTEMPT OF COURT. A FINDING OF CONTEMPT MAY BE PUNISHED BY CONFINEMENT IN JAIL FOR UP TO SIX MONTHS, A FINE OF UP TO $500 FOR EACH VIOLATION, AND A MONEY JUDGMENT FOR PAYMENT OF ATTORNEY'S FEES AND COURT COSTS.



## NOTICE TO THE STATE CASE REGISTRY

As is required by the preceding section, any change of a party's residential address, mailing address, home telephone number, name of employer, address of employment, driver's license number, and work telephone number are to be reported by mail to the:

State Case Registry
Contract Services Section
MC 046S
P.O. Box 12017
Austin, TX 78711-2017

in addition to reporting the change(s) to the other parties and the Court.

## REVIEW

Pursuant to 42 USC 666(a)(10), a parent subject to a child support order, at least every three years, has the right to request a review of the ordered child support amounts by contacting the CHILD SUPPORT DIVISION of the ATTORNEY GENERAL OF TEXAS.

## NONDISCLOSURE FINDING

The Court FINDS, pursuant to Texas Family Code § 105.006(c), _____ is likely to cause _____ or the child(ren) harassment, abuse, serious harm or injury.

Therefore, the Court ORDERS _____ 's and the child(ren)'s addresses and other identifying information not be disclosed, and _____ is not required to notify the other party or the Court when there has been a change in the information required to be provided pursuant to Texas Family Code § 105.006(c). _____ is required to inform the State Case Registry of his/her current mailing address.

ORDER ENFORCING CHILD SUPPORT OBLIGATION

**PUNITIVE CONTEMPT**

The Court FINDS that *RHETT WEBSTER PEASE* failed to pay court-ordered child support as follows:

| | ORDERED DUE DATE | ORDERED AMOUNT | AMOUNT PAID |
|---|---|---|---|
| Count 1 | 4-1-05 | 443.75 | 0.00 |
| Count 2 | 5-1-05 | 443.75 | 0.00 |
| Count 3 | 6-1-05 | 443.75 | 0.00 |
| Count 4 | | 443.75 | 0.00 |

The Court FINDS that *RHETT WEBSTER PEASE* could have timely paid the above specified child support in full and that he is guilty of a separate act of contempt of court for each specified failure to do so.

The Court ORDERS *RHETT WEBSTER PEASE* committed to the county jail for 180 days for each separate act of contempt, said commitments to run concurrently.

**COERCIVE CONTEMPT**

~~The Court FINDS that *RHETT WEBSTER PEASE* can pay the amounts listed below and ORDERS~~ him committed to the county jail until he pays:

1. $_____ in child support arrearages;
2. $_____ in attorney fees; and
3. $_____ in court costs.

**COMMITMENT**

The Court ORDERS the Sheriff of *LEE* County to arrest *RHETT WEBSTER PEASE* and commit him to the county jail as ordered above, said commitments to run concurrently.

The Court ORDERS him to appear before this Court at 9:00 o'clock a.m., on the 4 day of November, 2005, to begin commitment to the county jail.

## ASSOCIATE JUDGE'S REPORT

The undersigned conducted a hearing in this cause and recommends the proposed order be adopted as the judgment of the Court. Notice of the substance of this report and of the right of appeal to the referring court was given to the parties participating in the hearing.

Signed this _5th_ day of _August_, 20_05_.

_____
ASSOCIATE JUDGE PRESIDING

## ORDER ADOPTING ASSOCIATE JUDGE'S REPORT

The Court approves and adopts the above and foregoing orders as the order of the Court.

Signed this _30th_ day of _Sept._, 20_05_.

_____
JUDGE PRESIDING

**APPROVED**

_____
Office of the Attorney General
*PAMELA PITTMAN TUCKER TX BAR NO. 00784768*
*ROBERT L. OROZCO TX BAR NO. 1531130*
*NORBERT C. MAHNKE TX BAR NO. 12836770*
*CHRISTOPHER ELLIOTT TX BAR NO. 06535350*
*PO BOX 5700*
*BRYAN, TX 77805-5700*
Telephone No. *(979)823-0080*
Toll Free 1-800-687-8270
Fax No. *(979)823-0220*

_____          _____
OBLIGEE                                           OBLIGOR

ORDER ENFORCING CHILD SUPPORT OBLIGATION

**ORDER/NOTICE TO WITHHOLD INCOME FOR CHILD SUPPORT**

☒ Original ☐ Amended ☐ Termination

State _____Texas_____

Co./City/Dist. of 21ST JUDICIAL DISTRICT COURT, LEE County

Tribunal/Case Number ____12380____

---

Employer's/Withholder's Name

Employer's/Withholder's Address

---

Employer/Withholder's Federal EIN Number (if known)

RE: PEASE, RHETT WEBSTER

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

Employee's/Obligor's Name (Last, First, MI)

Employee's/Obligor's Social Security Number

0010460611

Employee's/Obligor's Case Identifier

PEASE, JANELL

Obligee Name (Last, First, MI)

| Child(ren)'s Name(s) | DOB | SSN |
|---|---|---|
| WEBSTER C PEASE | 8/3/1993 | 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 |
| BRENNAN C PEASE | 8/24/2001 | 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 |

**FILED**

**SEP 30 2005** 10:09 AM

DISTRICT CLERK

DEPUTY

☒ If checked, you are required to enroll the child(ren) identified above in any health insurance coverage available to the employee's/obligor's through his/her employment.

**ORDER INFORMATION:** This Order/Notice is based on the support order from **TX**.

You are required by law to deduct these amounts from the employee's/obligor's income until further notice.

$ **443.75** **MONTHLY** current child support

$ **200.00** " past-due child support - Arrears 12 weeks or greater? ☐ yes ☒ no

$_____ _____ current medical support

$_____ _____ past-due medical support

$_____ _____ spousal support

$_____ _____ other (specify) _____

for a total of $ **643.75** **monthly** to be forwarded to the payee below.

You do not have to vary your pay cycle to be in compliance with the support order. If your pay cycle does not match the ordered payment cycle, withhold one of the following amounts:

$ **148.52** per weekly pay period.      $ **321.87** per semimonthly pay period (twice a month).

$ **297.11** per biweekly pay period (every two weeks).   $ **643.75** per monthly pay period.

**REMITTANCE INFORMATION:** When remitting payment, provide the pay date/date of withholding and the case identifier. If the employee's/obligor's principal place of employment is Texas, begin withholding no later than the first pay period following the date on which this Order/Notice was delivered to the employer. Send payment on the same day of the pay date/date of withholding. The total withheld amount, including your fee, cannot exceed **50** % of the employee's/obligor's aggregate disposable weekly earnings.

If the employee's/obligor's principal place of employment is not Texas, for limitations on withholding, applicable time requirements, and any allowable employer fees, follow the laws and procedures of the employee's/obligor's principal place of employment (see #4 and #10, ADDITIONAL INFORMATION TO EMPLOYERS AND OTHER WITHHOLDERS).

If remitting payment by EFT/EDI, call _____ before first submission. Use this FIPS code:_____

Bank routing code: _____  Bank account number: _____

Make check payable to (Payee and Case Identifier): **OFFICE OF THE ATTORNEY GENERAL /AG # 0010460611, Cause # 12380**

Send check to:  Texas Child Support Disbursement Unit
P O Box 659791
San Antonio, TX 78265-9791

Authorized by _____      Date: **8-5-05**

Print Name and Title of Authorized Official(s) LISA A. Huback, Assoc. Judge

VOLUME **75** PAGE **2270**

**IMPORTANT: The person completing this form is advised that the information on this form may be shared with the obligor.**

# EXHIBIT

# "4"

VS. NO. _____

| DATE OF ORDERS MONTH / DAY / YEAR | ORDERS OF COURT | MINUTE BOOK VOL. / PAGE | PR |
|---|---|---|---|
| 09 / 30 / 05 | Order Confirming Child Support Obligation | 15  2360-69 | |
| 11 / 4 / 05 | Mr. Pess FTA; Agreed Commitment Order set | 15  2360-69 | |
| 11 / 18 / 05 | Clerk's Motion to Rule for Costs | 15  2065-66 | |
| 12 / 09 / 05 | Order Ruling Costs | 15  3207 | |
| 12 / 08 / 06 | Reset Order | 15  3209 | |
| 8 / 2 / 07 | FTA capias w/ 5000 cb. Att | | |
| 2 / 22 / 07 | Order for Issuance of Capias | | |
| 4 / 15 / 07 | "Ms. Pess appeared pro se. Mr. Pess FTA although duly notified (see State's exh #1). Agreed FTA capias w/ $10,000 cb. Att | 18  1376/ 79  23/14 | |
| | Order re: cb. Att Agreed | | |
| 4 / 3 / 07 | Order Regarding Cash Bond | 79  3578 | |
| 6 / 8 / 07 | Went to 7/27/07 to allow Mr. Pess to present evidence that the case has been remitted to federal court. Att | 79  1219 | |
| 7 / 27 / 07 | Mr. Pess FTA; Capias w/ 2408.66 cb. Order re: cb. Att | | |

NCP Name:   *RHETT WEBSTER PEASE*
CP Name:    *JANELL PEASE*
OAG Number: 0010460611

## CAUSE NUMBER *12380*

| | | |
|---|---|---|
| IN THE INTEREST OF | § | IN THE *21ST JUDICIAL DISTRICT COURT* |
| *WEBSTER C PEASE* | § | |
| *BRENNAN C PEASE* | § | OF |
| CHILDREN | § | *LEE* COUNTY, TEXAS |

### RESET ORDER

On the _8_ day of _June_ , 20_07_ came on to be heard the above case set for hearing.

