UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
                                  )
RHETT W. PEASE,                   )
                                  )
            Plaintiff,            )
                                  ) Civil Action No. 07-599 (EGS)
            v.                    )
                                  )
CECELIA BURKE, et al.,            )
                                  )
            Defendants.           )
                                  )
```

**MEMORANDUM OPINION**

Plaintiff Rhett Pease commenced this action against defendants, all of whom either reside in Texas or have their principal place of business in Texas. Pending before this Court are defendants' motions to dismiss, as well as various motions filed by the plaintiff. Upon consideration of the motions, the responses and replies thereto, applicable law, and the entire record, and for the following reasons, the Court **GRANTS** the defendants' motion to dismiss and **DENIES** as moot all remaining motions.

**I.   Background**

Plaintiff Rhett Pease filed an "amended petition to enforce protected rights and for declaratory and injunctive relief and damages" in this Court on June 21, 2007, naming the following individuals and entities as defendants: Janell Pease, plaintiff's ex-wife and resident of Texas; Rique Bobbitt, Janell Pease's divorce lawyer and resident of Texas; the Office of the

Attorney General of Texas; Terrell Flenniken, a Texas state judge and resident of Texas; Robert Orazco, an Assistant Attorney for the Office of Attorney General and resident of Texas; Lisa Ann Hubacek, an attorney with the Office of Attorney General and resident of Texas; the County of Lee, Texas; the Office of the Sheriff of Lee County, Texas; Lisa Teinert, a Lee County District Clerk and resident of Texas; and Cecelia Burke, a Director in the Office of Child Support Enforcement in Texas.  *See* Amend. Compl. ¶¶ 8-18.  Plaintiff alleges that the defendants conspired to violate his constitutional rights during divorce and child support proceedings before a state court in Texas.

Both the Lee County Defendants and the Office of Attorney General of Texas have filed motions to dismiss the complaint premised on this Court's lack of personal jurisdiction over the defendants.[1]

## II.  Standard of Review

When personal jurisdiction is challenged, the plaintiff has the burden of establishing a factual basis for asserting personal jurisdiction over each individual non-resident defendant.  *See* Fed. R. Civ. P. 12(b)(2).  *See also Mwani v. Bin Laden*, 417 F.3d 1, 7 (D.C. Cir. 2005); *Crane v. New York Zoological Soc'y*, 894

---

[1] The Lee County Defendants include the County of Lee, the Office of Sheriff, Lee County, and Lisa Teinert, a Lee County District Clerk.  The Office of Attorney General of Texas Defendants include Robert Orazco, an Assistant Attorney General, Lisa Ann Hubacek, an attorney with the Office of Attorney General, and Texas State Judge Terrell Flenniken.

F.2d 454, 456 (D.C. Cir. 1990). Accordingly, the plaintiff must allege specific acts connecting each defendant with the forum and cannot rely on conclusory allegations. *See Second Amendment Found. v. United States Conference of Mayors*, 274 F.3d 521, 524 (D.C. Cir. 2001); *GTE New Media Serv. Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1349 (D.C. Cir. 2000).

**III. Discussion**

    **A.  Failure to Prosecute**

Plaintiff filed his amended petition on June 21, 2007. The Federal Rules of Civil Procedure require that service of the summons and complaint be made upon a defendant within one hundred and twenty days after the filing of the complaint. *See* Fed. R. Civ. P. 4(m). If a defendant is not served within that timeframe, the Court may dismiss the action as to the unserved defendants or direct that service be accomplished within a specified time. *Id*. Because it appears from the record that Rique Bobbitt and Cecelia Burke have not been served within the period prescribed by Rule 4(m), this petition with respect to those defendants shall be dismissed for want of prosecution pursuant to Rule 41(b). *See* Fed. R. Civ. Pro. 41(b).

    **B.  Personal Jurisdiction**

        **1.  Legal Basis for Exercising Personal Jurisdiction**

A District of Columbia court may exercise general personal jurisdiction over a person who is "domiciled in, organized under

the laws of, or maintaining [a] principal place of business in, the District of Columbia as to any claim for relief." D.C. Code § 13-422.

For non-resident defendants, the Court engages in a two-part inquiry in order to determine whether it may exercise personal jurisdiction. First, the Court must determine whether specific jurisdiction may be exercised under the District of Columbia's long-arm statute. *GTE New Media Serv. Inc.*, 199 F.3d at 1347; *Savage v. Bioport, Inc.*, 460 F. Supp. 2d 55, 60 (D.D.C. 2006)("If a defendant does not reside within or maintain a principal place of business in the District of Columbia, then the District's long-arm statute, D.C. Code § 13-423, provides the only basis in which a court may exercise personal jurisdiction over the defendant."). Under the District's long-arm statute, a District of Columbia court may exercise personal jurisdiction over a non-resident defendant who either: (1) transacts business in the District, (2) contracts to supply services in the District; (3) causes tortious injury in the District by an act or omission in the District, or (4) causes tortious injury in the District by an act or omission outside the District. D.C. Code § 13-423(a)(2001). When jurisdiction over a person is based solely upon the long-arm statute, only a claim for relief arising from acts enumerated in the statute may be asserted against the defendant. D.C. Code § 13-423(b).