Obligor *RHETT WEBSTER PEASE* did / did not appear in person (and by attorney)

_____

Obligee *JANELL PEASE* did / did not appear.

IT IS ORDERED that the hearing on the above entitled cause is recessed until _July 27 2007_ at 9:00 a.m. in the IV-D Master's Courtroom. The Court further ORDERS Obligor and Obligee to appear at said time and place without further notice. The Court ORDERS that failure to appear may result in a capias for his or her arrest. The Court also ORDERS that a default judgment may be taken against Obligor and/or Obligee.

The hearing is recessed for the following reason:

_to allow obligor to produce proof of removal to federal court_

Signed this _8_ day of _June_ , 20_07_.

_[signature]_
ASSOCIATE JUDGE PRESIDING

_[signature]_
ROBERT L. OROZCO
ASSISTANT ATTORNEY GENERAL
CHILD SUPPORT DIVISION
Texas Bar No. 15311300
PO BOX 5700
BRYAN, TX 77805-5700
Telephone No. (979)823-0080
Toll Free 1-800-687-8270
Fax No. (979)823-0220

_[signature] Janell Pease_

**Exhibit "●" 1 page**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| RHETT W. PEASE,<br>*Plaintiff,*<br><br>v.<br><br>OFFICE OF CHILD SUPPORT ENFORCEMENT<br>OF THE UNITED STATES OFFICE OF THE<br>DIRECTOR, CECELIA BURKE, In Her Individual<br>and Official Capacity; OFFICE OF THE<br>ATTORNEY GENERAL; COUNTY OF LEE;<br>RIQUE BOBBITT, In His Individual Capacity;<br>JANELL PEASE, In Her Individual Capacity;<br>TERRELL FLENNIKEN, In His Individual and<br>Official Capacity; ROBERT GRAZCO, In His<br>Individual and Official Capacity; LISA TEINERT,<br>In Her Individual and Official Capacity; LISA ANN<br>HUBACEK, In Her Individual and Official<br>Capacity; and OFFICE OF THE SHERIFF, LEE<br>COUNTY, TEXAS,<br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No.<br>1:07cv-00599-EGS |

## MOTION TO APPEAR PRO HAC VICE

TO THE HONORABLE JUDGE EMMET G. SULLIVAN:

NOW COMES, Thomas J. Turner, Assistant Attorney General, on behalf of Defendant, Office of the Attorney General of Texas , and, pursuant to LCvR 83.2(f), makes this motion to appear *pro hac vice* in the above numbered civil action. In support thereof, Mr. Turner would respectfully show the Court as follows:

1.    LCvR 83.2(f) allows a State Attorney General's designee who is a member of good standing of the bar of the highest court in any state or of any United States District Court to appeal and represent the State or any agency thereof irrespective of LCvR 83.2 (c) and (d).

2.    Mr. Turner is an attorney at law licensed to practice by the State of Texas and a member in good standing with the Bar of the State of Texas.

3.    Mr. Turner is an Assistant Attorney General of the State of Texas and, therefore, designee of Texas State Attorney General Greg Abbott as is reflected by the signature block of his pleadings.  Furthermore, Mr. Turner represents the Office of the Attorney General of the State of Texas as well as two state officials in the above action.

4.    Mr. Turner is a member in good standing of the 5th Circuit Court of Appeals and the United States District Courts for the Northern, Eastern, Southern and Western Districts of Texas.

5.    Mr. Turner submits to the jurisdiction of this Court for discipline purposes and to the local rules, and certifies that he will be available for hearings on reasonable notice; and

6.    Mr. Turner further represents that he has not previously been convicted of a felony or a misdemeanor involving moral turpitude nor has he been the subject of any disciplinary action by a court of record.

ACCORDINGLY, Thomas J. Turner respectfully requests that the Court grant this motion pursuant to LCvR 83.2(f) and allow him to appear *pro hac vice* for purposes of this proceeding on behalf of Defendants Office of the Attorney General of Texas, Terrell Flinniken and Lisa Ann Hubacek.

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

DAVID S. MORALES
Deputy Attorney General for Civil
Litigation

ROBERT B. O'KEEFE
Chief, General Litigation Division

THOMAS J. TURNER
Texas Bar No.  24043967
Assistant Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120; FAX:  (512) 320-0667

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy has been sent *via regular and U.S.*

*certified mail, return receipt requested,* on this 15th day of August, 2007, to:

Rhett W. Pease, *in propria persona*
1032 PR 7039
Lexington, Texas 78947
Rhett W. Pease
P.O. Box 255
Lexington, TX 78947

THOMAS J. TURNER
Assistant Attorney General

# EXHIBIT "5"

NCP Name:   *RHETT WEBSTER PEASE*
CP Name:    *JANELL PEASE*
OAG Number: **0010460611**

**CAUSE NUMBER** *12380*

IN THE INTEREST OF                    §    IN THE *21ST DISTRICT COURT*

    *WEBSTER C PEASE*                §
    *BRENNAN C PEASE*               §                    OF
                                      §

CHILDREN                              §    *LEE* COUNTY, TEXAS

**ORDER REGARDING CASH BOND**

On the __13__ day of __April__, 20__07__ the Court held a hearing in this cause.

The ATTORNEY GENERAL OF TEXAS appeared by an ASSISTANT ATTORNEY GENERAL.

*JANELL PEASE, mother* of the children, hereinafter referred to as Obligee,

[☑]   appeared in person (and by attorney _____ );

[ ]   agreed to the entry of these orders as evidenced by her signature;

[ ]   although duly notified, did not appear.

*RHETT WEBSTER PEASE, father* of the children, hereinafter referred to as Obligor,

[ ]   appeared in person (and by attorney _____ );

[ ]   agreed to the entry of these orders as evidenced by his signature;

[☑]   although duly notified, did not appear.

The Court finds that it has jurisdiction of the parties and the subject matter of this suit, and that the following orders are in the best interest of the children.

A record of the proceedings was:

    [ ]   waived by the parties with the consent of the court.

    [☑]   made by audio recording.

**FILED**

APR 13 2007 1:00 PM

DISTRICT CLERK
LEE COUNTY, TEXAS

DEPUTY

Entered

VOLUME __79__ PAGE __257__

The Court finds that a cash bond of $ 5000⁰⁰ was posted for the benefit of *RHETT WEBSTER PEASE.*

The Court finds that *RHETT WEBSTER PEASE* is in arrears $ 16,470⁰⁰ as of April 1, 2007 in the payment of court-ordered child support.

The Court ORDERS the District Clerk to release the proceeds of the cash bond, pursuant to Texas Family Code Chapter 157, Subchapter C, and ORDERS the proceeds of the cash bond, up to the amount of child support arrearage, paid through the registry of the court:

Texas Child Support Disbursement Unit
P O Box 659791
San Antonio, TX 78265-9791

for distribution according to law.

All payments shall be identified by:

Obligor name: *RHETT WEBSTER PEASE*

Obligee name: *JANELL PEASE*

Office of the Attorney General case number:  0010460611

Cause Number: *12380*

The Court ORDERS any amounts in excess of the child support arrearage paid to *RHETT WEBSTER PEASE.*

Signed this 13 day of April, 2007.

_____
ASSOCIATE JUDGE PRESIDING


_____
ROBERT L. OROZCO
ASSISTANT ATTORNEY GENERAL
CHILD SUPPORT DIVISION
Texas Bar No. 15311300
PO BOX 5700
BRYAN, TX 77805-5700
Telephone No. (979)823-0080
Toll Free 1-800-687-8270
Fax No. (979)823-0220

**LEE COUNTY DISTRICT CLERK**
**LISA TEINERT**
**TRUST FUND #2**
P.O. BOX 176
GIDDINGS, TX 78942

1088

April 16, 2007

PAY
TO THE
ORDER OF   Texas Child Support Disbursement Unit          $   5000.00

LEE COUNTY
TEXAS                                                   DOLLARS

Cause #12-380    AG #0001046076(0)
In the Interest of Webster C. Pease,
Brennah C. Pease, Children
OR: Rhett Webster Pease
OR: Chanell Pease

VOID AFTER 90 DAYS

Memo

⑈⑈1150280⑈:  1088 770

04-16-07

Mailed to SDU

Entered

NCP Name: **Rhett Webster Pease**
OAG Number: **0010460011**

CAUSE NUMBER **12380**

IN THE INTEREST OF
Webster Pease
Brennan Pease
CHILDREN

§ IN THE **21st District Court**
§ OF
§ **Lee** COUNTY, TEXAS

### ORDER FOR ISSUANCE OF CAPIAS

On the **13th** day of **April**, 200 **7**, the Court held a hearing in this cause.
The ATTORNEY GENERAL OF TEXAS appeared by an ASSISTANT ATTORNEY GENERAL.