4

Next the Court determines whether the exercise of personal jurisdiction satisfies due process requirements. *United States v. Ferrara*, 54 F.3d 825, 828 (D.C. Cir. 1995). A court's jurisdiction over a defendant satisfies the demands of due process when there are "minimum contacts" between the defendant and the forum "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation marks omitted). Further, the defendant's conduct and connection with the forum State must be such that he should reasonably anticipate being haled into court there. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

### 2. **Plaintiff Fails to Establish a Basis for Personal Jurisdiction**

Because none of the defendants are domiciled in the District of Columbia, there is no basis for the Court to exercise general jurisdiction.[2] The Court will next determine whether specific jurisdiction may be exercised under the District's long-arm statute. *GTE New Media Serv., Inc.*, 199 F.3d at 1347.

Plaintiff first alleges that there is a basis for personal jurisdiction because the defendants transacted business in the

---

[2] All defendants are either individuals domiciled in the state of Texas or entities with their principal place of business in Texas. *See* Amend. Compl. ¶¶ 8-18.

District of Columbia "by applying for and receiving tax identification and social security numbers." Pl.'s Opp'n 5-6. With limited exceptions, the "transacting any business" clause of the long-arm statute has been interpreted to provide jurisdiction to the full extent allowed by the Due Process Clause. *Ferrara*, 54 F.3d at 828. Consequently, the statutory and constitutional jurisdictional questions, which are usually distinct, merge into a single inquiry here. *Id*.

Plaintiff's argument that defendants have submitted to the jurisdiction of District of Columbia courts by obtaining social security numbers or tax identification numbers is not persuasive. This court has found that there is no basis to exercise personal jurisdiction over a nonresident defendant based solely on that defendant's employment with a federal agency located in the District of Columbia. *See Skinner v. United States*, 2007 WL 744737, *3 (D.D.C. March 6, 2007) (finding that minimum contacts were not established when the complaint set forth no allegations that non-resident Bureau of Prison employee defendants had any personal connection with the District of Columbia, apart from their federal employment). If federal employment is an insufficient basis to establish minimum contacts, then plaintiff's argument that defendants are subject to the Court's jurisdiction merely because they obtained a federal identification number, also fails. That argument is not

supported by any precedential authority of which this Court is aware. *See id.* Further, plaintiff's claim for relief is unrelated to the alleged business of obtaining social security and tax identification numbers, and "only a claim for relief arising from acts enumerated in the statute may be asserted against the defendant." D.C. Code § 13-423(b).

Next plaintiff alleges that defendants "enter[ed] into contracts with federal agencies" to provide services in Texas. Pl.'s Opp'n 6. Plaintiff attempts to establish a nexus between defendants and the District of Columbia based on the federal funding defendants receive to administer social services in Texas. The plain language of the long-arm statute, however, provides that the alleged injury must result from a contract to supply services in the District of Columbia, not outside of the District of Columbia, and plaintiff has not alleged facts to support such a finding. *See* D.C. Code § 13-423(a)(2).

Plaintiff also argues that the defendants committed tortious conduct in the District of Columbia, which caused injury to plaintiff in Texas. Pl.'s Opp'n 6 ("Defendants transact business in the District of Columbia and they are causing tortious injury outside the District of Columbia."). Although the long-arm statute provides a basis for the Court to exercise personal jurisdiction over defendants who cause tortious injury in the District by an act or omission committed either inside or outside

the District, it provides no basis for jurisdiction over defendants whose acts or omissions in the District allegedly cause injury *outside* the District. *See* D.C. Code § 13-423(a)(3)-(4). *See Skinner*, 2007 WL 744737 at *3 (finding that the court lacked personal jurisdiction when the complaint alleged no facts to establish that the plaintiff suffered any injury in the District of Columbia, regardless of whether the defendants acted in or outside of the District to cause the injury). Here, plaintiff does not allege that he suffered any injury in the District of Columbia. In fact, plaintiff expressly states that all of the alleged injuries occurred in Texas. Thus, plaintiff fails to establish a basis for the Court to exercise personal jurisdiction over the defendants.[3]

### C. Plaintiff's Remaining Motions

As the plaintiff has not established a prima facie case for personal jurisdiction over any of the defendants, no factual or legal predicate exists for the Court to resolve plaintiff's additional motions. Accordingly, those motions shall be denied as moot.

---

[3] On November 26, 2007, the plaintiff filed an "addendum" to his amended complaint in which he purports to name several additional individuals and entities as defendants, all of whom are either domiciled or have their principal place of business in Texas. Plaintiff never sought permission under the federal or local rules to add new parties, nor did he ever request the issuance of summons for any of the newly named parties. Therefore, they are not properly before this Court.

**IV. Conclusion**

Based on the foregoing, defendants' motions to dismiss are **GRANTED**. Further, plaintiff's complaint with respect to Cecelia Burke and Rique Bobbitt shall be **DISMISSED** for want of prosecution. All remaining motions are **DENIED** as moot. An appropriate order accompanies this Memorandum Opinion.

**Signed:**    **Emmet G. Sullivan**
              **United States District Judge**
              **March 7, 2008**