The Court finds that

a. **Rhett Webster Pease**, Obligor, was duly served with notice to appear at the designated date, time and place for a hearing on a Motion For Enforcement;

b. Obligor failed to appear;

c. a capias should be ordered for the arrest of **Rhett Webster Pease**

d. the pleadings on file with the Court allege child support arrears of $ **12,416.38** as of **8/22/2006**; and

e. the presumption pursuant to Texas Family Code § 157.101 has been rebutted and a reasonable **cash bond** would be $ **10,000.00**

The Court ORDERS the clerk of this court to issue a capias, directed to any peace officer of any county within the State of Texas, commanding said peace officer to arrest **Rhett Webster Pease**, and confine him/her in the county jail until he/she can be brought before the Court to answer the allegations of the motion. If Obligor is arrested outside of this county, he/she shall be detained by the arresting authorities until such time as he/she can be transferred to the county jail of this County.

The Court ORDERS the arresting or detaining authorities to release Obligor upon the posting of a **cash bond** in the amount of $ **10,000.00**. If a cash bond is posted by Obligor or by anyone for him/her, the money shall be deposited in the registry of this Court and the bond shall be subject to forfeiture or assignment to pay child support arrears as provided in Texas Family Code Chapter 157, Subchapter C.

The Court ORDERS Obligor to contact the ATTORNEY GENERAL OF TEXAS on the day of his/her release from jail and to appear at the next regularly scheduled IV-D Associate Judge's Docket if he/she is released on bond.

**FILED**

APR 27 2007 **9:40am late mail**

DISTRICT CLERK
ORDER FOR ISSUANCE OF CAPIAS
DEPUTY

Signed April 25, 2007.

Judge Presiding

Page **1** of **2**

Entered

VOLUME **79** PAGE **240**

RECOMMENDED:                              APPROVED AND ORDERED:

_____               _____
ASSOCIATE JUDGE PRESIDING                JUDGE PRESIDING

_____               _____
DATE  4|13|07                            DATE

APPROVED:

_____
Pamela Tucker SBN 00784768
Robert Orozco SBN 15311300
Norb Mahnke SBN 12836770
Jeannine Huws SBN 24034475
ASSISTANT ATTORNEY GENERAL
CHILD SUPPORT DIVISION
PO BOX 5700
BRYAN, TX 77805-5700
Telephone No. (979)823-0080
Toll Free 1-800-687-8270
Fax No. (979)823-0220

ORDER FOR ISSUANCE OF CAPIAS                        Page 2 of 2

The Court finds that a cash bond of $7968.86 was posted for the benefit of *RHETT WEBSTER PEASE*.

The Court finds that *RHETT WEBSTER PEASE* is in arrears $ 5784.39 as of January 11, 2008 in the payment of court-ordered child support.

The Court ORDERS the District Clerk to release the proceeds of the cash bond, pursuant to Texas Family Code Chapter 157, Subchapter C, and ORDERS the proceeds of the cash bond, up to the amount of child support arrearage, paid through the registry of the court:

Texas Child Support Disbursement Unit
P O Box 659791
San Antonio, TX 78265-9791

for distribution according to law.

All payments shall be identified by:

Obligor name: *RHETT WEBSTER PEASE*

Obligee name:  *JANELL LARSEN PEASE*

Office of the Attorney General case number:  0010460611

Cause Number: *12380*

The Court ORDERS any amounts in excess of the child support arrearage paid to *RHETT WEBSTER PEASE*.

Signed this  11th  day of  January , 2008 .

_____
ASSOCIATE JUDGE PRESIDING

_____
ROBERT L. OROZCO
ASSISTANT ATTORNEY GENERAL
CHILD SUPPORT DIVISION
Texas Bar No. 15311300
PO BOX 5700
BRYAN, TX 77805-5700
Telephone No. (979)823-0080
Toll Free 1-800-687-8270
Fax No. (979)823-0220

_____
JANELL PEASE

THE STATE OF TEXAS
COUNTY OF LEE } This is to certify that this
is a true copy of the original
dm

JAN 30 2008

VOLUME _____

LISA TEINERT
DISTRICT CLERK
LEE COUNTY, TEXAS

LEE COUNTY DISTRICT CLERK
LISA TEINERT
TRUST FUND #2
PO BOX 178
GIDDINGS, TX 78942

**First National Bank**    1033
409/542-1200 • P.O. Box 269 • Giddings, Texas 78942
Member FDIC

DATE ___January 14, 2008___    88-471/1131

PAY
TO THE
ORDER OF ___Texas Child Support Disbursement Unit___    $ 2968.86

LEE COUNTY
TEXAS    **2968 DOLS 86 CTS**    DOLLARS

THIS CHECK IS DELIVERED IN CONNECTION WITH THE FOLLOWING ACCOUNTS    VOID AFTER 90 DAYS

Cause No. 12,380 – In the Interest of Webster C.
Pease, Brennan C. Pease, Children
OR: Rhett Webster Pease
OE: Janell Larsen Pease
AG #0010460611

*Lisa Teinert*

⑈"001033"⑈ ⑆⑈113104712⑈ ⑈10⑈0148⑈6⑈"

---

01.14.08
Mailed to:

    Texas Child Support Disbursement Unit
    P.O. Box 659791
    San Antonio, TX 78265-9791

THE STATE OF TEXAS } This is to certify that this
COUNTY OF LEE } is a true copy of the original

JAN 30 2008 *am*




LISA TEINERT
DISTRICT CLERK
LEE COUNTY, TEXAS

NCP Name: __Rhett W. Pease__
OAG Number: __00104-60611__

CAUSE NUMBER __12,380__

IN THE INTEREST OF                          § IN THE __21st District Court__

__Webster C. Pease__                        **FILED**
__Brennen C. Pease__        FEB 1 1 2008    __10:00 AM__    OF
                                             Lee Mail §
                            DISTRICT CLERK
                            LEE COUNTY, TEXAS
CHILDREN                                     § __LEE__        COUNTY, TEXAS

## ORDER FOR ISSUANCE OF CAPIAS

On the __11__ day of __January__, __2008__, the Court held a hearing in this cause.
The ATTORNEY GENERAL OF TEXAS appeared by an ASSISTANT ATTORNEY GENERAL.
The Court finds that

a.   __Rhett Webster Pease__, Obligor, was duly served with notice to appear at the designated date, time and place for a hearing on a Motion For Enforcement;

b.   Obligor failed to appear;

c.   a capias should be ordered for the arrest of __Rhett Webster Pease__;

d.   the pleadings on file with the Court allege child support arrears of __12416.38__; and

e.   the presumption pursuant to Texas Family Code § 157.101 has been rebutted and a reasonable cash bond would be $__2800.00__

The Court ORDERS the clerk of this court to issue a capias, directed to any peace officer of any county within the State of Texas, commanding said peace officer to arrest __Rhett Webster Pease__ and confine him/her in the county jail until he/she can be brought before the Court to answer the allegations of the motion. If Obligor is arrested outside of this county, he/she shall be detained by the arresting authorities until such time as he/she can be transferred to the county jail of this County.

The Court ORDERS the arresting or detaining authorities to release Obligor upon the posting of a **cash bond** in the amount of $__2800.00__ if a cash bond is posted by Obligor or by anyone for him/her, the money shall be deposited in the registry of this Court and the bond shall be subject to forfeiture or assignment to pay child support arrears as provided in Texas Family Code Chapter 157, Subchapter C.

The Court ORDERS Obligor to contact the ATTORNEY GENERAL OF TEXAS on the day of his/her release from jail and to appear at the next regularly scheduled IV-D Associate Judge's Docket if he/she is released on bond.

ORDER FOR ISSUANCE OF CAPIAS                                    Page _____ of _____

Feb-11-2008  11:20am    From-Lee Co.District Clerk                    +9795422444        T-817   P.003/003   F-827

RECOMMENDED:

ASSOCIATE JUDGE PRESIDING

*1-11-08*

DATE

APPROVED AND ORDERED:

JUDGE PRESIDING

*2/8/08*

DATE

APPROVED:

PAMELA TUCKER SBN 00784768
ROBERT OROZCO SBN 15311300
NORB MAHNKE SBN 12836770
JEANNINE M. HAWS 24034475
ASSISTANT ATTORNEY GENERAL
CHILD SUPPORT DIVISION
PO BOX 5700
BRYAN, TX 77805-5700
Telephone No. (979)823-0080
Toll Free 1-800-687-8270
Fax No. (979)823-0220

ORDER FOR ISSUANCE OF CAPIAS

Page _____ of _____

NCP Name:   *RHETT WEBSTER PEASE*
CP Name:    *JANELL LARSEN PEASE*
OAG Number: **0010460611**

CAUSE NUMBER *12380*

IN THE INTEREST OF                               § IN THE *21ST DISTRICT COURT*

    *WEBSTER CAMERON PEASE*          §
    *BRENNAN CUTLER PEASE*            §                      OF
                                                 §
CHILDREN                                         § *LEE* COUNTY, TEXAS

**ORDER REGARDING CASH BOND**

On the ⎽⎽11⎽⎽ day of ⎽⎽Janvan⎽⎽, 20 ⎽0⎽8⎽ the Court held a hearing in this cause.

The ATTORNEY GENERAL OF TEXAS appeared by an ASSISTANT ATTORNEY GENERAL.

*JANELL LARSEN PEASE, mother* of the children, hereinafter referred to as Obligee,

[✓]    appeared in person (and by attorney ⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽);

[ ]    agreed to the entry of these orders as evidenced by her signature;

[ ]    although duly notified, did not appear.

*RHETT WEBSTER PEASE, father* of the children, hereinafter referred to as Obligor,

[ ]    appeared in person (and by attorney ⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽);

[ ]    agreed to the entry of these orders as evidenced by his signature;

[✓]    although duly notified, did not appear.

The Court finds that it has jurisdiction of the parties and the subject matter of this suit, and that the following orders are in the best interest of the children.

A record of the proceedings was:

[ ]    waived by the parties with the consent of the court.

[✓]    made by audio recording.

FILED

JAN 1 1 2008  *12:48 p.m.*

DISTRICT CLERK
LEE COUNTY, TEXAS

DEPUTY

THE STATE OF TEXAS
COUNTY OF LEE  } This is to certify that this
is a true copy of the original

JAN 30 2008  *dm*

LISA TEINERT
DISTRICT CLERK
LEE COUNTY, TEXAS

VOLUME ⎽⎽81⎽⎽
PAGE ⎽⎽⎽⎽

# EXHIBIT

## "6"

# Your Social Security Statement

Prepared especially for Rhett W. Pease

July 16, 2007

*www.socialsecurity.gov*

*See inside for your personal information*

000007951  01 MB  0.360 X0011
RHETT W. PEASE
PO BOX 255
LEXINGTON TX 78947-0255

**What's inside...**

Your Estimated Benefits .................................................. 2

Your Earnings Record ..................................................... 3

Some Facts About Social Security ................................. 4

If You Need More Information .......................................... 4

To Request This *Statement* In Spanish ....................................... 4
(*Para Solicitar Una Declaración en Español*)

# What Social Security Means To You

We are pleased to send you the *Social Security Statement* you requested. This *Statement* can help you better plan for your financial future. It gives you estimates of your Social Security benefits under current law and updates your latest reported earnings.

Please read this *Statement* carefully. If you see a mistake, please let us know. That's important because your benefits will be based on our record of your lifetime earnings. We recommend you keep a copy of your *Statement* with your financial records.

**Social Security is for people of all ages...**
It's more than a retirement program. Social Security also can provide benefits if you become disabled and help support your family when you die.

**Work to build a secure future...**
Social Security is the largest source of income for most elderly Americans today, but Social Security was never intended to be your only source of income when you retire. You also will need other savings, investments, pensions or retirement accounts to make sure you have enough money to live comfortably when you retire.

Saving and investing wisely are important not only for you and your family, but for the entire country. If you want to learn more about how and why to save, you should visit *www.mymoney.gov*, a federal government website dedicated to teaching all Americans the basics of financial management.

**About Social Security's future...**
Social Security is a compact between generations. For decades, America has kept the promise of security for its workers and their families. Now, however, the Social Security system is facing serious financial problems, and action is needed soon to make sure the system will be sound when today's younger workers are ready for retirement.

In 2017 we will begin paying more in benefits than we collect in taxes. Without changes, by 2041 the Social Security Trust Fund will be exhausted* and there will be enough money to pay only about 75 cents for each dollar of scheduled benefits. We need to resolve these issues soon to make sure Social Security continues to provide a foundation of protection for future generations.

**Social Security on the Net...**
Visit *www.socialsecurity.gov* on the Internet to learn more about Social Security. You can read our publications, use the *Social Security Benefit Calculators* to calculate future benefits or use our easy online forms to apply for benefits.

Michael J. Astrue
Commissioner

* These estimates are based on the intermediate assumptions from the Social Security Trustees' Annual Report to the Congress.

**Your Earnings Record**

| Years You Worked | Your Taxed Social Security Earnings | Your Taxed Medicare Earnings |
|---|---|---|
| 1978 | $ 4,171 | $ 4,171 |
| 1979 | 5,075 | 5,075 |
| 1980 | 4,778 | 4,778 |
| 1981 | 9,898 | 9,898 |
| 1982 | 15,457 | 15,457 |
| 1983 | 0 | 0 |
| 1984 | 2,866 | 2,866 |
| 1985 | 11,518 | 11,518 |
| 1986 | 8,810 | 8,810 |
| 1987 | 14,470 | 14,470 |
| 1988 | 6,685 | 6,685 |
| 1989 | 13,702 | 13,702 |
| 1990 | 18,497 | 18,497 |
| 1991 | 22,258 | 22,258 |
| 1992 | 4,474 | 4,474 |
| 1993 | 429 | 429 |
| 1994 | 367 | 367 |
| 1995 | 336 | 336 |
| 1996 | 1,235 | 1,235 |
| 1997 | 15,738 | 15,738 |
| 1998 | 54,273 | 54,273 |
| 1999 | 4,072 | 4,072 |
| 2000 | 14,423 | 14,423 |
| 2001 | 6,030 | 6,030 |
| 2002 | 0 | 0 |
| 2003 | 0 | 0 |
| 2004 | 0 | 0 |
| 2005 | 0 | 0 |
| 2006 | Not yet recorded | |

You and your family may be eligible for valuable benefits:

When you die, your family may be eligible to receive survivors benefits.

Social Security may help you if you become disabled—even at a young age.

A young person who has worked and paid Social Security taxes in as few as two years can be eligible for disability benefits.

Social Security credits you earn move with you from job to job throughout your career.

**Total Social Security and Medicare taxes paid over your working career through the last year reported on the chart above:**

Estimated taxes paid for Social Security:

| | |
|---|---|
| You paid: | $14,247 |
| Your employers paid: | $14,247 |

Estimated taxes paid for Medicare:

| | |
|---|---|
| You paid: | $3,349 |
| Your employers paid: | $3,349 |

Note: You currently pay 6.2 percent of your salary, up to $97,500, in Social Security taxes and 1.45 percent in Medicare taxes on your entire salary. Your employer also pays 6.2 percent in Social Security taxes and 1.45 percent in Medicare taxes for you. If you are self-employed, you pay the combined employee and employer amount of 12.4 percent in Social Security taxes and 2.9 percent in Medicare taxes on your net earnings.

# Help Us Keep Your Earnings Record Accurate

You, your employer and Social Security share responsibility for the accuracy of your earnings record. Since you began working, we recorded your reported earnings under your name and Social Security number. We have updated your record each time your employer (or you, if you're self-employed) reported your earnings.

Remember, it's your earnings, not the amount of taxes you paid or the number of credits you've earned, that determine your benefit amount. When we figure that amount, we base it on your average earnings over your lifetime. If our records are wrong, you may not receive all the benefits to which you're entitled.

**Review this chart carefully** using your own records to make sure our information is correct and that we've recorded each year you worked. You're the only person who can look at the earnings chart and know whether it is complete and correct.

Some or all of your earnings from **last year** may not be shown on your *Statement*. It could be that we still were processing last year's earnings reports when your *Statement* was prepared. Your complete earnings for last year will be shown on next year's *Statement*. Note: If you worked for more than one employer during any year, or if you had both earnings and self-employment income, we combined your earnings for the year.

**There's a limit on the amount of earnings on which you pay Social Security taxes each year.** The limit increases yearly. Earnings above the limit will not appear on your earnings chart as Social Security earnings. (For Medicare taxes, the maximum earnings amount began rising in 1991. Since 1994, **all** of your earnings are taxed for Medicare.)

**Call us right away at 1-800-772-1213** (7 a.m.–7 p.m. your local time) if any earnings for years before last year are shown incorrectly. If possible, please have your W-2 or tax return for those years available. (If you live outside the U.S., follow the directions at the bottom of page 4.)

071607B.00X.07951

NCP Name:    *RHETT WEBSTER PEASE*
CP Name:    *JANELL PEASE*
OAG Number:  0010460611
LAC:    **MENF**

**ATTORNEY GENERAL'S OFFICE**
**RECEIVED**

OCT 0 4 2006

AREA 7, LOCAL OFFICE
BRYAN, TEXAS

**CAUSE NUMBER** *12380*

| | | |
|---|---|---|
| IN THE INTEREST OF | § | IN THE *21ST JUDICIAL DISTRICT COURT* |
| *WEBSTER C PEASE* | § | |
| *BRENNAN C PEASE* | § | OF |
| CHILDREN | § | *LEE* COUNTY, TEXAS |

## MOTION FOR ENFORCEMENT OF CHILD SUPPORT ORDER

1.    The ATTORNEY GENERAL OF TEXAS, pursuant to Texas Family Code Chapter 231, files this pleading for which discovery is intended to be conducted under Level 2 of Rule 190, Texas Rules of Civil Procedure.

### JURISDICTION

2.    This Court has continuing jurisdiction of the children the subject of this suit because of prior proceedings.

### CHILDREN

**FILED**

3.    The following children are the subject of this suit:

SEP 2 9 2006 10:00

| Name | Sex | DOB | Birthplace |
|---|---|---|---|
| WEBSTER C PEASE | M | 8/3/1993 | |
| BRENNAN C PEASE | M | 8/24/2001 | |

DISTRICT CLERK
LEE COUNTY, TEXAS
DEPUTY

No property, other than personal effects, is owned by any child the subject of this suit.

### PERSONS ENTITLED TO NOTICE

4.    The children reside with JANELL PEASE, the *mother* of the children. The ATTORNEY GENERAL OF TEXAS requests the issuance and service of process on this person in accordance with the attached service information sheet.

5.    *RHETT WEBSTER PEASE* is the *father* of the children. The ATTORNEY GENERAL OF TEXAS requests the issuance and service of process on this person in accordance with the attached service information sheet.

### DETERMINATION OF DISCLOSURE OF ADDRESS

6.    The Court should enter appropriate orders concerning the disclosure of the addresses of the parties.

### PRIOR CHILD SUPPORT ORDER

7.    On *8/25/2003* the Court ordered *RHETT WEBSTER PEASE* to pay current child support of *$443.75 monthly*, beginning *8/15/2003*, and *monthly* thereafter. The amount and frequency of *RHETT WEBSTER PEASE's* child support obligation remains unchanged.

20 of A

## CHILD SUPPORT ARREARAGE

8. *RHETT WEBSTER PEASE* failed to pay court ordered child support as follows:

| | |
|---|---|
| a. Prior arrears as of 7/30/2005 | $6,156.23 |
| b. Support accrued since 8/1/2005 | $5,768.75 |
| c. Interest accrued since 8/1/2005 | $491.40 |
| d. Support paid since 8/1/2005 | $0.00 |
| e. Total arrearage as of 8/22/2006 | $12,416.38 |

Exhibit A, which is attached and incorporated by reference, is a true and correct copy of a payment record indicating the occasions Obligor violated the above-referenced order and committed a separate act of contempt by each indicated failure to pay support in full on or before its due date.

9. *RHETT WEBSTER PEASE* has repeatedly violated the child support order and the ATTORNEY GENERAL OF TEXAS anticipates that he will similarly continue to violate the order.

## CONTEMPT

10. The Court should hold *RHETT WEBSTER PEASE* in contempt and punish him by a fine of not more than $500.00 and/or by commitment to the county jail for not more than six months. If appropriate, the Court should place *RHETT WEBSTER PEASE* on community supervision.

Additionally, the Court should order *RHETT WEBSTER PEASE* committed to the county jail until he pays the child support arrearage, accrued interest, reasonable attorney fees, and court costs.

## JUDGMENT ON ARREARS

11. The Court should confirm and enter judgment for all support arrearage and accrued interest as of the hearing date. The Court should order payment and income withholding to liquidate the judgment pursuant to Texas Family Code Chapters 157 and 158.

## WITHHOLDING FROM EARNINGS FOR SUPPORT

12. The Court should order all support withheld from disposable earnings pursuant to Texas Family Code § 158.006. The Court should order all payments of support processed pursuant to Texas Family Code Chapter 231 for distribution according to law. If appropriate, the Court should order *RHETT WEBSTER PEASE* to post a bond or security.

21 OF 24

## REQUEST FOR PRODUCTION OF DOCUMENTS

13.    *RHETT WEBSTER PEASE* has in his possession documents that will show the nature and extent of his ability to pay child support. The ATTORNEY GENERAL OF TEXAS, pursuant to Rule 196, Texas Rules of Civil Procedure, requests him to produce and permit the ATTORNEY GENERAL OF TEXAS to inspect and copy the originals, or true copies, of the following documents in his possession, custody or control:  (a) his IRS federal tax returns for the past two years, (b) all payroll stubs, vouchers, records of commissions and all other written records or evidence of income received by him within the last six months, (c) the most recent Social Security Administration Form SSA-7005, showing his income history, sent to him three  months before his last birthday, (d) statements of accounts for all checking or saving accounts in which he has held an interest within the last six months, (e) all evidence (policies, premium schedules, records of premiums paid, etc.) of health insurance available at his place of employment that may provide coverage for dependent children, (f) copies of loan applications made within the last six months, (g) current statement of benefits and account balances for all retirement, pension, or profit-sharing plans in which the respondent has accrued or may accrue benefits, regardless if such benefits have vested, including but not limited to employer- or union-sponsored defined benefit or defined contribution plans and individual retirement accounts (IRAs), and (h) summary plan description of all retirement, pension, or profit-sharing plans in which the respondent has accrued or may accrue benefits, regardless if such benefits have vested. The ATTORNEY GENERAL OF TEXAS requests production of the specified documents at:

The Office of the Attorney General
PO BOX 5700
BRYAN, TX 77805-5700

on or before 3:00 p.m. on the 50th day following the date of service of this request.

## ATTORNEY FEES AND COSTS

14.    The Court should order *RHETT WEBSTER PEASE* to pay reasonable attorney fees and all other costs of this proceeding.

## PRAYER

The ATTORNEY GENERAL OF TEXAS prays that the Court grant all relief requested herein.  The ATTORNEY GENERAL OF TEXAS prays for general relief.

22 of 24

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

Office of the Attorney General
       *PAMELA PITTMAN TUCKER TX BAR NO. 00784768*
       *ROBERT L. OROZCO TX BAR NO. 1531130*
       *NORBERT C. MAHNKE TX BAR NO. 12836770*
       *JEANNINE M. HAWS TX BAR NO. 24034475*
       *PO BOX 5700*
       *BRYAN, TX 77805-5700*
       Telephone No. *(979)823-0080*
       Toll Free 1-800-587-8270
       Fax No. *(979)823-0220*

23 of 24

# EXHIBIT "7"

Rhett Webster Pease
P.O. Box 255
Lexington, Texas 78947

Lisa Teinert
P.O. Box 176
Giddings, TX 78942

February 20, 2007

RE: FEDERAL ORDER ON INABILITY TO PAY

Ms. Teinert,

Please find enclosed my apology to the court along with a federal order determining me to be
without the ability to pay.

Please file the original and return the copy to me in the stamped enclosed envelope.

Thank you

Rhett Webster Pease

THE STATE OF TEXAS } This is to certify that this
COUNTY OF LEE     } is a true copy of the original

JAN 30 2008

LISA TEINERT
DISTRICT CLERK
LEE COUNTY TEXAS

Rec'd 2/21/07
9:36AM.
late mail

2/22/07 Shown to Judge Henniken
was instructed to mark
it rec'd.   DPM

CAUSE NO.12380

21st JUDICIAL DISTRICT LEE COUNTY, TEXAS

Rhett Webster Pease, Texan

v.

ATTORNEY GENERAL'S OFFICE
STATE OF TEXAS

IN THE INTEREST OF
WEBSTER C. PEASE
BRENNAN C. PEASE

---

Rhett Webster Pease' APOLOGY TO COURT AND NOTICE OF INABILITY TO PAY

---

COMES NOW Rhett Webster Pease and files this apology to the Court and gives notice of inability to child support order and would show the court the following:

1. Rhett Webster Pease apologizes to the Court for his inability to pay child support.

2. Rhett Webster Pease would show the Court that he has been declared indigent by the United States District Court in an order and attaches same to this apology.

3. At no time was it Rhett Webster Pease intention to disobey any lawful order. The order sought by the Court is impossible now and it always has been.

4. Rhett Webster Pease is a free white man over the age of 21 and is a domiciled natural person in Texas one of the several States. Rhett Webster Pease is an elector according to Law.

Under my hand

Rhett Webster Pease
P.O. Box 255
Lexington, Texas [78947]

THE STATE OF TEXAS } This is to certify that this
COUNTY OF LEE       } is a true copy of the original

JAN 30 2008




LISA TEINERT
DISTRICT CLERK
LEE COUNTY, TEXAS

CERTIFICATE OF SERVICE

A true and correct copy of this notice is being mailed first class to the attorneys of record at P.O.

Box 5700 in Bryan Texas 77805 on this the 20TH day of February, 2007.

Rhett Webster Pease

THE STATE OF TEXAS } This is to certify that this
COUNTY OF LEE
is a true copy of the original

JAN 30 2008



LISA TEINERT
DISTRICT CLERK
LEE COUNTY, TEXAS

**FILED**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MAR 2 3 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Rhett Webster Pease,            )
                                )
        Plaintiff,              )
                                )
    v.                          )        Civil Action No.        **06  0539**
                                )
United States of America, *et al.*,  )
                                )
        Defendant.              )

ORDER

For the reasons stated in the accompanying Memorandum, it is this **20**th day of March

2006,

ORDERED that plaintiff's application to proceed *in forma pauperis* [# 2] is

GRANTED; and it is

FURTHER ORDERED that this case is DISMISSED with prejudice for lack of subject

matter jurisdiction.

_____
United States District Judge

THE STATE OF TEXAS }
COUNTY OF LEE      } This is to certify that this
is a true copy of the original

JAN 30 2008

LISA TEINERT
DISTRICT CLERK
LEE COUNTY, TEXAS



4

4

1                   P R O C E E D I N G S

2              FRIDAY, NOVEMBER 16, 2007

3                   (Open court, parties present).

4                   (At the conclusion of a portion of this

5              hearing which is not transcribed for

6              purposes of this record, the following

7              testimony took place).

8                   MR. PEASE:  Your Honor, could I call Lisa

9   Teinert to the stand?

10                  THE COURT:  You may.

11                  MR. PEASE:  Thank you.

12                  THE COURT:  She may testify from right

13  where she is, as far as I'm concerned, if the court

14  reporter can hear.

15                       LISA TEINERT,

16  having been first duly sworn, testified as follows:

17                     DIRECT EXAMINATION

18  BY MR. PEASE:

19      Q.  Ms. Teinert, could you state your name and your

20  pro -- what you do, please?

21      A.  My name is Lisa Teinert.  I am currently the Lee

22  County District Clerk.

23      Q.  Did you have orders from Judge Flenniken to not

24  file my paperwork in until he reviewed it?

25      A.  There is a court order in another case that

1    names you a vexatious litigant, yes.

2        Q.   It names me a vexatious litigant, that's

3    correct.   And so your interpretation of vexatious

4    litigant means that you can't file into other cases,

5    right?

6        A.   Any new litigation without the permission of the

7    administrative judge of the district.

8        Q.   Right.   And the vexatious litigant was signed

9    after the divorce was filed; is that correct?

10       A.   I don't know the exact date; I would have to

11   review that in the records, the orders.

12       Q.   Okay.   So when did -- you cited me, I believe I

13   was served on January 17th of this year for motion, for a

14   child support issue, an order enforcing child support

15   obligation; is that correct?

16       A.   I believe there is an order enforcing in the

17   file, yes.   I recall --

18       Q.   But there was a citation issued on January 17th;

19   is that correct?

20       A.   I would have to refer to the file to see if

21   that, what date that was.

22            MR. PEASE:   Let me find -- Your Honor, can

23   I approach?

24            THE COURT:   Yes, sir.

25       Q.   (By Mr. Pease) I believe this is the paperwork

1  on that.

2      A.  This is a service copy of a citation that was

3  served upon you on January 17th of 2007, and it appears

4  to have the motion for enforcement of child support order

5  attached thereto.  September 29th, 2006 is when that

6  motion was filed.

7      Q.  Thank you very much.  And I filed an answer and

8  Judge Flenniken said that, to mark it received, is that

9  correct, on February 22nd?

10     A.  There again, without referring to the folder, I

11  couldn't give you the exact date; but, yes, I do recall

12  that there was a document that he instructed us to mark

13  filed -- received.

14     Q.  Received, not filed?

15     A.  That's correct.

16     Q.  Can I -- thank you.

17         MR. PEASE:  So, Your Honor, I was -- I have

18  been unable to file anything.

19         One more, before we go on.

20     Q.  (By Mr. Pease) On or about the 19th of May or

21  after the 19th of May of 2006, I attempted to file a

22  protective order in this court protecting me from Janell

23  filing anymore frivolous law enforcement causes against

24  me, and you told me I couldn't file that; is that

25  correct?

1          A.   I don't recall that.

2          Q.   Have you ever told me that I couldn't file

3     paperwork because of the vexatious litigant order?

4          A.   Yes, sir, that is correct.

5          Q.   Thank you very much.

6               MR. PEASE:   Now, Your Honor, I have been

7     estopped from filing into this case until I sued them in

8     district court in Washington D. C., at which point I was

9     allowed to file in.

10              Now, once I saw that I was allowed to file

11    in, the first thing that I filed in this thing was take

12    it over there where I can get a fair hearing in Travis

13    County; let's put in motion for change of venue.

14              Now, the motion for change of venue, I came

15    over here on July 13th and Judge Flenniken, sitting right

16    there, arrested me on the exact same thing that I am

17    being arrested for again today - that's a mayor's

18    warrant - and if I'm not allowed to file into the case,

19    Your Honor, how is it that I can defend myself?

20              THE COURT:   Do you have some more

21    testimony?

22              MR. PEASE:   Yes, I do, Your Honor.

23         Q.   (By Mr. Pease) Have I not spoken to you

24    personally and said that I would like to see my kids?

25         A.   Yes, sir.

1    Q.  And so is there not -- one more thing:  Is there

2 not attached to the last page of the motion to disqualify

3 a verification?

4            THE WITNESS:  May I refer to the file, Your

5 Honor?

6            THE COURT:  Of course.

7    A.  Could you give me the date that that motion to

8 disqualify was filed?

9    Q.  (By Mr. Pease) August 29th of 2003.

10            MR. PEASE:  Your Honor, can I approach?

11            THE COURT:  Well, why don't you let her

12 respond to the question?

13            MR. PEASE:  Yes, Your Honor.

14            THE COURT:  I am aware that I am allowing

15 some informality to go on here.  If any party over here

16 at the other counsel table, Mr. Orozco or Ms. Pease, wish

17 to take this witness on cross after he finishes his

18 questions, then you are welcome to do that.

19    A.  I'm sorry, I am not finding a document

20 specifically entitled motion to disqualify.  Is that the

21 specific title?

22    Q.  (By Mr. Pease) Motion to Disqualify Judge

23 Towslee for Prejudice and Bias is the actual title, and

24 it was filed on August 29th -- excuse me, August 1st of

25 2003.  This was the -- the certification was on August

```
 1  29th -- excuse me, August 1st of 2003.  I have a
 2  certified copy of it right here.
 3       A.  I found it.  And what was your question, once
 4  more?
 5       Q.  Is the last page of that motion a page of legal
 6  verification?
 7       A.  Yes, it is.
 8       Q.  Thank you very much.
 9            MR. PEASE:  No further questions for this
10  witness, Your Honor.
11            MR. OROZCO:  The State has no questions,
12  Your Honor.
13            MS. PEASE:  I don't either.
14                      *  *  *  *  *
15            (At the conclusion of a portion of this
16            hearing which is not transcribed for
17            purposes of this record, the following
18            testimony took place).
19            THE COURT:  Anything else from your side,
20  sir?
21            MR. PEASE:  Yeah, I would like to call Jeff
22  Rogers to the stand, please.
23            THE COURT:  Who would that be?
24            MS. PEASE:  My fiance.
25            THE COURT:  Will he be able to add
```

```
1   STATE OF TEXAS       *

2   COUNTY OF LEE        *

3        I, Joan Wilson, Deputy Official Court Reporter in

4   and for the 21st Judicial District Court, Lee County,

5   State of Texas, do hereby certify that the above and

6   foregoing contains a true and correct transcription of

7   excerpt portions of evidence and other proceedings

8   requested by parties to be included in this volume of the

9   Reporter's Record, in the above-styled and numbered

10  cause, all of which occurred in open court or in chambers

11  and were reported by me.

12       I further certify that this Reporter's Record of the

13  proceedings truly and correctly reflects the exhibits, if

14  any, admitted by the respective parties.

15       I further certify that the total cost for the

16  preparation of this Reporter's Record is $110 and was

17  paid by Ms. Dessie Andrews.

18       WITNESS MY OFFICIAL HAND this the 11th day of

19  December, 2007

20       _____
         JOAN WILSON, Texas CSR #2465
21       Expiration Date:  12/31/2008
         P. O. Box 1032
22       Manor, Texas 78653
         Phone: (512) 507-5626
23

24

25
```

# EXHIBIT "8"

1

```
 1              UNITED STATES DISTRICT COURT
                WESTERN DISTRICT OF TEXAS
 2                   AUSTIN DIVISION

 3   USA, ON BEHALF OF THE    ) Docket No. A 02-CA-684 SS
     SECRETARY OF THE UNITED  )
 4   STATES HOUSING AND URBAN )
     DEVELOPMENT AGENCY (HUD) )
 5                           )
                             )
 6   vs.                     ) Austin, Texas
                             )
 7   RHETT WEBSTER PEASE,     )
     JANELL PEASE, JANE MOON  ) January 17, 2003

 8
                TRANSCRIPT OF SHOW CAUSE HEARING
 9              BEFORE THE HONORABLE SAM SPARKS

10

11   APPEARANCES:

12   For the Plaintiff:        Mr. Paul David Pruitt
                               Mr. Mitchell L. Weidenbach
13                             Assistant U.S. Attorneys
                               601 N.W. Loop 410, Suite 600
14                             San Antonio, Texas 78216

15
     For the Defendant:        Mr. Rhett Webster Pease
16                             Pro Se
                               12600 Limerick Avenue
17                             Austin, Texas 78727

18
     Court Reporter:           Lily Iva Reznik, RPR, CRR
19                             200 W. 8th Street
                               Austin, Texas 78701
20                             (512)916-5564

21

22

23

24

25   Proceedings recorded by mechanical stenography, transcript
     produced by computer.
```

| 10:15:12 | 1 | THE COURT:  The Court calls 02-CA-684, <u>United States</u> |
| 10:15:16 | 2 | <u>vs. Rhett Webster Pease</u>.  I assume you're Mr. Pease. |
| 10:23:04 | 3 | MR. PEASE:  Yes, sir. |
| 10:23:04 | 4 | THE COURT:  Would you tell me your full name, please. |
| 10:23:08 | 5 | MR. PEASE:  Rhett Webster Pease. |
| 10:23:08 | 6 | THE COURT:  Mr. Pease, I felt it necessary to issue an |
| 10:23:12 | 7 | order yesterday, when you didn't show up at 2:00.  Found you |
| 10:23:20 | 8 | in contempt not showing up, violating that court order; found |
| 10:23:24 | 9 | you in contempt of not yielding possession of the property to |
| 10:23:32 | 10 | the United States in the form of HUD, the housing project who |
| 10:23:36 | 11 | has the legal title. |
| 10:23:42 | 12 | I keep trying to explain to you, although, you know, I |
| 10:23:46 | 13 | probably wasted my time, but I still want you to know that all |
| 10:23:50 | 14 | of the things that happened before July of 1999, I have no |
| 10:23:56 | 15 | knowledge.  I don't know what happened before July of 1999, |
| 10:24:00 | 16 | but I do know at that point in time, there was a judgment |
| 10:24:04 | 17 | rendered that Principal Residential Mortgage Company had legal |
| 10:24:10 | 18 | title to the property. |
| 10:24:18 | 19 | Now, I don't have nor does any other court for that |
| 10:24:20 | 20 | matter the authority to set aside a final judgment that got |
| 10:24:28 | 21 | entered in that case.  So from the law standpoint, could have |
| 10:24:34 | 22 | been not an equity standpoint, may not even be right -- some |
| 10:24:38 | 23 | things under the law turn out to be wrong.  If you read the |
| 10:24:42 | 24 | paper, sometimes people who get the death penalty they find |
| 10:24:44 | 25 | out didn't do the crime.  But it's the only system we have |

3

| | | |
|---|---|---|
| 10:24:50 | 1 | that keeps us from tearing out each other at anything. |
| 10:24:52 | 2 | MR. PEASE:  Yes, your Honor. |
| 10:24:54 | 3 | THE COURT:  And since that time, now there have been |
| 10:24:58 | 4 | several other lawsuits that have been filed that you have |
| 10:25:00 | 5 | filed which you've either challenged to that ruling or then |
| 10:25:06 | 6 | there was the FED, which ultimately became final, so that was |
| 10:25:12 | 7 | another one that said that you don't have the right of |
| 10:25:14 | 8 | possession of the property. |
| 10:25:14 | 9 | MR. PEASE:  Excuse me.  The what? |
| 10:25:16 | 10 | THE COURT:  Federal -- well, FED is the forcible entry |
| 10:25:20 | 11 | and detainer.  That's the one out of the justice -- |
| 10:25:22 | 12 | MR. PEASE:  Yes, sir.  And you're aware that I am |
| 10:25:26 | 13 | appealing that, right? |
| 10:25:28 | 14 | THE COURT:  I'm aware that you're trying to appeal it. |
| 10:25:30 | 15 | MR. PEASE:  Yes, sir.  And it's at the appellate |
| 10:25:30 | 16 | court? |
| 10:25:32 | 17 | THE COURT:  Well, we've checked.  There's nothing |
| 10:25:34 | 18 | active at the appellate court unless you're taking it to the |
| 10:25:36 | 19 | Supreme Court. |
| 10:25:38 | 20 | MR. PEASE:  No.  Your Honor, it's the -- I'm suing for |
| 10:25:42 | 21 | a tortious -- that they were tortiously interfering with the |
| 10:25:44 | 22 | contract and that's what is pending -- whether it's relevant |
| 10:25:48 | 23 | here or not. |
| 10:25:50 | 24 | THE COURT:  Well, it's relevant from the standpoint |
| 10:25:52 | 25 | that you've got lawsuits for damages out there. |

4

| | | |
|---|---|---|
| 10:25:56 | 1 | MR. PEASE:  Okay. |
| 10:25:56 | 2 | THE COURT:  But that doesn't have anything to do with |
| 10:25:58 | 3 | the legal title. |
| 10:26:02 | 4 | MR. PEASE:  Now, your Honor, under 20 -- you recently |
| 10:26:04 | 5 | ruled in this case saying that the Court has jurisdiction over |
| 10:26:08 | 6 | the matter over 2409A; is that correct?  I just got a letter |
| 10:26:14 | 7 | from you yesterday, an order stating that.  And it's my |
| 10:26:18 | 8 | understanding that under 2409A or under 2409B that the party's |
| 10:26:26 | 9 | entitled to possession until after appeal plus 60 days. |
| 10:26:30 | 10 | THE COURT:  Well, that -- |
| 10:26:32 | 11 | MR. PEASE:  And that's, I think, where I'm having a |
| 10:26:34 | 12 | problem.  Now, if you're telling me that that's not right -- |
| 10:26:36 | 13 | THE COURT:  Well, if you read the statute -- and I'm |
| 10:26:38 | 14 | not holding you to the same standard of a lawyer.  You're |
| 10:26:42 | 15 | trying to do your best.  You know, you're either crazy as a |
| 10:26:46 | 16 | bed bug or you believe that you're right, okay, and I'm giving |
| 10:26:50 | 17 | you the benefit of thinking that, you know, you believe you're |
| 10:26:52 | 18 | right. |
| 10:26:52 | 19 | MR. PEASE:  I'm not the bed bug? |
| 10:26:56 | 20 | THE COURT:  You're not the bed bug. |
| 10:26:56 | 21 | MR. PEASE:  Thank you, sir. |
| 10:26:58 | 22 | THE COURT:  Sometimes you may act like it, but you're |
| 10:27:00 | 23 | too smart from these pleadings to be nuts. |
| 10:27:02 | 24 | MR. PEASE:  Yesterday, your Honor, I had to go to the |
| 10:27:04 | 25 | clinic.  I've got severe back pain.  My back's in cramps and |

| 10:27:08 | 1 | I'm sorry that I didn't show up yesterday. |

THE COURT:  Well, I am, too.  But let me tell you those lawsuits that you've got for damages may or may not pan out.  I can't read the future.  As I tell people all the time, the only thing in my magic thing is that everybody's upside down, so I can't tell you what you're going to do on that.

MR. PEASE:  What can I do to make you happy, sir?

THE COURT:  Nothing.  I'm going to keep you here simply because of your history until the government has possession of the property.

MR. PEASE:  Can I please go -- would you please give me three days to go and move my property out?  I will begin moving the property out starting first thing in the morning.  I should have the property cleared out by Tuesday.

THE COURT:  Okay.  Now, Mr. Pease, you tell me why, after four years in fighting with the county -- now, let me finish.  We've got plenty of time here.  After all the lawsuits you filed against all the judges, you know, all the bailiffs, all of the mortgage people -- what, you filed two against me, which is okay.  That's not the record.  One guy's filed five times against me.  Tell me why I should trust you to go do that.

And my Marshals tell me that you came within a hair today of running over kids in a way of trying to get away from them.

6

| 10:28:40 | 1 | MR. PEASE: Your Honor, I pulled my truck out of the |
| 10:28:42 | 2 | driveway. I saw the Marshals coming, and I backed the truck |
| 10:28:46 | 3 | back up into the driveway and got out of the vehicle. All I |
| 10:28:54 | 4 | saw was that there was a little yellow and tan pickup that |
| 10:28:56 | 5 | pulled in front of me and when I saw that -- I saw a Marshal |
| 10:29:00 | 6 | coming down the road, and I just pulled back up and got out of |
| 10:29:02 | 7 | the truck and gave myself up. And it was not my intent to run |
| 10:29:08 | 8 | or anything else. |
| 10:29:10 | 9 | THE COURT: Well -- |
| 10:29:10 | 10 | MR. PEASE: The reason that you can trust me is |
| 10:29:14 | 11 | because I don't want to go to jail. I don't want to stay in |
| 10:29:16 | 12 | jail. And if it's a difference between moving the stuff off |
| 10:29:20 | 13 | of that property and going to jail, I would just soon move the |
| 10:29:24 | 14 | stuff off the property. |
| 10:29:26 | 15 | THE COURT: Now, I'm giving you the benefit of the |
| 10:29:28 | 16 | doubt of being competent, all right? |
| 10:29:32 | 17 | MR. PEASE: Yes, sir. |
| 10:29:32 | 18 | THE COURT: Not only competent, smart. Now, you've |
| 10:29:36 | 19 | had that choice for some time now. |
| 10:29:40 | 20 | MR. PEASE: Well, your Honor, here, again, I have been |
| 10:29:42 | 21 | relying on the fact that under 2409A, if that's what -- if |
| 10:29:48 | 22 | that's the jurisdiction we're coming under that whoever's in |
| 10:29:54 | 23 | possession of the property is entitled to possession until the |
| 10:29:56 | 24 | entry, until the appeal is finished, and 60 days after the |
| 10:30:00 | 25 | appeal. |

# EXHIBIT "9"

## Affidavit of Ted Weems

STATE OF TEXAS
COUNTY OF TRAVIS

On this day, Ted Weems appeared before me, the undersigned notary public, and after I administered an oath to him, upon his oath, he said:

"My name is Ted Weems, I am the District Attorney of Lee County, Texas. I am more than 21 years of age and capable of making this affidavit.

On Friday July 13, 2007, I was at the Lee County District Court. Judge Terrell Flenniken was presiding over a hearing involving Rhett Webster Pease. Judge Flenniken recused himself from the matter before the Court and then stated that he had an arrest warrant for Rhett Webster Pease that originated from Travis County, Texas.
Rhett Webster Pease was arrested by Deputy Sheriff Michael York and Deputy Charles Kothmann and taken out of the Courtroom.

Further affiant sayeth not."

_____
Ted Weems

SWORN TO and SUBSCRIBED before me by Ted Weems on this the

___17 th___ day of July, 2007.


JANICE MITSCHKE
Notary Public, State of Texas
My Commission Expires
JAN. 17, 2009

_____
Notary Public in and for
the State of Texas

**Affidavit of Honorable Nick Hester**

STATE OF TEXAS
COUNTY OF TRAVIS

On this day, Nick Hester appeared before me, the undersigned notary public, and after I administered an oath to him, upon his oath, he said:

"My name is Nick Hester, I am the Justice of the Peace in Precinct 3 of Lee County, Texas. I am more than 21 years of age and capable of making this affidavit.

On Saturday July 14, 2007, I was at the Lee County Jail and magistrated Rhett Webster Pease. I looked in the file and commented that their was no paperwork in the file. The Lee County Sheriff had no warrant for arrest in the file. I did not see a warrant for arrest.

Further affiant sayeth not."

_Nick Hester_
Nick Hester

SWORN TO and SUBSCRIBED before me by Nick Hester on this the __17__ day of July, 2007.

GENA CONNER
Notary Public, State of Texas
My Commission Expires
November 17, 2010

_Notary Public in and for_
the State of Texas

# WARRANT OF ARREST

In the Municipal Court
City of Lakeway
Travis County, Texas

THE STATE OF TEXAS
County of Travis

THE STATE OF TEXAS
VS.
Pease, Rhett Webster
1040 County Road 348
Lexington, Texas 78947

TO ANY PEACE OFFICER OF THE STATE OF TEXAS,
GREETING:

WHEREAS Complaint under oath in writing has been made before me, charging
that in the City of Lakeway, County of Travis, and State of Texas
Pease, Rhett Webster
Did commit the offense of
Harassment PC 42.07 Class B Misd
Provided, and against the peace and dignity of the State (and against the Ordinances of the
City of Lakeway, Texas.)

(Case Number) 0000305050

(Date) _____

THESE ARE THEREFORE TO COMMAND YOU to arrest the above-named
person and bring same before the Municipal Court in the City of Lakeway, immediately, to
answer said complaint.

HEREIN FAIL NOT, but due service and return make of this Writ as the law directs.

Given under my hand at office this the 20 day of July A.D., 2007

Judge of Municipal Court, City of Lakeway

SEX    RACE    D.O.B.    Driver's Lic.Number
M    W    01/06/1961    TX 05214547

Judge, Municipal Court                Lakeway, Texas
05214547

Come to hand same day issued and executed
on 13 day of July 2007
By arresting the said Rhett S. Pease

309 250 DRN DRN

MUNICIPAL COURT OF RECORD NO. 1

Travis County, Texas
THE STATE OF TEXAS
COUNTY OF _____

Let this warrant be executed in _____ County of the State of Texas

Witness my official signature this ___ day of _____, 2007

CERTIFIED COPY
I certify this a true and exact copy

10-3-07

BOND : $2,500.00
TWENTY FIVE
HUNDRED DOLLARS
BAIL

Judge
Court
County, Texas

Peace Officer
Burnet Lee County SO.

**WARRANT OF ARREST**

In the Municipal Court
City of Lakeway
Travis County, Texas

THE STATE OF TEXAS
County of Travis

TO ANY PEACE OFFICER OF THE STATE OF TEXAS,
GREETING:

WHEREAS Complainant under oath in writing has been made before me, charging that in the City of Lakeway, County of Travis, and State of Texas

Pease, Rhett Webster

Did commit the offense of: Harassment PC 42.07 Class B Misd.   5309   (Cause Number) QQQQQ8355S

Provided, and against the peace and dignity of the State (and against the Ordinances of the City of Lakeway, Texas.)

(Date) 7/27/07

THESE ARE THEREFORE TO COMMAND YOU to arrest the above-named person and bring same before the Municipal Court in the City of Lakeway, immediately, to answer said complaint.

HEREIN FAIL NOT, but due service and return make of this Writ as the law directs.

Given under my hand at office this the 27 day of July A.D., 2007

_____
Judge of Municipal Court, City of Lakeway

THE STATE OF TEXAS
VS.
Pease, Rhett Webster
1040 County Road 348
Lexington, Texas 78947

SEX   RACE   D.O.B.   Driver's Vic Number
M     W      01/06/1961   TX 0521567

Judge, Municipal Court                Lakeway, Texas

Come to hand same day issued and executed on _____ day of _____ 2007

By arresting the said _____

SS* 1416-72-9076

BOND: $5,000 *(illegible handwriting)*

Peace Officer _____

Travis County, Texas
THE STATE OF TEXAS
COUNTY OF _____

Let this warrant be executed in _____ County of the State of Texas

Witness my office *(illegible)* 2007

_____
Judge

FILED
LAKEWAY MUNICIPAL COURT

_____
Court
County, Texas

600
BLDN
239

# WARRANT OF ARREST

THE STATE OF TEXAS
County of Travis

In the Municipal Court
City of Lakeway
Travis County, Texas

THE STATE OF TEXAS

vs.

Pease, Rhett Webster
1040 County Road 348
Lexington, Texas 78947

SEX  RACE  D.O.B.  Driver's Lic.Number
M,   W    01/06/1961  TX N/A

Judge, Municipal Court            Lakeway, Texas

BOND: $ 15,000.00 cash or surety required (A new outcry was alleged, same as offense)

Come to hand same day issued and executed
on _____ day of _____
By arresting the said _____ , 2007

_____
Peace Officer

TO ANY PEACE OFFICER OF THE STATE OF TEXAS,
GREETING:

WHEREAS Complainant under oath in writing has been made before me, charging
that in the City of Lakeway, County of Travis, and State of Texas
Pease, Rhett Webster
Did commit the offense of
Harassment PC 42.07 Class B Misd
Provided, and against the peace and dignity of the State (and against the Ordinances of the
City of Lakeway, Texas.)

(Cause Number)
0009-84245

(Date)

THESE ARE THEREFORE TO COMMAND YOU to arrest the above-named
person and bring same before the Municipal Court in the City of Lakeway, immediately, to
answer said complaint.

HEREIN FAIL NOT, but due service and return make of this Writ as the law directs.

Given under my hand at office this the 7th day of Sept. , A.D., 2007

_____
Judge of Municipal Court, City of Lakeway

Travis County, Texas
THE STATE OF TEXAS
COUNTY OF _____

Let this warrant be executed in _____ County of the State of Texas

Witness my official signature this _____ day of _____ , 2007

_____
Judge

_____
Court
County, Texas

FILED
LAKEWAY MUNICIPAL COURT
NOV 16 PM 5 04